UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 24-10259-DJC |
| | ) | |
| MATTHEW FARWELL, | ) | |
| | ) | |
| Defendant | ) | |

ASSENTED-TO MOTION FOR A PROTECTIVE ORDER

Now comes the United States, through counsel, and hereby requests that the Court enter a protective order restricting the use and dissemination of information in this case, as set forth below.

1.     Defendant Matthew FARWELL was charged by indictment on August 27, 2024, with one count of killing a person with intent to prevent the communication to law enforcement information relating to the commission or possible commission of a federal crime in violation of 18 U.S.C. § 1512(a)(1)(C). ECF 1.

2.     The government intends to produce to the "defense team" (defined below) certain discovery in this case (referred to as the "Protected Information").  The government anticipates that the Protected Information will include (a) crime scene photographs depicting the body of S.B.; (b) autopsy photos of S.B; (c) phone and laptop extractions of S.B., from which it would be impractical or impossible to redact all identifying information contained therein; (d) medical records of S.B.; (e) law enforcement reports identifying witnesses by name.

3.     The government proposes that for the selected categories of items listed above, the defendant be permitted to review such materials only in the presence of counsel or members of the defense team.  The government will take pains to provide redacted copies of materials in

subcategory (e) and distinct excerpts from subcategory (c) for the defendant's unrestricted access to enable him to review those materials more expeditiously on his own.

4.     The purpose of this proposed protective order is to prevent the unauthorized dissemination or distribution of this Protected Information which the government believes will expose the victim or witnesses to significant safety and/or privacy risks.

5.     The Protected Information that the government produces to the defense pursuant to the proposed protective order is solely for the use of the defendant, his attorneys, or other individuals or entities acting within the attorney-client relationship to prepare for trial in this case.

6.     Accordingly, the government requests a protective order that will permit the government to produce discovery related to the victim and witnesses but preserves the privacy and security of the victim and witnesses by placing limitations on the use of discovery and on defendant's access to the discovery without defense counsel present, pursuant to Fed. R. Crim. P. 16(d)(1) and 18 U.S.C. § 3509(d)(3) to the extent applicable.

7.     The government represents that the following conditions, if endorsed by the Court, will serve the government's interest in preserving the privacy and safety of the victim and witnesses, while permitting the defense to view the government's evidence against the defendant:

a.     In this case, the term "Protected Information" refers to items listed in paragraph 2 and any document or information that identifies (by name or any other identifying feature) and/or depicts the victim or witnesses in this case and is marked and/or designated as "Protected Information" and produced to the defense team pursuant to the Protective Order.

b.     For purposes of the Protective Order, the term "defense team" refers to (1) defendant's counsel of record, (2) other attorneys at defense counsel's law firm or offices who may be consulted regarding case strategy in the above-captioned matter,

(3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case—all of whom have been advised of their obligations under the Protective Order and have affirmed to the defendant's counsel of record that they agree to be bound by the terms of the Protective Order.  The term "defense team" does not include the defendant, the defendant's family members, or any other associates of the defendant.  The parties agree that members of the defense team, as described above, may discuss and show protected materials to Attorneys Patrick Hanley and Brian Welsh.  Should either of those attorneys seek to retain a copy of protected material, counsel of record will consult with the Government and seek leave of Court to provide.

c.      Defendant's counsel of record shall agree to advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any materials subject to the Protective Order.

d.      The government is authorized to provide defendant's counsel of record with Protected Information marked with the following legend: "CONTENTS SUBJECT TO PROTECTIVE ORDER."  If the defendant objects to any such designation, they may do so by application to the Court upon duly noticed motion, after first attempting in good faith to resolve their objection(s) with the government.

e.      The defendant may review Protected Information in this case only in the presence of his counsel of record or another member of the defense team.  Counsel of record shall ensure that the defendant is never left alone with any discovery subject to the Protective

Order.  The defendant may see and review Protected Information in the presence of his counsel of record or her designees as authorized under the Protective Order, but the defendant may not copy, keep, maintain, or otherwise possess any of such Protected Information, or any portion thereof, at any time. The defendant must return any Protected Information to his counsel of record at the conclusion of any meeting at which the defendant viewed the Protected Information.  The defendant may not take any Protected Information out of the room in which he meets with his counsel of record.  The defendant may not write down or memorialize any materials contained in the Protected Information. At the conclusion of any meeting with the defendant, defendant's counsel of record shall take with her all Protected Information.  At no time, under no circumstance, will any Protected Information be left in the possession, custody, or control of the defendant, whether he is incarcerated or not.

f.      The defense team shall not permit anyone other than the defense team to have possession of Protected Information, including the defendant.

g.      The defense team shall access and use Protected Information for the sole purpose of preparing for trial or any related proceedings in this case.  The defense team may review Protected Information with witnesses or potential witnesses in this case, including the defendant, subject to the requirement above that defense counsel must be present if Protected Information is being shown to the defendant.  Protected material may be shown to or discussed with potential witnesses only in the presence of a member of the defense team. No witness or potential witness may retain Protected Information, or any copy thereof, after his or her review of those materials with the defense team is complete.

h.      The defense team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than defense team members and the defendant as restricted above to see Protected Information, (2) not divulging to anyone, except as provided in paragraph (g) above, the contents of Protected Information, and (3) not permitting Protected Information to be outside the defense team's offices, homes, vehicles, or personal presence.

i.      To the extent that notes are made that memorialize, in whole or in part, the Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become Protected Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

j.      The defense team shall use Protected Information and materials only for the defense of Mr. Farwell in this matter and for no other purpose.  That includes any appeals filed by the defendant and any motions filed by the defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Protected Information with the Court or divulge the contents of such materials in court filings, the filing party shall move the Court for an order authorizing filing under seal, unless relief from the restrictions imposed in the protective order are first obtained from the Court.  If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other parties to afford such parties an opportunity to object or otherwise respond to such intention.  If the other parties do not object to the proposed filing, the party seeking to file such information shall make all reasonable attempts to limit the disclosure of Protected Information materials.

k.      Upon the final disposition of this case, any Protected Information materials shall not be used, in any way, in any other matter, absent a court order.  All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order.

l.      In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any Protected Information may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the defense team's custodian of materials designated subject to the Protective Order and who shall then become responsible for returning to the government or certifying the destruction of all Protected Information materials upon the conclusion of appellate and post-conviction proceedings.

m.      Documents produced by the government in discovery will not be subject to this Protective Order unless they are marked or otherwise designated by the government with the legend "CONTENTS SUBJECT TO PROTECTIVE ORDER."

n.      The parties shall not disclose the identity of any witness, other than S.B., who has been publicly named, in any public court filing.

8.      Defense counsel has indicated that she assents to the government's proposed order. The parties reserve the right to move the Court for a modification of the terms of the Protective Order in the future.

Accordingly, the government requests that this motion be granted and that the Court enter a protective order in the form submitted herewith.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:    /s/ Elizabeth Riley
ELIZABETH C. RILEY
BRIAN A. FOGERTY
TOREY B. CUMMINGS
Assistant U.S. Attorneys

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 9, 2024.

<u>/s/ Elizabeth Riley</u>
ELIZABETH C. RILEY
Assistant U.S. Attorney