UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 24-CR-10259-MPK-DJC |
| | ) | |
| MATTHEW FARWELL, | ) | |
| | ) | |
| Defendant | ) | |

**JOINT INITIAL STATUS REPORT**

Pursuant to Local Rule 116.5(a), the parties state as follows:

**(1)    Status of Automatic Discovery and Pending Discovery Requests**

The government produced automatic discovery on September 25, 2024 (Bates Stamped USAO 000001-USAO 016698). Additional discovery was produced by the government on September 24, 2024 and October 1, 2024. Defendant has not yet produced any discovery to the government. The government has requested reciprocal discovery under Fed. R. Crim. P. 16(b) and Local Rule 116.1(D).

The defense made discovery requests specific to the filter protocol and search of certain electronic devices on September 24, 2024 and is awaiting the government's response. The defense has yet to make additional discovery requests, as its review of the discovery produced by the government on September 25th is ongoing.

**(2)    Timing of Any Additional Discovery to Be Produced**

The government has produced voluminous discovery that, in its view, goes beyond its obligations under the federal and local rules. The government is continuing to review additional discovery and will produce those materials on a rolling basis. As the government obtains additional Rule 16 discovery, it will provide it to defendant pursuant to Local Rule 116.7.

1

The parties have identified the need for a filter review of at least two pieces of electronic evidence that contain privileged communications. As stated above, the defense is awaiting the government's response to requests relating to the filter protocol and will file a motion with the Court requesting further relief if need be.

**(3)     Timing of Any Additional Discovery Requests**

Defendant is still reviewing the materials produced thus far and has not yet made any discovery requests beyond those described above. The defense reserves the right to make additional discovery requests after its review of the discovery produced to date is complete.

**(4)     Protective Orders**

The government filed a motion for a protective order with the defendant's assent, and a protective order was entered by the Court on September 9, 2024 (ECF No. 22).

**(5)     Pretrial Motions Under Fed. R. Crim. P. 12(b)**

The defendant is reviewing the discovery materials and evaluating the merits of any motions under Fed. R. Crim. P. 12(b). It is too early to determine the timing of any pretrial motions.

**(6)     Timing of Expert Witness Disclosures**

Should expert testimony prove necessary, the government agrees to make the requisite expert witness disclosures 90 days before trial; the defendant agrees to make reciprocal disclosures 60 days before trial; and the government agrees to make disclosures regarding rebuttal experts, if any, 30 days before trial.

The government intends to notice expert testimony regarding DNA testing in this case and has provided the results of preliminary DNA testing to counsel in its September 25, 2024

discovery production. Additionally, the government intends to notice expert testimony from Dr. William Smock and has produced his CV, supporting materials, and preliminary report in its September 25, 2024 discovery production.

**(7) Speedy Trial Act Calculation**

The 70-day period specified in 18 U.S.C. § 3161(c)(1) commenced on August 28, 2024. The Court excluded all time between August 30, 2024 and October 17, 2024 (ECF No. 15). Pursuant to 18 U.S.C. § 3161(h)(7), the parties jointly move the Court to also exclude August 28, 2024 – August 30, 2024 from the Speedy Trial Act calculations so that no non-excludable delays will have elapsed, and 70 days will remain on the Speedy Trial clock.

**(8) Timing of an Interim Status Conference**

The parties request that the Court convene an interim status conference in approximately 60 days or at a date thereafter that is convenient for the Court. The parties ask the Court to exclude the period until that conference under 18 U.S.C. § 3161(h)(7) in order that the defendant may have adequate time to review discovery. The defendant agrees to exclude the time between October 17, 2024 and the date of the interim status conference from the Speedy Trial calculation.

Respectfully submitted, this 10th day of October 2024,

MATTHEW FARWELL,
Defendant

*/s/ Jane Peachy*
Jane Peachy
Sandra Gant
Counsel for Defendant

JOSHUA S. LEVY
Acting United States Attorney

*/s/ Torey B. Cummings*
Torey Cummings
Elizabeth Riley
Brian Fogerty
Assistant U.S. Attorneys

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 10, 2024, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

<div style="text-align:right">

<u>*/s/ Torey B. Cummings*</u>
Torey B. Cummings
Assistant U.S. Attorney

</div>