UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 24-CR-10259-MPK-DJC |
| | ) | |
| MATTHEW FARWELL, | ) | |
| | ) | |
| Defendant | ) | |

**JOINT INTERIM STATUS REPORT**

Pursuant to Local Rule 116.5(a), the parties state as follows:

**(1)    Status of Automatic Discovery and Pending Discovery Requests**

The government produced automatic discovery on September 25, 2024 (Bates Stamped

USAO 000001-USAO 016698). Additional discovery was produced by the government on

September 24, 2024, October 1, 2024, and October 18, 2024 (through USAO 16876).   Since our

last report to the Court, the parties have been negotiating discovery requests without the need for

Court intervention.   The Government has produced additional discovery pursuant to defense

requests in December 2024 and January 2025 (Bates Stamp 16877-34471).   Defendant has not

yet produced any discovery to the government. The government has requested reciprocal

discovery under Fed. R. Crim. P. 16(b) and Local Rule 116.1(D).

Given the significant early discovery that the government has recently produced to the

defense and the progress made working through such voluminous discovery, the parties are

requesting that the Interim Status date be continued for a period 60 days.

**(2)    Timing of Any Additional Discovery to Be Produced**

The government has produced voluminous discovery that, in its view, goes beyond its

obligations under the federal and local rules. The government is continuing to review additional

1

discovery and will produce those materials on a rolling basis. As the government obtains

additional Rule 16 discovery, it will provide it to defendant pursuant to Local Rule 116.7.

The parties have identified the need for a filter review of at least two pieces of electronic

evidence and an iCloud account that contain privileged communications.    The government has

proposed a filter protocol and is awaiting the defendant's response regarding its agreement with

the protocol and specific filter terms.   The parties anticipate reaching an agreement on this

matter without Court intervention but will file a motion with the Court requesting further relief if

need be.

**(3)    Timing of Any Additional Discovery Requests**

The defense requested numerous items of discovery on November 27, 2024, and, as noted

above, the government has produced additional discovery pursuant to those requests. The

defense anticipates making additional discovery requests after its review of the discovery

produced to date is complete.

**(4)    Protective Orders**

The government filed a motion for a protective order with the defendant's assent, and a

protective order was entered by the Court on September 9, 2024 (ECF No. 22).

**(5)    Pretrial Motions Under Fed. R. Crim. P. 12(b)**

The defendant is reviewing the discovery materials and evaluating the merits of any

motions under Fed. R. Crim. P. 12(b). It is too early to determine the timing of any pretrial

motions.

**(6)    Timing of Expert Witness Disclosures**

Should expert testimony prove necessary, the government agrees to make the requisite expert witness disclosures 90 days before trial; the defendant agrees to make reciprocal disclosures 60 days before trial; and the government agrees to make disclosures regarding rebuttal experts, if any, 30 days before trial.

**(7)    Speedy Trial Act Calculation**

The 70-day period specified in 18 U.S.C. § 3161(c)(1) commenced on August 28, 2024. The Court excluded all time between August 30, 2024 and October 17, 2024 (ECF No. 15), all time between October 17, 2024 and December 3, 2024 (ECF No. 26), and all time between December 3, 2024 and February 5, 2025.   (ECF No. 30).

**(8)    Timing of an Interim Status Conference**

The parties request that the Court convene a further interim status conference in approximately 60 days or at a date thereafter that is convenient for the Court. The parties ask the Court to exclude the period until that conference under 18 U.S.C. § 3161(h)(7) in order that the defendant may have adequate time to review discovery. The defendant agrees to exclude the time between February 5, 2025, and the date of the interim status conference from the Speedy Trial calculation.

Respectfully submitted, this 29th day of January 2025,

MATTHEW FARWELL,                         LEAH B. FOLEY
Defendant                                United States Attorney

*/s/ Jane Peachy*                         */s/ Elizabeth Riley*
Jane Peachy                              Elizabeth Riley
Sandra Gant                              Brian A. Fogerty
Counsel for Defendant                    Torey B. Cummings
                                         Assistant U.S. Attorneys

3

CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2025, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Elizabeth Riley
Elizabeth Riley
Assistant U.S. Attorney