UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

NO. 24-CR-10259-DJC

v.

MATTHEW FARWELL,
Defendant.

ORDER ON EXCLUDABLE DELAY

KELLEY, U.S.M.J.

Defendant had an interim status conference today, February 10, 2025. Discovery is ongoing. The government is presently considering requests for discovery made by the defendant last week. The parties are working cooperatively to wrap up discovery in the case. The case is continued for a further interim status conference to April 15, 2025, at 10:00 a.m.

With the assent of the parties, it is hereby ORDERED that, pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A), interests of justice, the case will be continued and time will be excluded under the Speedy Trial Act so that the defendant  may continue preparing for the disposition of the case.  The Clerk of this Court shall enter excludable time for the period from February 10, 2025, up to and including April 15, 2025.[1]

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The

/s/ M. Page Kelley
M. PAGE KELLEY
United States Magistrate Judge

parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).