UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Docket No. 1:24-cr-10259-DJC |
| v. | ) |
| | ) |
| MATTHEW FARWELL | ) |

**ASSENTED-TO MOTION FOR AN ORDER REGARDING
INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION**

Now comes Matthew Farwell, by and through undersigned counsel, and with the assent of the government, and requests that this Court issue an order pursuant to Fed. R. Evid. 502(d) and (e), the Fourth, Fifth and Sixth Amendments to the United States Constitution, and this Court's inherent supervisory power, regarding the inadvertent disclosure of privileged material. Specifically, where the parties have agreed to a filter protocol[1] for the review and excising of privileged information on digital device(s) and extraction(s), Mr. Farwell seeks an order governing the use and resolution of any inadvertently produced material provided pursuant to the parties' agreed-upon filter protocol. Pursuant to Local Rule 7.1, undersigned counsel has conferred with the government and understands that it assents to the relief requested herein.

By way of background, the parties have agreed to a filter protocol for the review of privileged material on a cell phone and two iCloud accounts. That agreed-upon filter protocol provides that: the government will produce to the defense unfiltered versions of a cell phone and two iCloud accounts; the defense will conduct its own filter review for privileged material and create a privilege log accessible only to an assigned "filter AUSA"; once complete, the defense will provide to the prosecution team the filtered versions of the phone and two iCloud accounts;

---

[1] By agreeing to a filter protocol for the search of the device and materials, Mr. Farwell does not waive any challenge to the search warrants sought and obtained by the government for these items.

and the parties will revisit the filtered material at a later date, should that become necessary. The defense has completed its filter review of the material obtained from the two iCloud accounts and is presently ready to provide filtered versions of the iCloud account material to the prosecution team. The defense requested additional time to complete its filter review of the cell phone, due to the volume of material and issues related to staffing and the federal government shutdown in October and November 2025.

With respect to the filtered versions of the two iCloud accounts and the cell phone to be provided to the prosecution team, the defense seeks an order under Fed. R. Evid. 502 establishing a process for review, and associated protections for, any Inadvertently Produced material. Specifically, Rule 502(b) provides :

> **Inadvertent Disclosure.** When made in a federal proceeding or to a federal office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if:
> **(1)** the disclosure is inadvertent;
> **(2)** the holder of the privilege or protection took reasonable steps to prevent disclosure; and
> **(3)** the holder promptly took reasonable steps to rectify the error[.]

Fed. R. Evid. 502(b)(1)-(3).

Here, "Inadvertently Produced Material" is an item produced pursuant to the parties' agreed-upon filter protocol to which a claim of privilege applies. As outlined in the Proposed Order attached hereto, the inclusion of any Inadvertently Produced Material in a production does not constitute the waiver of any privilege or protection associated with such document, nor does it result in a subject matter waiver. Moreover, the defense also seeks an order pursuant to Fed. R. Evid. 502(d), which indicates that a federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court or in any other federal or state proceeding.

Wherefore, Mr. Farwell, by and through his counsel, requests that this Court issue an order governing the use and resolution of any inadvertent produced material subject to the parties' agreed-upon filter protocol.

Dated: 1/17/26

Respectfully submitted,

MATTHEW FARWELL,
By his attorneys,

*/s/ Joanne M. Daley*
Joanne M. Daley, BBO # 653375
Sandra Gant, BBO # 680122
Kimberly C. Stevens, NC State Bar # 20156
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061
Joanne_daley@fd.org

**CERTIFICATE OF SERVICE**

I, Joanne Daley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on January 17, 2026.

*/s/ Joanne M. Daley*
Joanne M. Daley