UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )  <br> ) Docket No. 1:24-cr-10259-DJC <br> v. ) <br> ) <br> MATTHEW FARWELL ) | |

### [~~PROPOSED~~] ORDER REGARDING
### INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION

The parties having agreed to a filter protocol for the review and excising of privileged information on digital device(s) and extraction(s), this Court orders the following with respect to any Inadvertent Produced Material under the parties' agreed-upon filter protocol:

1. For purposes of this Order, "Inadvertently Produced Material" is an item produced pursuant to the parties' agreed-upon filter protocol to which a claim of privilege applies.

2. Inclusion of any Inadvertently Produced Material in a production does not constitute the waiver of any privilege or protection associated with such document, nor does it result in a subject matter waiver.

3. Upon the discovery and/or receipt of notice of any Inadvertently Produced Material in a production by any party:

    a. The discovering party shall immediately notify its counterpart in writing.

    b. The government shall immediately cease its review of the Inadvertently Produced Material and not use or disclose the information until the issue and/or claim of privilege is resolved.

    c. The defense shall review the Inadvertently Produced Material and notify the government within five (5) business days of either discovery or notice of Inadvertently Produced Material in a production if it is asserting privilege as to

    that material. If the defense asserts privilege as to that material, and if there is no dispute as to the privilege, the parties agree to excise the Inadvertently Privileged Material from the production.

    d. Any dispute as to the privilege applicable to the Inadvertently Privileged Material shall be resolved by the Court after an *in camera* review of the Inadvertently Privileged Material.

4. The defendant's disclosure, in connection with this case and pursuant to the parties agreed-upon filter protocol, shall not constitute a waiver of any applicable privilege either in this litigation or in any other federal or state proceeding. *See* Fed. R. Evid. 502(d).

So Ordered this  20th  day of January 2026.

*Denise J. Casper*
HON. DENISE J. CASPER
Chief United States District Judge