**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Docket No. 1:24-cr-10259-DJC |
| v. | ) | |
| | ) | |
| MATTHEW FARWELL | ) | |

<u>**MOTION TO DISMISS**</u>
<u>**FOR FAILURE TO STATE AN OFFENSE AND LACK OF SPECIFICITY**</u>

Matthew Farwell, through undersigned counsel, pursuant to the Fifth and Sixth Amendments to the United States Constitution, and Federal Rules of Criminal Procedure 7, 12(b)(3)(B)(iii), and 12(b)(3)(B)(v), moves this Court for an order dismissing the indictment. As grounds, the Superseding Indictment fails to state a federal offense and lacks specificity by failing to provide a plain, concise, and definite written statement of the essential facts constituting the offenses charged.  Specifically, the indictment fails to allege a fact essential to establishing federal jurisdiction: that there was a reasonable likelihood that any communication the defendant allegedly prevented would have been to a law enforcement officer or judge of the United States.

I.    **Background**

This case arises from the death of Sandra Birchmore in Canton, Massachusetts in February 2021. The Massachusetts Office of the Chief Medical Examiner conducted a full autopsy and later pronounced her cause of death to be asphyxia by hanging and ruled the manner of death a "suicide (hanged herself)." In late August 2024 – more than three and a half years after Ms. Birchmore's death and after a Massachusetts State Police investigation resulted in no criminal charges – the federal government charged Mr. Farwell by indictment with killing a witness/victim, in violation of 18 U.S.C. § 1512(a)(1)(C). D.E. 1. Mr. Farwell was first arraigned on August 28, 2024, and pleaded Not Guilty to the one-count indictment. D.E. 13. More than a year later, in October 2025,

the government superseded with an indictment charging killing a witness/victim, in violation of 18 U.S.C. § 1512(a)(1)(C) and thereby causing the death of a child in utero, in violation of 18 U.S.C. § 1841. D.E. 63. Mr. Farwell was arraigned on the superseding indictment on November 21, 2025, and again pleaded Not Guilty. D.E. 74.

As explained below, the Superseding Indictment – like the original indictment in this case – is sparse, with a "General Allegations" section containing some additional claims.[1] Crucially, the Superseding Indictment fails to provide facts establishing federal jurisdiction and fails to provide the essential facts constituting an offense under § 1512(a)(1)(C). Even when taken together with the discovery provided thus far, the charging document fails to provide the necessary details to enable Mr. Farwell to prepare a defense.

## II.    The Superseding Indictment and Factual Allegations

The Superseding Indictment alleges as to Count One that on or about February 1, 2021, in Canton, in the District of Massachusetts, Matthew Farwell:

> did kill Sandra Birchmore, a person known to the Grand Jury, with malice aforethought, willfully, deliberately, maliciously, and with premeditation, and with the intent to prevent the communication by any person to a law enforcement officer of information relating to the commission or possible commission of a federal offense, to wit, commission or possible commission of the federal offenses of Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242, Coercion and Enticement, in violation of 18 U.S.C. § 2422(b), and Wire Fraud, in violation of 18 U.S.C. § 1343.

> All in violation of Title 18, United States Code, Section 1512(a)(1)(c).

D.E. 63, Superseding Indictment, ¶11. As to Count Two, the Superseding Indictment alleges that on or about February 1, 2021, in Canton, in the District of Massachusetts, Mr. Farwell "did engage in conduct that violated 18 U.S.C. § 1512 and thereby caused the death of a child in utero at the

---

[1] Even though Mr. Farwell disagrees with some of the facts asserted in the indictment, he relays them here for the purposes of this motion only and does not concede that any "facts" or allegations are true or accurate.

time the conduct took place. All in violation of Title 18 United States Code, Section 1841(a)(1), (a)(2)(A) and (a)(2)(C)." *Id.* at ¶ 13.

Missing from the Superseding Indictment and the information thus far disclosed are necessary details regarding multiple elements of the offenses charged, including failing to provide details regarding the acts constituting the alleged "intent" related to preventing communication to law enforcement, and the reasonable likelihood that any communication prevented would have been to a federal law enforcement officer or a federal judge. It fails to identify the person whose communication the defendant sought to prevent. Assuming arguendo that individual is Ms. Birchmore or her friend described in paragraph 7 of the Superseding Indictment, the government puts forth no allegations of that person's cooperation with law enforcement, the "commission or possible commission of the federal offenses" described in the indictment, and any nexus between the communication prevented and any investigation into the commission or possible commission of the described federal offenses.[2] The Superseding Indictment also fails to allege whatsoever that the putative communication would have been made to a law enforcement officer "of the United States" as required by the statute. *See* 18 U.S.C. § 1512(a)(1)(C).

