UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW FARWELL<br><br>Defendant | CRIMINAL No. 24-10259-DJC |

**GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS
FOR FAILURE TO STATE AN OFFENSE AND LACK OF SPECIFICITY**

The United States of America, by Leah B. Foley, United States Attorney, and Elizabeth C. Riley, Brian A. Fogerty, and Torey B. Cummings, Assistant U.S. Attorneys for the District of Massachusetts, opposes defendant Matthew Farwell's motion to dismiss for failure to state an offense and lack of specificity, pursuant to Fed. R. Crim. P. 7, 12(b)(3)(B)(iii) and 12(b)(3)(B)(v). ECF No. 90.

Farwell argues that the Superseding Indictment fails to state an offense and lacks the required specificity because it does not identify a federal law enforcement officer to whom the victim would have reported the defendant's underlying federal offenses. He also argues that the Superseding Indictment should have included specific language from the Supreme Court's construction of the intent element of 18 U.S.C. § 1512(a)(1)(C) in *Fowler v. United States*, 563 U.S. 668 (2011). And challenging the degree of specificity, Farwell contends that the Superseding Indictment should have included a litany of facts to enable him to pinpoint the precise, yet concededly theoretical, communication that would have occurred had he not killed Sandra Birchmore. ECF No. 90 at 11. None of Farwell's attacks on the Superseding Indictment reveal a deficiency.

First, the Superseding Indictment does identify a federal officer as the putative target of communications regarding Farwell's underlying crimes. It alleges that Farwell killed Birchmore intending to prevent "the communication by any person to a law enforcement officer of information relating to the commission or possible commission of a federal offense." ECF No. 63, ¶ 11. The term "law enforcement officer" is defined by statute as "an officer or employee of the Federal Government, or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an advisor or consultant (A) authorized under law to engage in or supervise the prevention, detection, investigation, or prosecution of an offense; or (B) serving as a probation or pretrial services officer under this title." *See* 18 U.S.C. § 1515(a)(4). In other words, the Superseding Indictment's "law enforcement officer," as a matter of law, only includes federal law enforcement officers. *See United States v. Cefaratti*, 221 F.3d 502, 507–08 (3d Cir. 2000) (holding "an indictment that charges a legal term of art 'sufficiently charges the component parts of the term.'") (*quoting United States v. Wicks*, 187 F.3d 426, 429 (4th Cir. 1999)); *cf. United States v. Thompson*, 1:24-cr-10107-JEK, 2024 U.S. Dist. LEXIS 228684, *8–10 (D. Mass. Dec. 18, 2024) (citing statutory definition of "minor" to support holding that indictment alleged that child pornography victim was a person and not AI-generated). Accordingly, the Superseding Indictment does allege that the communication would be to a federal official, and omission of the clause "of the United States" was proper.

Second, the Superseding Indictment need not allege the Supreme Court's "reasonable likelihood" construction of the statute's intent element. *See Fowler*, 563 U.S. at 677–78. As a threshold matter, "[a]n indictment is generally constitutionally adequate if it 'specifies the elements of the offense charged, fairly apprises the defendant of the charge against which he must defend, and allows him to contest it without fear of double jeopardy.'" *United States v. Coleman*,

