UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                              )<br>)<br>MATTHEW FARWELL,         )<br>)<br>Defendant.                      ) | Case No. 24-cr-10259-DJC |

**MEMORANDUM AND ORDER**

**CASPER, C.J.**                                                                                     **March 9, 2026**

**I.     Introduction**

Defendant Matthew Farwell ("Farwell") has moved to dismiss the superseding indictment against him, which charges him with killing a witness or victim in violation of 18 U.S.C. § 1512(a)(1)(C) (Count I) and engaging in conduct that violated 18 U.S.C. § 1512 and thereby caused the death of a child in utero in violation of 18 U.S.C. § 1841(a)(1), (a)(2)(A) and (a)(2)(C) (Count II).  D. 63.  Having considered Farwell's motion, D. 90, and the government's opposition, D. 94, and having heard oral argument from counsel, D. 95, the Court DENIES the motion.

**II.    Standard of Review**

A criminal defendant "enjoy[s] the right . . . to be informed of the nature and cause of the accusation" against him, U.S. Const. amend. VI, commonly through the "indictment of a Grand Jury," id. amend. V.  Under Federal Rule of Criminal Procedure 7(c)(1), an indictment must set out "a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  "An indictment need not say much to satisfy these requirements—it need only outline 'the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the

1

same offense.'" United States v. Stepanets, 879 F.3d 367, 372 (1st Cir. 2018) (quoting United States v. Guerrier, 669 F.3d 1, 3 (1st Cir. 2011)). A defendant may move to dismiss an indictment before trial for alleged defects, including failure to state an offense, Fed. R. Crim. P. 12(b)(3)(B)(v), or lack of specificity, Fed. R. Crim. P. 12(b)(3)(B)(iii).

A defendant challenging the sufficiency of an indictment bears a heavy burden, as a "federal court's power to dismiss an indictment is reserved for 'extremely limited circumstances.'" United States v. Cooper, No. 21-cr-10184-NMG, 2022 WL 4630230, at *1 (D. Mass. Sept. 30, 2022) (quoting Whitehouse v. U.S. Dist. Ct., 53 F.3d 1349, 1360 (1st Cir. 1995)). "[A]n indictment that tracks a statute's terms is legally sufficient if the indictment itself gives the defendant adequate notice of the charges [he] must meet." Stepanets, 879 F.3d at 372; see United States v. Savarese, 686 F.3d 1, 6 (1st Cir. 2012). To provide such notice, an indictment must include, beyond the statutory language, "such a statement of facts and circumstances as to inform the accused of the specific offense with which he is charged." Savarese, 686 F.3d at 6; see United States v. Troy, 618 F.3d 27, 34-35 (1st Cir. 2010). Accordingly, a motion to dismiss an indictment is limited to attacking the indictment's "facial validity" and not "the government's substantive case." United States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015). To survive a motion to dismiss, "the government need not put forth specific evidence," id., as "[w]hether the evidence [is] sufficient to back up [an indictment's] assertions [is] a matter for trial," United States v. Vega-Martínez, 949 F.3d 43, 49 (1st Cir. 2020).

### III.    Allegations Against Farwell

The Court here repeats its prior summary of the government's allegations contained in the superseding indictment, as set forth in the Court's Memorandum and Order on Farwell's motion to transfer venue. D. 87 at 1-2.

2

The government has charged Farwell with killing Sandra Birchmore ("Birchmore"), who was allegedly pregnant at the time of her death. D. 63 ¶¶ 8-9. As alleged, between approximately March 27, 2012, and April 1, 2022, Farwell was an officer of the Stoughton Police Department (the "Department") in Stoughton, Massachusetts. Id. ¶ 1. At some point before he began his employment, Farwell was a volunteer with the Department's Police Explorers Academy program for local youth, id. ¶¶ 1, 3, and he became an instructor when he joined the Department, id. ¶ 3.

