**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Docket No. 1:24-cr-10259-DJC |
| | ) | |
| | ) | |
| MATTHEW FARWELL | ) | |

### DEFENDANT'S "ASSENTED TO" MOTION FOR LEAVE TO REFERENCE MATERIAL FROM CERTAIN PROTECTED INFORMATION CATEGORIES IN HIS OPPOSITION TO THE GOVERNMENT'S MOTION FOR DETENTION

Now comes Matthew Farwell, by and through undersigned counsel, and pursuant to the Fifth and Sixth Amendments of the United States Constitution and Fed. R. Crim. P. 16(d), requests that this Court permit him to reference certain categories of protected information in his forthcoming Opposition to the government's Motion for Detention. As grounds, Mr. Farwell submits that the specific circumstances and issues critical to the determination of detention in his case conflict with the present terms of the Protective Order (D.E. 19). Specifically, the government's detention motion and supporting affidavit reference in significant detail some of the same material now covered by the protective order. As a result, requiring Mr. Farwell to submit a responsive opposition under seal prevents his attorneys from fully and zealously arguing for his release on bail. For the purposes of detention, this infringes upon his right to effective assistance of counsel and undermines his guarantee of Due Process as enshrined in the Fifth and Sixth Amendments to the Constitution of the United States.

Finally, Mr. Farwell submits that there is no "good cause" under Federal Rule of Criminal Procedure 16(d) to deny this request. The government assents to the relief requested in this motion.

## BACKGROUND

Mr. Farwell is charged by Superseding Indictment with Killing a Witness/Victim, in violation of 18 U.S.C. § 1512(a)(1)(C) and thereby causing the death of a child in utero, in violation of 18 U.S.C. § 1841. D.E. 63. Prior to his initial appearance on August 28, 2024, the government filed a motion for detention and a 45-page affidavit in support, which set forth in great detail certain aspects of the government's investigation and discovery. D.E. 9, 9-1. Prior to providing certain discovery to the defense, the government sought a protective order restricting the use of five categories of discovery materials relating to (a) crime scene photographs depicting the body of S.B.; (b) autopsy photos of S.B.; (c) phone and laptop extractions of S.B.; (d) medical records of S.B.; and (e) law enforcement reports identifying witnesses by name. D.E. 19.[1] Detailed descriptions of, and specific content from, all such protected categories are replete in the government's motion and supporting affidavit, which was filed before the protective order issued.[2] To permit expeditious production of discovery in this case, defense counsel for Mr. Farwell agreed to the terms of the protective order and the government's motion was granted without objection. D.E. 22. The protective order was later modified to permit Mr. Farwell greater access to certain categories of protected information, including the categories at issue here. The protective order provides, in relevant part:

> In the event that a party needs to file Protected Information with the Court or divulge the contents of such materials in court filings, the filing party shall move the Court for an order authorizing filing under seal, unless relief from the restrictions imposed in the protective order are first obtained from the Court.

---

[1] Mr. Farwell in making this motion seeks only to reference information covered by categories (c) and (e) of the Court's Protective Order: phone and laptop extractions of S.B. and law enforcement reports. He does not, however, seek to identify any witnesses by name nor to file any explicit images or videos contained in the phone and/or laptop extractions.

[2] *See e.g.* D.E. 9-1 at ¶¶ 6, 66, 97, 99 (referencing content from category (d); ¶¶ 15-25, 28, 29, 32-33, 41-43, 45-48, 54-58, 62, 63, 67, 70, 75-77, 93, 96, 100, 104, 106-110, 112-119 (referencing content from category (c).

D.E. 19 at ¶ J. As required by the terms of the protective order, Mr. Farwell now seeks leave to discuss the content of certain material within protected categories – namely the content of certain law enforcement reports and portions of the extractions of Ms. Birchmore's digital devices so that he may appropriately and meaningfully respond to the government's motion for detention. At this time, he does not seek leave to append as exhibits or directly quote any such material, nor does he seek to identify any witness by name.

## ARGUMENT

The Sixth Amendment explicitly provides a defendant the right to effective assistance of counsel in all criminal prosecutions. *See* U.S. Const. amend. VI; *Faretta v. California*, 422 U.S. 806, 819 (1975) ("The right to defend is given directly to the accused; for it is he who suffers the consequences if the defense fails.").  Grounding effective assistance of counsel in the accused's right to "require the prosecution's case to survive the crucible of meaningful adversarial testing," *United States v. Cronic*, 466 U.S. 648, 656 (1984), the Sixth Amendment stands as a constant admonition that if the constitutional safeguards it provides be lost, justice will not 'still be done.' *Johnson v. Zerbst*, 304 U.S. 458, 462–63 (1938). The Supreme Court has "uniformly found constitutional error without any showing of prejudice" in circumstances where counsel was "prevented from assisting the accused during a critical stage of the proceeding." *Cronic*, 466 U.S. at 659 n. 25. Mr. Farwell submits that a detention hearing – at which decisions regarding his pretrial liberty require discussion of the government's evidence – is such a critical stage. He further submits that requiring the sealing of his opposition neuters his and his counsel's ability to "meaningful adversarial testing" as required by the Sixth Amendment.

Rule 16(d) of the Federal Rules of Criminal Procedure outlines the standard for issuing and modifying a protective order. The party seeking a protective order bears the burden of showing

"good cause" which requires a particularized, specific showing." *United States v. Bulger*, 283 F.R.D. 46, 52 (D. Mass. 2012). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Id.* (internal quotations omitted). A "finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Id.* (internal quotations omitted). To determine whether there is "good cause," courts consider "the safety of witnesses and others, a particular danger of perjury or witness intimidation, the protection of information vital to the national security, and the protection of business enterprises from economic reprisals." Fed. R. Crim. P. 16(d) Advisory Committee's Note to 1966 Amendment to Former Subdivision (e); *see also* 2 Fed. Prac. & Proc. Crim. § 262.

"Good cause" here must be evaluated in terms of: (1) this Court's mandate under 18 U.S.C. § 3142(g) to "take into account the available information concerning," *inter alia*, the weight of the evidence in determining whether conditions exist to warrant pretrial release, and (2) Mr. Farwell's ability to meaningfully respond to the government's public filing. The limited relief which Mr. Farwell seeks here – to be able to meaningfully and publicly respond to the government's allegations raised in the context of detention – is supported by good cause. Requiring Mr. Farwell to instead submit an opposition under seal to a government detention motion which already publicly details protected information affronts his constitutional rights and defies "good cause" under this Rule.

For the foregoing reasons, Mr. Farwell respectfully requests that this request be granted. Pursuant to Local Rule 7.1, undersigned counsel conferred with the government as to its position and was informed that the government assents to the relief requested herein.

Dated: March 11, 2026                          Respectfully submitted,

                                               MATTHEW FARWELL,
                                               By his attorneys,

                                               */s/ Joanne Daley*
                                               Joanne Daley, BBO # 653375
                                               Sandra Gant, BBO # 680122
                                               Kimberly C. Stevens
                                               Federal Public Defender Office
                                               51 Sleeper Street, 5th Floor
                                               Boston, MA 02210
                                               617-223-8061
                                               Joanne_daley@fd.org


**CERTIFICATE OF SERVICE**

        I, Joanne Daley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on March 11, 2026.

                                               */s/ Joanne Daley*
                                               Joanne Daley