## III.    Argument

The Fifth Amendment to the Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury[.]" U.S. Const. amend. V. The Sixth Amendment further mandates that an accused person has the right "to be informed of the nature and cause of the accusation[.]" U.S. Const. amend VI. To satisfy these constitutional requirements, "[t]he indictment should be specific enough to notify the

---

[2] The government may ultimately argue that the answers to these questions lie in the discovery it has produced, but they do not. Furthermore, as explained below, when assessing the sufficiency of an indictment the Court must look only to the face of the indictment.

defendant of the nature of the accusation against him and to apprise the court of the facts alleged." *United States v. Brown*, 295 F.3d 152, 154 (1st Cir. 2002). The allegations must be sufficient to allow the defendant to prepare a defense and plead double jeopardy in any future prosecution for the same offense. *United States v. Guerrier*, 669 F.3d 1, 3 (1st Cir. 2011); *Hamling v. United States,* 418 U.S. 87, 117 (1974) (an indictment "must be accompanied with such a statement of facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.") (internal citation omitted). These constitutional requirements coalesce in Rule 7(c)(1), which states: "The indictment or information must be a plain, concise, and definite written statement" of the offense charged. Fed. R. Crim. P. 7(c)(1). These requirements were "designed not alone for the protection of the defendant, but for the benefit of the prosecution as well, by making it possible for courts called upon to pass on the validity of convictions under the statute to bring an enlightened judgment to that task." *Russell v. United States*, 369 U.S. 749, 769 (1962).

For purposes of a motion to dismiss, the court must look to the face of the indictment and assume that the factual allegations made therein are true. *United States v. Sampson*, 371 U.S. 75, 76 (1962); *Guerrier*, 669 F.3d at 3-4. *See also United States v. Hitt*, 249 F.3d 1010, 1016 (D.C. Cir. 2001) ("Adherence to the language of the indictment is essential because the Fifth Amendment requires that criminal prosecutions be limited to the unique allegations of the indictment returned by the grand jury."). "[A]n indictment is ripe for dismissal if the facts demonstrate that, as a matter of law, the prosecution will not be able to prove each of the elements of the charged offense." *United States v. Sidoo*, 471 F. Supp. 3d 369, 376 (D. Mass. 2020).

The Court should dismiss Count One because the Superseding Indictment fails to state an offense, *see* Fed. R. Crim. P. 12(b)(3(B)(v), and lacks the required specificity, *see* Fed. R. Crim. P.

12(b)(3)(B)(iii). Because Count Two is inextricably tied to a violation of a predicate offense – in this case, Count One charging a violation of 18 U.S.C. § 1512 – this Court's review of the sufficiency of the indictment rises and falls on Count One; dismissal of Count One would necessitate the dismissal of Count Two. *See* 18 U.S.C. § 1841(a)(1) and (b)(1).

### A. Count One fails to state a federal offense under Fed. R. Crim. P. 12(b)(3)(B)(v) because it fails to allege a fact essential to establishing federal jurisdiction: that there was a reasonable likelihood that any communication the defendant allegedly prevented would have been to a law enforcement officer or judge of the United States.

Although Count One of the Superseding Indictment tracks some of the statutory language of 18 U.S.C. § 1512(a)(1)(C), it fails to allege facts essential to establishing federal jurisdiction and, therefore, fails to state a federal offense. Fed. R. Crim. P. 12(b)(3)(B)(v). *See Russell*, 369 U.S. at 765 (internal citation omitted) ("An indictment not framed to apprise the defendant 'with reasonable certainty, of the nature of the accusation against him . . . is defective, although it may follow the language of the statute.'"). Where, as here, an indictment repeats broad generically stated statutory text without descending to specific factual allegations, it violates Mr. Farwell's rights under the Fifth and Sixth Amendments and Rule 7(c)(1) of the Federal Rules of Criminal Procedure. *Id.*, citing *United States v. Cruikshank*, 92 U.S. 542, 558 (1875); *United States v. Simmons*, 96 U.S. 360, 362 (1877); and *United States v. Hess*, 124 U.S. 483, 487 (1888). The requirement that an indictment must allege elements together with factual allegations is neither new nor novel. Indeed, more than 150 years ago, the Supreme Court set forth the requirement that "facts are to be stated, not conclusions of law alone." *Cruikshank*, 92 U.S. at 558. *See also Hamling*, 418 U.S. at 117-118 (an indictment "must be accompanied with such a statement of facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.").