149 F.4th 1, 17 (1st Cir. 2025) (quoting *United States v. Savarese*, 686 F.3d 1, 6 (1st Cir. 2012)). Indeed, as this Court has held, "[i]f an indictment 'describes all of the elements of the charged offense using the words of the relevant criminal statute,' it is usually sufficient for purposes of surviving a motion to dismiss." *United States v. Sebastian*, No. 20-cr-10170-DJC, 2023 U.S. Dist. LEXIS 30001, at *1 (D. Mass. Feb. 23, 2023) (citing *United States v. Wells*, 766 F.2d 12, 22 (1st Cir. 1985)). Moreover, the First Circuit has held that while courts' construction of statutory language "inform an interpretation of the statute, they are simply judicial gloss on the statutory text. A judicial gloss, though helpful in interpreting a criminal statute, need not be included verbatim in the charging document." *United States v. Troy*, 618 F.3d 27, 35 (1st Cir. 2010); *see also United States v. Diaz-Colon*, 607 F. Supp. 3d 136, 147 (D.P.R. 2022) (holding defendant "would have the indictment include statutory interpretations from sister jurisdictions. This proposition is patently wrong."). In *Fowler*, the Supreme Court held that "where the defendant does not have particular law enforcement officers in mind, the Government must show a 'reasonable likelihood' that 'at least one relevant communication would have been made to a federal law enforcement officer.'" *See United States v. Baugh*, 588 F. Supp. 3d 140, 147 (D. Mass. 2022) (citing *Fowler*, 563 U.S. at 673–77). However, as another session of this court and courts outside the First Circuit have held, this construction "did not add a new element to 1512." *See Baugh*, 588 F. Supp. 3d at 147–48 (citing *United States v. Hamilton*, No. 15-0240, 2016 U.S. Dist. LEXIS 56713 (N.D. Ga. Apr. 28, 2016). Accordingly, the Superseding Indictment need not include the "reasonable likelihood" language.

Third, against the backdrop of the pleading requirements in the First Circuit, the defendant's challenge to the absence of specific information regarding the theoretical communications also fails. ECF No. 90 at 10–11. Moreover, any further detail necessary for the

preparation of the defense and to avoid prejudicial surprise can be achieved through a bill of particulars pursuant to Fed. R. Crim. P. 7(f).  *See, e.g., United States v. Leach*, 427 F.2d 1107, 1110 (1st Cir. 1970) ("The function of a bill of particulars is to protect against jeopardy, provide the accused with sufficient detail of the charges against him where necessary to the preparation of his defense and to avoid prejudicial surprise at trial.").

## Legal Standards

Under the Constitution, a criminal defendant cannot "be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury," U.S. Const. amend. V, and he or she has "the right * * * to be informed of the nature and cause of the accusation." U.S. Const. amend. VI.  Consistent with these commands, Rule 7(c)(1) of the Federal Rules of Criminal Procedure states that an indictment must provide "a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). As the Supreme Court has stated, "the Federal Rules 'were designed to eliminate technicalities in criminal pleadings and are to be construed to secure simplicity in procedure.'" *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007) (quoting *United States v. Debrow*, 346 U.S. 374, 376 (1953)).  Thus, "[w]hile detailed allegations might well have been required under common-law pleading rules, they surely are not contemplated by Rule 7(c)(1), which provides that an indictment 'shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *Id.* (internal citation omitted, quoting Fed. R. Crim. P. 7(c)(1)).

Hence, and as the First Circuit has stated, "[a]n indictment need not say much to satisfy these requirements—it need only outline 'the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense.'" *United States v. Stepanets*, 879 F.3d 369, 372 (1st Cir. 2018) (quoting

4

*United States v. Guerrier*, 669 F.3d 1, 3 (1st Cir. 2011)).  While there is no prescribed formula, the First Circuit has stated that "[a]n indictment that tracks the language of the underlying statute generally suffices to meet this standard; provided, however, that the excerpted statutory language sets out all of the elements of the offense without material uncertainty." *Troy*, 618 F.3d at 34; *see also Wells*, 766 F.2d at 22 ("Viewed in its entirety, an indictment is sufficient if it describes all of the elements of the charged offense using the words of the relevant criminal statute.").  In other words, the statutory language may be used in the indictment to describe the offense, "'but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.'" *Hamling v. United States*, 418 U.S. 87, 117-18 (1974) (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)).