Birchmore began participating in Police Explorers Academy in approximately March 2010, when she was twelve years old. Id. ¶ 2. At some point before Birchmore turned sixteen, Farwell allegedly engaged in sexual intercourse and other sexual contact with her, which continued until sometime in early 2021. Id. ¶ 4. This allegedly occurred at times while Farwell was on duty with the Department. Id. ¶ 5. In approximately December 2020, when she was twenty-three years old, Birchmore learned she was pregnant and told Farwell he was the father. Id. ¶¶ 2, 6. On or around January 20, 2021, a friend of Birchmore's reported to the Department that Farwell had engaged in sexual intercourse with Birchmore and a Department employee informed Farwell about the call. Id. ¶ 7. As alleged by the government, on approximately February 1, 2021, Farwell killed Birchmore by strangulation and staged her apartment to make it appear as though she had committed suicide. Id. ¶ 8.

## IV. Procedural History

On August 27, 2024, a grand jury indicted Farwell for killing a witness or victim in violation of 18 U.S.C. § 1512(a)(1)(C). D. 1. On October 28, 2025, a grand jury returned the operative two-count, superseding indictment. D. 63. Farwell now moves to dismiss same. D. 90. The Court heard the parties on the motion and took the matter under advisement. D. 95.

V.      Discussion

Farwell's motion focuses on the witness tampering charge in Count I of the superseding indictment because, in his view, the viability of Count II depends upon Count I, such that dismissal of Count I would mean dismissal of both counts. See D. 90 at 5; D. 63 ¶ 13. Count I charges as follows:

> On or about February 1, 2021, in Canton, in the District of Massachusetts, [Farwell] did kill Sandra Birchmore, a person known to the Grand Jury, with malice aforethought, willfully, deliberately, maliciously, and with premeditation, and with the intent to prevent the communication by any person to a law enforcement officer of information relating to the commission or possible commission of a federal offense, to wit, commission or possible commission of the federal offenses of Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242, Coercion and Enticement, in violation of 18 U.S.C. § 2422(b), and Wire Fraud, in violation of 18 U.S.C. § 1343[,] [a]ll in violation of Title 18, United State[s] Code, Section 1512(a)(1)(C).

D. 63 ¶ 11. Farwell argues that dismissal is warranted here because "the indictment fails to allege a fact essential to establishing federal jurisdiction: that there was a reasonable likelihood that any communication [Farwell] allegedly prevented would have been to a law enforcement officer or judge of the United States." D. 90 at 1. Accordingly, Farwell contends that the superseding indictment (1) fails to state a federal offense and (2) fails for lack of specificity. Id. at 5-12.

   A.     **The Superseding Indictment States a Federal Offense**

Farwell contends that the superseding indictment fails to state a federal offense because it does not establish federal jurisdiction. Id. at 5-10. First, Farwell argues that Count I is defective because it does not allege "that the offense was committed with the intent to prevent the communication by any person to a law enforcement officer 'of the United States,' as required under 18 U.S.C. § 1512(a)(1)(C)." Id. at 6. Second, Farwell argues that Count I "is overly expansive, suggesting a grand jury might have indicted and a trial jury could convict if [Farwell] intended to prevent communication to law enforcement in general without any likelihood that the

4

communication would have been to federal law enforcement." Id. at 7. Farwell contends that "[a]bsent [any] fact[s] establishing federal jurisdiction . . . it cannot be known whether the grand jury authorized a valid indictment charging a federal offense." Id. at 8-9.