It is essential to a conviction under 18 U.S.C. § 1512(a)(1)(C) that there be proof that the communication at issue (i.e., the communication the defendant allegedly sought to prevent), would reasonably likely have been made to a federal law enforcement officer or federal judge. Here, the Superseding Indictment fails to even allege that the offense was committed with the intent to prevent the communication by any person to a law enforcement officer "of the United States," as required under 18 U.S.C. § 1512(a)(1)(C). The statute's requirement that the communication be to a *federal* law enforcement officer is a necessary element of the offense; it is neither surplusage nor is it redundant with the requirement that the subject of the communication be a federal crime. *See Fowler v. United States*, 563 U.S. 668, 683-84 (2011) (Scalia J., concurring) (rejecting the notion that the "of the United States" provision in 18 U.S.C. § 1512(a)(1)(C) is superfluous). *See also* 18 U.S.C. § 1512(g)(2) (specifying, for purposes of prosecution under § 1512, that "the law enforcement officer is an officer or employee of the Federal Government or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an adviser or consultant."). The complete omission of this statutory element renders the Superseding Indictment fatally defective and it must be dismissed. *See Hamling*, 418 U.S. at 117 (indictment is sufficient if it "set[s] forth all the elements necessary to constitute the offence intended to be punished") (internal citation omitted); *United States v. Parigian*, 824 F.3d 5, 9 (1st Cir. 2016) (same, internal quotation omitted); *United States v. Brown*, 295 F.3d 152, 154 (1st Cir. 2002); *Cochran v. United States*, 157 U.S. 286, 290 (1895) ("the true test is, not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet[.]"). *See also* Fed. R. Crim. P. 12(b)(3)(B)(v).

Moreover, as charged, Count One is overly expansive, suggesting a grand jury might have indicted and a trial jury could convict if the defendant intended to prevent communication to law enforcement in general without any likelihood that the communication would have been to federal law enforcement. This is precisely what the Supreme Court cautioned against in *Fowler* when it explained that expanding § 1512(a)(1)(C)'s intent element to preventing communications to law enforcement "in general" would sweep in "many instances of witness tampering in purely state investigations and proceedings" and would expand the scope of the statute beyond the instances that Congress intended. 563 U.S. at 675. *See also id.*, at 684 (Scalia, J., concurring) (cautioning against construing a federal statute's mens rea requirement in a way that would "federalize crimes" that lack a federal nexus).

In *Fowler*, the Supreme Court, addressing provisions of the witness tampering statute in 18 U.S.C. § 1512(g)(2), considered the case of a defendant convicted under 18 U.S.C. § 1512(a)(1)(C) for killing a state trooper in Florida who stumbled upon a group of men preparing to commit a bank robbery. *Id.* at 670. In reversing the conviction, the Court held that "the government must show more than . . . the intent to prevent communications to law enforcement officers in general." *Id.* at 674. Because the Court sought to avoid "transform[ing] a federally oriented statute into a statute that would deal with crimes, investigations, and witness tampering that, as a practical matter, are purely state in nature," it held:

> [T]he government must show a *reasonable likelihood* that, had, *e.g.*, the victim communicated with law enforcement officers, at least one relevant communication would have been made to a federal law enforcement officer. That is to say, where the defendant kills a person with an intent to prevent communication with law enforcement officers generally, that intent includes an intent to prevent communications with *federal* law enforcement officers only if it is reasonably likely under the circumstances that (in the absence of the killing) at least one of the relevant communications would have been made to a federal officer.

*Id.* at 677-78 (emphasis in original). *Fowler* additionally held that the government must show that "the likelihood of communication to a federal officer was more than remote, outlandish, or simply hypothetical." *Id.* at 678; *see United States v. Tyler*, 732 F.3d at 252 (emphasis in original) (quoting *United States v. Lopez*, 372 F.3d 86, 92 (2d Cir. 2004), *vacated on other grounds by* 544 U.S. 902 (2005)) (holding that for charge under § 1512(a)(1)(C), government "must establish a *reasonable likelihood* that the person whom defendant believes may communicate with law enforcement *would* in fact make a relevant communication with a federal law enforcement officer" and that to "establish this reasonable likelihood, 'there must be evidence – not merely argument' […] of the witness's cooperation with law enforcement"). To be clear, Mr. Farwell denies killing Ms. Birchmore; and the Government fails to properly allege that any killing was committed to prevent at least one relevant communication to a federal officer.