When considering a motion to dismiss in a criminal case, a court accepts the factual allegations in the indictment as true.  *See, e.g., Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n.16 (1952) ("This case is here to review the granting of a motion to dismiss the indictment. It should not be necessary to mention the familiar rule that, at this stage of the case, the allegations of the indictment must be taken as true."); *United States v. Ngige*, 780 F.3d 497, 502 (1st Cir. 2015) ("When a defendant seeks dismissal of an indictment, courts take the facts alleged in the indictment as true, mindful that 'the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense.'") (quoting *Savarese*, 686 F.3d at 7).  This is so because, among other reasons, "[t]he government need not recite all of its evidence in the indictment." *United States v. Innamorati*, 996 F.2d 456, 477 (1st Cir. 1993).  Courts entertaining a motion to dismiss an indictment consequently must not inquire into the sufficiency of the

evidence underlying the indictment—for when "a defendant seeks dismissal of the indictment, the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense." *Savarese*, 686 F.3d at 7.

## Argument

### I.  FARWELL'S MOTION TO DISMISS COUNT ONE SHOULD BE DENIED.

Farwell contends that Count One of the Superseding Indictment should be dismissed because it fails to allege that the communication would be to a federal law enforcement officer, fails to allege the "reasonable likelihood" language from *Fowler*, and fails to allege specific facts identifying the exact route through which the theoretical communication would have traveled had Birchmore not died. These contentions have no merit.

### A.  The Witness Tampering Statute, 18 U.S.C. § 1512(a)(1)(C), and the Supreme Court's Decision in *Fowler*.

Count One of the Superseding Indictment charges Farwell with Killing a Witness or Victim, in violation of 18 U.S.C. § 1512(a)(1)(C). ECF No. 63. Section 1512(a)(1)(C) provides:

> Whoever kills or attempts to kill another person with intent to . . . (C) prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense . . . shall be punished as provide in paragraph (3).

Section 1515 defines the terms used in Section 1512(a)(1)(C). Relevant here is Section 1515(a)(4), which states:

> (4) the term "law enforcement officer" means an officer or employee of the Federal Government, or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an advisor or consultant (A) authorized under law to engage in or supervise the prevention, detection, investigation, or prosecution of an offense; or (B) serving as a probation or pretrial services officer under this title.

6

*See also Fowler*, 563 U.S. at 677 (citing § 1515(a)(4) as "defining 'law enforcement officer' as 'an officer or employee *of the Federal Government*'") (emphasis in original).

Additionally, Congress eliminated any mens rea requirement regarding the federal status of the putative recipient of a communication that the killing prevented, stating "[i]n a prosecution for an offense under this section, no state of mind need be proved with respect to the circumstance . . . (2) that the judge is a judge of the United States or that the law enforcement officer is an employee of the Federal Government or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an advisor or consultant." 18 U.S.C. § 1512(g)(2).

In *Fowler*, the Court held that Section 1512(a)(1)(C) "covers a defendant who kills with intent to prevent communication with law enforcement officers generally (*i.e.*, with any and all law enforcement officers)." *Fowler*, 563 U.S. at 673. The Court acknowledged that the statute proscribes instances where a defendant has "killed a person with an intent to prevent that person from communicating with law enforcement officers in general but where the defendant did not have federal law enforcement officers (or any specific individuals) particularly in mind," and sought to construe the intent element in light of the statutory language regarding federal officials. The Court did so to reconcile the fact that the statute does not require the government to prove that the defendant intended or knew anything about a federal official, with the statutory language requiring the defendant's intended actions to have a possible effect on a federal official.

To that end, the Court, focusing on the statute's requirement that the defendant act with the "intent to prevent," discerned the meaning of those words and held that the statute requires some minimal showing that there could have been something or someone federal to "prevent." *Id.* at 674–75 (observing that "one cannot act with an 'intent to *prevent*' something that could not

7

possibly have taken place regardless") (emphasis in original). Accordingly, the Court held that the government "must show that there was a reasonable likelihood that a relevant communication would have been made to a federal officer." *Id.* However, the "Government need not show that such a communication, had it occurred, would have been federal beyond a reasonable doubt, nor even that it is more likely than not . . . But the Government must show that the likelihood of communication to a federal officer was more than remote, outlandish, or simply hypothetical." *Id.* at 678. In a nutshell, the "reasonable likelihood" showing ensures that the defendant's actions (i.e., killing to prevent a communication)—regardless of the defendant's own knowledge about any federal nexus—could have prevented communication to someone federal.