To obtain a conviction under 18 U.S.C. § 1512(a)(1)(C), "the government must prove beyond a reasonable doubt that there was '(1) a killing or attempted killing, (2) committed with a particular intent, namely[,] an intent (a) to "prevent" a "communication" (b) about "the commission or possible commission of a Federal offense" (c) to a federal "law enforcement officer or judge."'" United States v. Jiménez-Bencevi, 788 F.3d 7, 24 (1st Cir. 2015) (quoting Fowler v. United States, 563 U.S. 668, 672 (2011)); see United States v. Kilmartin, 944 F.3d 315, 329 (1st Cir. 2019) (noting that the offense requires "a killing aimed at preventing a communication to a federal law enforcement officer [or judge] about the commission or possible commission of a federal crime"); see also First Circuit Pattern Criminal Jury Instruction § 4.18.1512(a)(1)(C) (Feb. 6, 2024). The statute addresses both killing with intent to prevent communication with particular federal law enforcement officers and killing with intent to prevent communication "with law enforcement officers in general but where the defendant did not have federal law enforcement officers (or any specific individuals) particularly in mind." Fowler, 563 U.S. at 670, 672. When the latter situation arises, the government still must prove the defendant's "intent to prevent the victim from communicating with (unspecified) law enforcement officers" beyond a reasonable doubt, but must, additionally, prove "a reasonable likelihood that, had, e.g., the victim communicated with law enforcement officers, at least one relevant communication would have been made to a federal law enforcement officer." See id. at 674, 677-78 (emphasis omitted). In other words, a defendant's intent to prevent communication with unspecified officers "includes an intent to prevent communications with federal law enforcement officers only if it is reasonably

5

likely under the circumstances that (in the absence of the killing) at least one of the relevant communications would have been made to a federal officer." Id. at 677-78 (emphasis in original); see United States v. Sheffler, 125 F.4th 814, 826 (7th Cir. 2025) (noting that the "reasonable likelihood standard of Fowler is not onerous"); United States v. Ritter, No. 24-4576, 2026 WL 453463, at *6 (4th Cir. Feb. 18, 2026) (same).

      First, Farwell's argument that Count I omits the federal law enforcement officer element of the statute, see D. 90 at 6, does not warrant dismissal of the superseding indictment. It is true that Count I does not modify the term "law enforcement officer" with "of the United States." See D. 63 ¶ 11. As the government points out, however, see D. 94 at 8-9 (citing 18 U.S.C. § 1512(a)(1)(C)), "law enforcement officer" as used in the statute is a term of art defined as a federal law enforcement agent in § 1515(a)(4), id. § 1515(a)(4); United States v. Baldyga, 233 F.3d 674, 679-80 (1st Cir. 2000) (discussing definition). Such a statutory term of art may contain the federal nexus. See, e.g., United States v. Burgos, 254 F.3d 8, 11 (1st Cir. 2001) (noting that indictment sufficiently alleged the interstate commerce element of money laundering charge, where "financial transaction" was statutorily defined as "a transaction which in any way or degree affects interstate or foreign commerce"); United States v. Wicks, 187 F.3d 426, 427-29 (4th Cir. 1999) (concluding that "organization" in indictment charging possession of a forged security of an organization was a "term of art defined by statute to mean an entity that operates in or affects interstate or foreign commerce" and, therefore, that "the interstate commerce element was charged adequately in the indictment through the use of the term 'organization'"); United States v. Carrano, 340 F. Supp. 3d 388, 395-97 (S.D.N.Y. 2018) (explaining that indictment adequately alleged impact on interstate commerce because the indictment alleged that an object of the conspiracy was possession of animals for the purpose of an "animal fighting venture," a term statutorily defined

6

as "any event, in or affecting interstate or foreign commerce, that involves a fight conducted . . . between at least 2 animals" (emphasis omitted)); United States v. Moore, No. 20-cr-91-PP, 2021 WL 2493808, at *1-2 (E.D. Wis. June 18, 2021) (denying motion to dismiss § 1512(b) indictment for failing to allege that "official proceeding" was federal where indictment alleged that the defendant acted to influence the witness's testimony "in an official proceeding," a term of art defined in § 1515 as "any proceeding before a judge or court of the United States").[1] Accordingly, all of the essential elements of the § 1512(a)(1)(C) crime were charged in Count I.