While the Supreme Court in *Fowler* may not have added an element to an offense under § 1512(a)(1)(C), it identified, at a minimum, an "essential fact[] constituting the offense." Fed. R. Crim. P. 7(c)(1). *But see Fowler*, 563 U.S. at 685 (Alito, J., dissenting) ("[T]he Court has effectively amended the statute by adding a new element."). Essential facts are those facts that "will inform the accused of the specific offense, coming under the general description, with which he is charged," and those facts necessary for a grand jury to "determine what the question under inquiry was." *Russell*, 369 U.S. at 770. These are facts that must be pleaded in an indictment because, absent these facts, it would be nothing but a "subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment" and the defendant "could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him," which "would deprive [him] of a basic protection which the guaranty of the intervention of a grand jury was designed to secure." *Id.* Absent the fact establishing federal

jurisdiction – that is, whether the communication the defendant sought to prevent reasonably likely would have been to federal law enforcement – it cannot be known whether the grand jury authorized a valid indictment charging a federal offense.

In *United States v. Ortiz*, in considering the validity of an indictment charging an offense under § 1512(a)(1)(C), the district court ruled that "the reasonable likelihood that there would be communication to federal law enforcement is an essential fact that must be in an indictment." *United States v. Ortiz*, No. 15-cr-00594, 2016 WL 4239370, at *8 (N.D. Cal. Aug. 11, 2016). The court noted that (1) "such information is critical to establish federal jurisdiction" and (2) "the indictment does not guarantee the grand jury considered whether there was a reasonable likelihood of communication with federal law enforcement in the absence of such an averment in the indictment." *Id.* In this district, in *United States v. Baugh*, Judge Saris took the view that the Supreme Court in *Fowler* "did not add a new element to § 1512" but noted that the indictment stated "the relevant factual background, connected to the element, to show a reasonable likelihood of a federal investigation." *United States v. Baugh*, 588 F. Supp. 3d 140, 148 (D. Mass. Mar. 2, 2022). Recognizing a district court split on whether an indictment must specifically allege reasonable likelihood of a communication to a federal law enforcement officer, Judge Saris held that "the indictment need not allege a 'reasonable likelihood' to pass muster." *Id*. Significantly, *Baugh* is not controlling precedent, but what's more, Judge Saris explicitly found that the indictment there appropriately "apprised the Defendants of the charged conduct" where it included specific descriptions of defendants' attempts to conceal their conduct "from state <u>and federal</u> authorities by, among other things, monitoring law enforcement communications, forging records, lying to investigators, and destroying evidence." *Id.* (emphasis in original). *See also United States v. Baugh,* No. 1:20-cr-10263-PBS, D.E. 33 (Indictment) (D. Mass. Nov. 3, 2020). The court found

that "[t]his is enough to put the defendants on notice of the charge that a federal investigation was reasonably likely, that is 'more than remote, outlandish or simply hypothetical." *Baugh*, 588 F. Supp. 3d at 148 (citing *Fowler*, 563 U.S. at 678).

Unlike the indictment in *Baugh*, the Superseding Indictment charging Mr. Farwell fails to include the relevant factual background establishing federal jurisdiction; it fails to allege at a minimum, facts supporting a reasonable likelihood that the communication prevented would have been to a federal law enforcement officer or federal judge. Under *Fowler* and Rule 12(b)(3)(B)(v), the Count One of the Superseding Indictment fails to state a federal offense and, therefore, must be dismissed.

**B. The indictment is defective because in failing to provide a plain, concise, and definite written statement of the essential facts constituting the offense charged, it lacks specificity under Fed. R. Crim. P. 12(b)(3)(B)(iii).**

Independent of the fact that the Superseding Indictment fails to state an offense under Rule 12(b)(3)(B)(v), it also is defective because it lacks the required specificity. Fed. R. Crim. P. 12(b)(3)(B)(iii); *see* Fed. R. Crim. P. 7(c)(1). It fails "sufficiently" to "apprise[] the defendant of what he must be prepared to meet." *Russell*, 369 U.S. at 763 (internation quotation marks and citation omitted); *United States v. Tomasetta*, 429 F.2d 978, 979 (1st Cir. 1970) ("Without sufficient information to identify that conduct which the grand jury has deemed adequate to support an indictment, an accused is at a material disadvantage in meeting the charge against him."). The Superseding Indictment here fails to provide notice to Mr. Farwell that the communication he sought to prevent reasonably likely would have been to federal law enforcement. It fails to provide notice of whose communication Mr. Farwell allegedly sought to prevent. It fails to provide notice of who would have received that communication. This lack of specificity prevents Mr. Farwell from being able to defend against the indictment and from twice being placed in jeopardy for the

same offense. Moreover, the omissions would permit Mr. Farwell to be convicted "on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." *Russell*, 369 U.S. at 770.