## B.  The Superseding Indictment Adequately Pleads a "Law Enforcement Officer."

Farwell first contends that the Superseding Indictment fails to allege "that the offense was committed with the intent to prevent communication by any person to a law enforcement officer 'of the United States,' as required under 18 U.S. § 1512(a)(1)(C)." ECF No. 90 at 6. However, Farwell is wrong about the allegations in the Superseding Indictment and the requirements of Section 1512(a)(1)(C).

The Superseding Indictment does allege that the killing was intended to prevent a communication to a federal official. The Superseding Indictment uses the term of art from the statute: "law enforcement officer." *See* 18 U.S.C. § 1512(a)(1)(C); ECF No. 63, ¶ 11. That term is defined in Section 1515(a)(4). The definition only includes federal officials. And it is well-settled that where an indictment alleges a statutory term of art, the statutory definition is incorporated into the charging document. *See United States v. Burgos*, 254 F.3d 8, 11 (1st Cir. 2001) (holding that although indictment did not specifically allege that financial transaction affected interstate commerce, indictment nonetheless sufficiently alleged interstate commerce as

an element of the crime, *inter alia,* because "financial transaction" was separately defined in the statute as "a transaction which in any way or degree affects interstate commerce"); *Cefaratti*, 221 F.3d at 507–08 (holding "an indictment that charges a legal term of art 'sufficiently charges the component parts of the term.'") (*quoting Wicks*, 187 F.3d at 429). Thus, similar to the situation in *Cefaratti,* because Section 1515(a)(4) defines the term "law enforcement officer," Farwell "had only to read the statutory section under which he was charged to understand" that that term as used in the Superseding Indictment means an officer or employee of the federal government. *See Cefaratti*, 221 F.3d at 508 ("But the statute specifically defines the term, and Cefaratti had only to read the statutory section under which he was charged to understand that the 'criminally derived property' at issue—Federal Pell Grant and Stafford loan funds—was alleged to 'constitut[e], or [be] derived from, proceeds obtained from a criminal offense . . .'") (quoting 18 U.S.C. § 1957(f)(2)).

### C. The Superseding Indictment Need Not Include "Reasonable Likelihood" Allegations.

Farwell next contends that the Superseding Indictment is deficient because it must include the "reasonable likelihood" construction articulated in *Fowler*. He argues that while it is not an element, it is an essential fact necessary for federal jurisdiction and to ensure that the grand jury made the proper finding. ECF No. 90 at 8–10 (citing *United States v. Ortiz*, No. 15-cr-594-RS, 2016 U.S. Dist. LEXIS 106527, at *21–25 (N.D. Cal. Aug. 11, 2016)). The Court should reject these arguments because they are not supported by *Fowler* and they are contrary to First Circuit precedent.

The indictment comports with federal pleading requirements. "An indictment is generally constitutionally adequate if it 'specifies the elements of the offense charged, fairly apprises the defendant of the charge against which he must defend, and allows him to contest it without fear of

9

double jeopardy.'" *Coleman*, 149 F.4th at 17 (quoting *Savarese*, 686 F.3d at 6). Here, the Superseding Indictment tracks the statutory language, incorporating all of the elements. As a result, the Superseding Indictment has sufficiently pled a federal offense and that should end the Court's inquiry.