Further, the Court is not persuaded by Farwell's additional challenge that Count I fails to sufficiently allege the likelihood of a communication to a federal law enforcement officer. See D. 90 at 7-10. Even after Fowler, an indictment "need not allege a 'reasonable likelihood' to pass muster" because Fowler "explained what the [g]overnment must 'show'" to meet its burden at trial. See United States v. Baugh, 588 F. Supp. 3d 140, 148 (D. Mass. 2022); United States v. Hamilton, No. 15-cr-0240-TCB, 2016 WL 1696136, at *4 (N.D. Ga. Apr. 28, 2016) (explaining that "Fowler did not introduce any new elements for a conviction under § 1512").[2] As the government acknowledges, see D. 94 at 13-14, it bears the burden of proving Farwell's intent to a jury. See, e.g., United States v. Gatlin, 90 F.4th 1050, 1062-66 (11th Cir. 2024) (reversing conviction under § 1512(b) where "the government's evidence established nothing more than a

---

[1] For this reason and "a presumption of regularity" afforded to grand jury proceedings, see United States v. Flemmi, 245 F.3d 24, 28 (1st Cir. 2001) (citing United States v. Johnson, 319 U.S. 503, 513 (1943)); United States v. Schneider, No. 10-cr-00361-JLT, 2022 WL 17324857, at *2 (E.D. Cal. Nov. 29, 2022), aff'd, No. 22-10340, 2023 WL 8714899 (9th Cir. Dec. 18, 2023), the Court also rejects Farwell's argument, advanced at the motion hearing, that the grand jury may not have understood the federal nexus requirement.

[2] The parties point to another district court case that came to the opposite conclusion. See United States v. Ortiz, No. 15-cr-00594-RS, 2016 WL 4239370, at *8 (N.D. Cal. Aug. 11, 2016) (dismissing § 1512(a)(1)(C) charge after concluding that "the reasonable likelihood that there would be communication to federal law enforcement is an essential fact that must be in an indictment"). The Court, however, is more persuaded by the reasoning of Baugh and Hamilton.

'remote' or 'simply hypothetical' possibility that [the relevant] statements would have reached a federal officer," and discussing Fowler); United States v. Hardison, No. 17-cr-00124, 2022 WL 1572380, at *8-9 (M.D. Tenn. May 18, 2022) (granting motion for judgment of acquittal as to § 1512 charge), aff'd on other grounds sub nom. United States v. Burks, No. 22-6094, 2024 WL 4250334 (6th Cir. Sept. 20, 2024).  Farwell's argument, however, "erroneously conflates what the United States must include in the indictment with what the United States must ultimately prove at trial." United States v. Davis, No. 24-cr-00343-SRC, 2026 WL 160811, at *11 (E.D. Mo. Jan. 21, 2026) (denying Fowler-based motion to dismiss § 1512(b) charge in indictment); see United States v. Ramos-Cruz, 667 F.3d 487, 495 (4th Cir. 2012) (explaining that Fowler "considered the evidentiary showing necessary to sustain a conviction under § 1512(a)(1)(C)" in certain circumstances).[3]  Accordingly, the Court will not dismiss Count I of the superseding indictment on this basis.

### B.     The Superseding Indictment Is Sufficiently Specific

Farwell also argues that Count I of the superseding indictment does not include facts sufficient to provide him notice (1) that the communication he allegedly sought to prevent reasonably likely would have been to federal law enforcement, (2) whose communication he allegedly sought to prevent and (3) who would have received that communication.  See D. 90 at 10-12.

This ground of Farwell's motion is largely premised on Russell v. United States, 369 U.S. 749 (1962), which he contends supports his argument that the superseding indictment fails to allege

---

[3] Farwell's reliance upon United States v. Tyler, 732 F.3d 241 (3d Cir. 2013), see D. 90 at 12, is similarly unpersuasive here, at least because the court did not address the sufficiency of an indictment but was instead evaluating a habeas petitioner's claim of actual innocence in light of Fowler.  Tyler, 732 F.3d at 251-53.