Mr. Farwell is left to guess whether the allegation is that he prevented communication from Ms. Birchmore, from her friend described in paragraph 7 of the Superseding Indictment, or from another person. He is left to guess whether the communication he allegedly sought to prevent from this unknown person was to a particular state law enforcement officer or other particular individual who reasonably likely would have communicated with federal law enforcement, or to state law enforcement in general or the general public who reasonably likely would have communicated with federal law enforcement, or to a particular federal law enforcement officer, or to federal law enforcement in general. Assuming arguendo that the call referenced in paragraph 7 of the Superseding Indictment provides the basis for the communication element, it alleges neither a communication or likely communication to federal law enforcement nor even a federal crime. As charged, the "cryptic form of indictment" here leaves the prosecution "free to roam at large – to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial and appeal." *Id.* at 766, 768.

In *Russell*, the court ruled insufficient an indictment under 2 U.S.C. § 192, which criminalizes refusing, when summoned to testify before Congress, "to answer any question pertinent to the question under inquiry." The indictments in *Russell* failed to identify "the question under inquiry," which the court described as a matter "central to every prosecution under the statute." *Id.* at 764. Absent information in the indictment about the "question under inquiry," the defendant was not "apprised," *Id.* at 763, of the nature of his alleged criminal conduct—that is,

without knowing the "question under inquiry," the defendant could not prepare a defense that he had not refused to answer a question pertinent to "the question under inquiry."

Similarly, here, "central" to the jurisdictional component of every prosecution under § 1512(a)(1)(C) is, first, whether the communication prevented would reasonably likely have been communicated to a federal law enforcement officer or federal judge and, second, whether that communication to a federal law enforcement officer or federal judge would have been through a particular individual, whether state law enforcement or otherwise, or through state law enforcement in general or the general public, or directly to a particular federal law enforcement officer or federal law enforcement in general. In addition, "central" to every prosecution under the statute is the identity of the person whose communication the defendant sought to prevent. *See United States v. Tyler*, 732 F.3d 241, 252 (3d Cir. 2013) (emphasis in original) (internal citation omitted) (reversing denial of post-conviction petition by defendant and holding that "the government must establish a *reasonable likelihood* that the person whom the defendant believes may communicate with law enforcement *would* in fact make a relevant communication with a federal law enforcement officer" and that "'there must be evidence – not merely argument' of the witness's cooperation with law enforcement"). Absent these "essential facts," Fed. R. Crim. P. 7(c)(1), in the indictment, Mr. Farwell cannot prepare a defense to meet the charge against him. The Court should dismiss the Superseding Indictment under Rule 12(b)(3)(B)(iii) for lack of specificity.

### IV.    Request for Hearing and Conclusion

For the foregoing reasons, and pursuant to the Fifth and Sixth Amendments to the United States Constitution and Federal Rule of Criminal Procedure 7, the defendant requests that this Court dismiss the Superseding Indictment.

Consistent with Local Rule 7.1(d), Mr. Farwell requests that this Honorable Court hold a hearing and permit oral argument on this motion. Pursuant to Local Rule 7.1(a)(2), undersigned counsel has conferred with the government and understands that it objects to the relief requested herein.

Dated: 1/30/26                                    Respectfully submitted,

                                                 MATTHEW FARWELL,
                                                 By his attorneys,

                                                 */s/ Kimberly C. Stevens*
                                                 Joanne M. Daley, BBO # 653375
                                                 Kimberly C. Stevens, NC State Bar # 20156
                                                 Sandra Gant, BBO # 680122
                                                 Federal Public Defender Office
                                                 51 Sleeper Street, 5th Floor
                                                 Boston, MA 02210
                                                 617-223-8061
                                                 Joanne_daley@fd.org
                                                 Kim_Stevens@fd.org


## CERTIFICATE OF SERVICE

I, Kimberly C. Stevens, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on January 30, 2026.

                                                 */s/ Kimberly C. Stevens*
                                                 Kimberly C. Stevens