The "reasonable likelihood" construction is not an element of the charged offense. Farwell appears to concede that point. ECF No. 90 at 8; *Baugh*, 588 F. Supp. 3d at 147–48 (holding "[d]istrict courts seem to agree that the Supreme Court did not add a new element to § 1512"). And for good reason. The required showing of a "reasonable likelihood" need not be proven beyond a reasonable doubt. *See Fowler*, 563 U.S. at 678 ("The Government need not show that such communication, had it occurred, would have been federal beyond a reasonable doubt, nor even that it is more likely than not."). Nor did the Court in *Fowler* strike or invalidate any of the statutory language.

Under these circumstances, the First Circuit has held that a judicial interpretation of an element need not be alleged in the indictment. *Troy*, 618 F.3d at 35. In *Troy*, the defendant challenged an arson conviction, arguing that while the indictment "faithfully tracks the language of the statute," it failed to include judicial interpretations of the interstate commerce element relating to "active employment" and "current" use of the building in interstate commerce. *Id.* The court, acknowledging that "those catch phrases inform an interpretation of the statute," held that "they are not part of the language of the statute; they are simply judicial gloss on the statutory text." *Id.* Therefore, the court held, "[a] judicial gloss, though helpful in interpreting a criminal statute, need not be included verbatim in the charging document." *Id.*; *see also United States v. Curley*, No. 1:13-cr-58-JAW, 2014 U.S. Dist. LEXIS 5686, at *13–15 (D. Me. Jan. 16, 2014)

(denying motion to dismiss, rejecting argument that indictment must "expressly include the Second Circuit's judicial interpretations of criminal statutes . . . on pain of dismissal.").

Farwell's arguments mirror the district court's decision dismissing a Section 1512(a)(1)(C) indictment in *Ortiz*. *See Ortiz*, 2016 U.S. Dist. LEXIS 106527, at \*21–25. Farwell acknowledges that another session of this court has rejected *Ortiz*'s holding that the indictment must include "reasonable likelihood" allegations. ECF No. 90 at 9 (citing *Baugh*, 588 F. Supp. 3d at 148). But he nevertheless invites the Court to apply *Ortiz's* reasoning and reach the same result. The Court should decline that invitation because the *Ortiz* decision is flawed in several respects.

The *Ortiz* decision rests on two pillars that are contrary to binding First Circuit precedent regarding the absence of pleading requirements concerning judicial decisions as well as the role of the grand jury and presumption of regularity in its proceedings. To begin, the court in *Ortiz* wrongly concluded that the *Fowler* "reasonable likelihood" construction is the language that "is critical to establish federal jurisdiction." *Ortiz*, 2016 U.S. Dist. LEXIS 106527, at \*24. It is not. The underlying statutory language—which the *Fowler* court left intact—provides the federal nexus. The Supreme Court's interpretation of the statute's intent element elaborates on the nature of proof required at trial where the defendant does not have a particular law enforcement officer in mind. However, as the First Circuit held in *Troy*, this type of "judicial gloss" need not be in the indictment. *Troy*, 618 F.3d at 35. And that makes sense. Frequently, courts interpret elements, providing specific examples of the nature of evidence required. A ruling requiring judicial interpretations to be alleged in an indictment would prove unwieldy and inconsistent with well-settled pleading requirements. *See also Hamilton*, 2016 U.S. Dist. LEXIS 56713, at \*9–10 (rejecting argument that "reasonable likelihood" must be alleged in § 1512 indictment, holding "judicial interpretation of a statute will not necessarily affect how such statutes are presented in a

valid indictment. . . Requiring an indictment to take account of all judicial interpretations of a particular statute would be unwieldy.").