8

"central" facts, see D. 90 at 11-12.  Russell, however, addressed "the special need for particularity in charges brought under 2 U.S.C. § 192."  United States v. Resendiz-Ponce, 549 U.S. 102, 110 (2007); see Russell, 369 U.S. at 754-55, 764-68 (holding that such "indictment must identify the subject which was under [congressional] inquiry at the time of the defendant's alleged default or refusal to answer" because a defendant "could be guilty of no criminal offense unless the questions he refused to answer were in fact pertinent to a specific topic under . . . inquiry at the time he was interrogated").  It appears that a closer analogue is United States v. Murphy, 762 F.2d 1151 (1st Cir. 1985), which Farwell's counsel cited at the motion hearing.  In Murphy, the First Circuit reversed the convictions of three defendants under 18 U.S.C. § 1512 after concluding that the indictment was insufficient.  Murphy, 762 F.2d at 1152-55.  The defendants were charged with threatening a specific witness "in an official proceeding" in violation of § 1512(a)(1).  Id. at 1153.[4]  The indictment recited the statutory language and alleged the date of the offense and name of the witness, but "[w]hat the proceeding was, or was to be, was in no way indicated."  Id.  Citing Russell, the court concluded that "[c]rucial to preparation of any defense to a charge under the statute is at least some indication of the identity of the proceeding in which the defendant tried to influence testimony."  Id. at 1154.  More recently, the First Circuit distinguished the "special circumstances" at issue in Murphy, explaining that the "name of the witness was not sufficient to indicate the proceeding because the witness was an informant in multiple cases, and the government changed its theory about which proceeding defendants had allegedly tried to influence during the course of the trial."  See United States v. Coleman, 149 F.4th 1, 18-19 (1st Cir. 2025)

---

[4] The version of 18 U.S.C. § 1512(a)(1) in effect at the time made it unlawful to "knowingly use[] intimidation or physical force, or threaten[] another person, or attempt[] to do so, or engage[] in misleading conduct toward another person, with intent to . . . influence the testimony of any person in an official proceeding."  Murphy, 762 F.2d at 1153; see 18 U.S.C. § 1512(a)(2)(A), (b)(1) (prohibiting similar conduct in current version).

9

(concluding that indictment for kidnapping was sufficient to permit an adequate defense where it included "the date of the alleged kidnapping, the name of the victim, and the location"), petition for cert. filed, No. 25-6945 (U.S. Feb. 27, 2026).

Here, Count I recites the elements of the crime and further alleges that Farwell killed Birchmore on approximately February 1, 2021, in Canton, to prevent communication to a law enforcement officer about the commission or possible commission of three federal offenses. D. 63 ¶ 11. Count I also incorporates other allegations, id. ¶ 10, which provide additional context that bears on intent and the commission or possible commission of the federal offenses, see, e.g., id. ¶¶ 4-5 (alleging sexual relationship with Birchmore, including before she was sixteen years old and while Farwell was on duty with the Department), 7-8 (alleging that Farwell killed Birchmore approximately two weeks after her friend reported the sexual relationship to the Department). Considering Count I's charging language and the incorporated allegations, see United States v. Valdés-Ayala, 900 F.3d 20, 36 (1st Cir. 2018) ("view[ing] the indictment as a whole to determine whether a defendant has had adequate notice of the charges against him"), the Court concludes that it sufficiently apprises Farwell of the charge against him such that he can prepare an adequate defense and invoke double jeopardy protections. See Stepanets, 879 F.3d at 372. Because the superseding indictment "sketches the factual predicate of the offense" in Count I,[5] see Troy, 618 F.3d at 35, and provides Farwell sufficient notice of the charges against him, see Savarese, 686 F.3d at 8; Burgos, 254 F.3d at 11, the Court also will not dismiss it on this ground.

---

[5] Because Farwell's argument for dismissal of Count II relies upon his argument regarding Count I, see D. 90 at 4-5, the Court also will not dismiss Count II of the superseding indictment.

## VI. Conclusion

For all of the foregoing reasons, the Court DENIES Farwell's motion to dismiss the superseding indictment, D. 90.

**So Ordered.**

/s Denise J. Casper
Chief United States District Judge