*Ortiz*'s second pillar is equally problematic. The court held that an indictment without a "reasonable likelihood" allegation "does not guarantee the grand jury considered whether there was a reasonable likelihood of communication with federal law enforcement." *Ortiz*, 2016 U.S. Dist. LEXIS 106527, at *24–25. This is wrong. As a threshold matter, neither *Ortiz* nor Farwell cites any authority for the proposition that the Fifth Amendment incorporates a right to grand jury findings on judicial interpretations of a statutory provision. Moreover, it is well-settled in this circuit and others that the grand jury need not consider anything beyond the statutory language and evidence in making its probable cause determination. *See United States v. Lopez-Lopez*, 282 F.3d 1, 9 (1st Cir. 2002) ("'Courts . . . generally have found that the prosecutor satisfactorily explains the offense to be charged by simply reading the statute to the grand jury.' 'The prosecutor is under no obligation to give the grand jury legal instructions.'") (quoting 4 *Criminal Procedure* § 15.7(g), at 450 (LaFave et al., eds., 2d ed 1999) and *United States v. Zangger*, 848 F.2d 923, 925 (8th Cir. 1988) ("The prosecutor is under no obligation to give the grand jury legal instructions.")).[1] Further, this Court must presume that a grand jury heard sufficient evidence to find probable cause to return an indictment that incorporates the elements of the offense. *See Guerrier*, 669 F.3d at 3–4 (noting that "in the ordinary course of events, a technically sufficient indictment handed down by a duly empaneled grand jury 'is enough to call for trial of the charge on the merits'") (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)); *see also United States v. Stewart*, 744 F.3d 17, 21 (1st Cir. 2014) ("'At the indictment stage, the government need not 'show,' but merely

---

[1] *See also United States v. Kenny*, 645 F.2d 1323, 1347 (9th Cir.), *cert. denied*, 452 U.S. 920 (1981) ("We are not persuaded that the Constitution imposes the additional requirement that grand jurors receive legal instructions.").

12

allege, the required elements' of the offense."). Here, where "reasonable likelihood" is not an element, Farwell's speculation about whether the grand jury considered the language cannot serve as a basis for dismissing the indictment because the grand jury did not need to be instructed on the *Fowler* decision, and the absence of that instruction would not be a basis for dismissal. *See also United States v. George*, 839 F. Supp. 2d 430, 437–438 (D. Mass. 2012) (denying defendant's motion to disclose grand jury transcripts to challenge legal instructions regarding the elements of conspiracy, holding that such a challenge is properly denied where the indictment "was sufficient to apprise the jury of the necessary legal elements").

### D. The Superseding Indictment is Sufficiently Specific.

Farwell also argues that certain additional facts must be included in the Superseding Indictment to satisfy the specificity requirement under Rule 7(c)(1). He contends that the Superseding Indictment is deficient because it fails to allege (1) "whose communication Mr. Farwell allegedly sought to prevent," and (2) "who would have received that communication." ECF No. 90 at 10. However, here, where it is alleged that Farwell killed the victim before she could make *any* communication, no such specificity is required. *Fowler*, 563 U.S. at 677–78. Indeed, what Farwell seeks is information regarding the evidence the government will present to satisfy the "reasonable likelihood" showing articulated in *Fowler*. A request for more detail "where it is necessary to enable the [defendant] to prepare a defense, to avoid surprise at trial, and to protect against double jeopardy" is resolved through a motion for a bill of particulars, pursuant to Fed. R. Crim. P. 7(f). *See United States v. Paiva*, 892 F.2d 148, 154 (1st Cir. 1989). It is not a basis for dismissing the Superseding Indictment.

To satisfy Rule 7(c)(1), the government need only allege the elements and statutory language. *See Troy*, 618 F.3d at 34. At trial, consistent with *Fowler*, the government must make a showing that "in the absence of the killing," there was a reasonable likelihood that one

13

communication regarding the identified federal offenses would have been made to a federal officer. *Fowler*, 563 U.S. at 678. This showing, which is required to ensure that the defendant's conduct could have prevented something federal, need not be proven beyond a reasonable doubt or even demonstrated to be "more likely than not." *Id.*

Farwell's argues that the Supreme Court's decision in *Russell v. United States*, 369 U.S. 749 (1962), requires that the Superseding Indictment include specific facts about a communication that never occurred because the defendant killed the victim before she could make it. ECF No. 90 at 11–12. *Russell* does not support this argument for at least two reasons.

First, Farwell's argument demands a metaphysical impossibility. In *Russell*, the Supreme Court held that indictments charging defendants with refusing to answer questions during Congressional committee hearings in violation of 2 U.S.C. § 192 were deficient because they failed to allege the subject matter under investigation. *Russell*, 369 U.S. at 755. The Court held that a statutory element—in fact, the "very core of criminality"—of the offense was whether the question that the witness refused to answer was "pertinent to the subject under inquiry." *Id.* at 753 n.6, 755, 764. Here, the specific contours of a communication that all parties agree never occurred is very different from the subject matter of a Congressional hearing in which the defendant participated. *Russell* requires the indictment to allege something that happened; Farwell asks for specific allegations about a communication that never was because of his own conduct.

Second, *Russell* required the indictment to include facts identifying an element—i.e., the subject of the inquiry—to help the defendant defend against the allegation that he refused to "answer any question pertinent to the subject under inquiry." *Id.* at 753 n.6 (quoting the offense's statutory language). Yet, *Fowler* is not about the sufficiency of an indictment under Section 1512(a)(1)(C). It is about the evidence required at trial. *Fowler*, 563 U.S. at 670–71. ("On appeal,

14

Fowler argued that the evidence was insufficient to show that he killed [the victim] intending to prevent [the victim] from communication with a federal officer.") (emphasis in original). In *Fowler*, the Court described the contextual proof required to make it plausible that the defendant's actions could have prevented a communication that fits within the statute. Farwell takes *Russell's* holding about the sufficiency of the allegations concerning an element (i.e., the "core of criminality") and invites this Court to apply that pleading principle to *Fowler's* holding about the quantum of evidence required to show that the defendant's conduct could have prevented something federal. The Court should decline that invitation to require the indictment to plead evidence related to *Fowler's* "reasonable likelihood" standard and hold that the Superseding Indictment is sufficient under Rule 7(c)(1).

Farwell's *Fowler*-based argument about how the government will make its "reasonable likelihood" showing is an issue that may be resolved through a bill of particulars. His argument regarding specificity is focused on his ability to prepare for trial, including avoiding surprise. ECF No. 90 at 12. Assuming Farwell makes the required showing, Rule 7(f) is his remedy, not dismissal.

## II. FARWELL'S MOTION TO DISMISS COUNT TWO SHOULD BE DENIED.

Farwell moves to dismiss Count Two, which charges a violation of 18 U.S.C. §§ 1841(a)(1), (a)(2)(A), and (a)(2)(C), Protection of Unborn Children, arguing that the "Court's review of the sufficiency of the indictment rises and falls on Count One," and asserting in a conclusory fashion that "dismissal of Count One would necessitate the dismissal of Count Two." ECF No. 90 at 5. Not so. Count Two alleges a separate and independent federal offense. ECF No. 63, ¶¶ 1–9, 12–13. Farwell identifies no defect in the charging language for that offense under Section 1841. Nor does he argue or cite any authority for the proposition that Count Two must

15

incorporate all of the allegations of a separate Section 1512 offense.  Therefore, even if Count One failed to state an offense or lacked specificity (which it does not), there is no basis to dismiss the separate offense alleged in Count Two of the Superseding Indictment.

## Conclusion

For the foregoing reasons and any additional bases identified during a hearing on this motion, the Court should deny defendant Matthew Farwell's motion to dismiss Counts One and Two of the Superseding Indictment.

        Respectfully submitted,

        LEAH B. FOLEY
        United States Attorney

By:   /s/ Brian A. Fogerty
        ELIZABETH C. RILEY
        BRIAN A. FOGERTY
        TOREY B. CUMMINGS
        Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

                                                 /s/ Brian A. Fogerty
                                                 BRIAN A. FOGERTY
                                                 Assistant United States Attorney

Date: February 27, 2026