**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Docket No. 1:24-cr-10259-DJC |
| v. | ) |
| | ) |
| MATTHEW FARWELL | ) |

**MOTION FOR A BILL OF PARTICULARS**

Matthew Farwell, through undersigned counsel, pursuant to the Fifth and Sixth Amendments to the United States Constitution and Rule 7 of the Federal Rules of Criminal Procedure, moves for an order directing the government to provide a bill of particulars sufficiently specific and detailed to enable Mr. Farwell to prepare his defense. A bill of particulars will ensure that any prosecution is based only on facts presented to the grand jury, enable the accused to plead jeopardy against any possible future prosecution, and inform the Court of the facts alleged so that it can determine the sufficiency of the charge.

**I.     Background**

This case arises from the death of Sandra Birchmore in Canton, Massachusetts in February 2021. The Massachusetts Office of the Chief Medical Examiner conducted a full autopsy and later pronounced her cause of death to be asphyxia by hanging and ruled the manner of death a "suicide (hanged herself)."[1] In late August 2024 – more than three and a half years after Ms. Birchmore's death and after a Massachusetts State Police investigation yielded no bases for criminal charges – the federal government charged Mr. Farwell by indictment with killing a witness/victim, in violation of 18 U.S.C. § 1512(a)(1)(C). D.E. 1. Mr. Farwell was first arraigned on August 28, 2024,

---

[1] On April 30, 2026, Dr. Capo Martinez of the OCME's office changed the death certificate, stating the cause of death is "asphyxia," and the manner of death "could not be determined." Government Surreply to Motion to Suppress, D.E. 153, Exhibit K.

and pleaded Not Guilty to the one-count indictment. D.E. 13. More than a year later, in October 2025, the government superseded with an indictment charging killing a witness/victim, in violation of 18 U.S.C. § 1512(a)(1)(C) and thereby causing the death of a child in utero, in violation of 18 U.S.C. § 1841. D.E. 63. Mr. Farwell was arraigned on the superseding indictment on November 21, 2025, and again pleaded Not Guilty. D.E. 74.

As explained below, the Superseding Indictment – like the original indictment in this case – is sparse, with a "General Allegations" section containing some additional claims. Consequently, Mr. Farwell moved to dismiss the Superseding Indictment, averring that it failed to state a federal offense and lacked specificity in alleging facts essential to establishing federal jurisdiction. *See* D.E. 90. The government opposed the motion. *See* D.E. 94. This Court held a hearing on the matter on March 5, 2026, *see* D.E. 100, and in a subsequent opinion, denied Mr. Farwell's motion, *see* D.E. 97, finding that the Superseding Indictment states a federal offense, *id.*, at 8, and that it "sketches the factual predicate of the offense in Count I . . . and provides Farwell sufficient notice of the charges against him[,]" *id.*, at 10.

Additionally, as this Court is aware, Mr. Farwell renewed his motion for pretrial release, D.E. 105, 106, and the government opposed, *see* D.E. 111, 127, and 136. Magistrate Kelley heard the parties on the issues on April 28, 2026, D.E. 134, and denied the motion on May 26, 2026. D.E. 154. He also filed a Motion to Suppress, D.E.126, 152, that the government opposed, D.E. 140, 147, 153. This Court denied the Motion to Suppress in full on June 5, 2026. D.E. 159.

Notwithstanding all of the briefing and hearings delineated above, as well as the discovery provided thus far, the Superseding Indictment may "provide[] Farwell [with] sufficient notice of the *charges* against him[,]" *see* D.E. 97, at 8 (emphasis added), but when taken together, the

charging document fails to provide the essential *facts and conduct* to enable Mr. Farwell to prepare a defense particularly with regard to the alleged federal nexus in the case.

## II.     The Superseding Indictment and Factual Allegations

The Superseding Indictment alleges as to Count One that on or about February 1, 2021, in Canton, in the District of Massachusetts, Matthew Farwell:

> did kill Sandra Birchmore, a person known to the Grand Jury, with malice aforethought, willfully, deliberately, maliciously, and with premeditation, and with the intent to prevent the communication by any person to a law enforcement officer of information relating to the commission or possible commission of a federal offense, to wit, commission or possible commission of the federal offenses of Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242, Coercion and Enticement, in violation of 18 U.S.C. § 2422(b), and Wire Fraud, in violation of 18 U.S.C. § 1343.  All in violation of Title 18, United States Code, Section 1512(a)(1)(c).

D.E. 63, Superseding Indictment, ¶11. As to Count Two, the Superseding Indictment alleges that on or about February 1, 2021, in Canton, in the District of Massachusetts, Mr. Farwell "did engage in conduct that violated 18 U.S.C. § 1512 and thereby caused the death of a child in utero at the time the conduct took place. All in violation of Title 18 United States Code, Section 1841(a)(1), (a)(2)(A) and (a)(2)(C)." *Id.* at ¶ 13.

As of June 2026, the government has provided more than 286,000 pages of discovery related to the charge, over 43 hours of audio and videotaped evidence, and voluminous digital extractions, the reports for which total over 750,000 pages. Notwithstanding the volume of discovery, nowhere does the government set forth sufficient facts related to the elements of the charged offense, which requires a federal nexus. Moreover, where the federal government appears to have conducted over 50 percent of all law enforcement witness interviews *after* Mr. Farwell was charged and arrested, with some interviews conducted as recently as April 2026, it is exceedingly difficult, if not impossible, to discern what facts were put before and found by the grand jury to

3

obtain the indictment and what evidence was obtained after the issuance of either indictment in this case.  The defense does not at this time have access to the complete grand jury proceedings in the case.

Missing from the information thus far disclosed are necessary details regarding multiple elements of the offense charged, including failing to provide details regarding the acts constituting the alleged "intent" related to preventing communication to law enforcement, and the reasonable likelihood that any communication prevented would have been to a *federal* law enforcement officer or a federal judge. It fails to identify the person whose communication the defendant sought to prevent. Assuming arguendo that individual is Ms. Birchmore or her friend described in paragraph 7 of the Superseding Indictment, the government offers no evidence of that person's cooperation or relationship with any federal law enforcement officers, the "commission or possible commission of the *federal* offenses" described in the indictment, and any nexus between the communication prevented and any investigation into the commission or possible commission of the described federal offenses.

Indeed, during the hearing on the Motion to Dismiss, the government again offered incomplete information regarding essential facts on these issues, stating that at trial, it "will introduce evidence to prove or make a sufficient showing under the reasonable likelihood standard that indeed one relevant communication would go to a federal law enforcement agency, the FBI." D.E. 100, at 25. Following this minimalist statement, the government urged that "any additional detail . . . may be properly disclosable pursuant to a – to a motion for a bill of particulars." *Id.*

As proposed by the government in its arguments and in its Opposition to Mr. Farwell's Motion to Dismiss the Superseding Indictment, D.E. 94, "any further detail necessary for the preparation of the defense and to avoid prejudicial surprise can be achieved through a bill of

particulars pursuant to Fed. R. Crim. P. 7(f)."  D.E. 94, at 3-4, *citing United States v. Leach*, 427 F.2d 1107, 1110 (1st Cir. 1970). To rectify these factual omissions, a Bill of Particulars is the relief Mr. Farwell seeks.

### III.     Argument

Rule 7(f) empowers the Court to direct the government to file a bill of particulars. Fed. R. Crim. P. 7(f). To that end, the Court should exercise its broad discretion and order the government to follow its own suggestion and provide a bill of particulars, as set forth below.

#### A.      Applicable law regarding a bill of particulars

When the charging document lacks sufficient particularity, the defendant's ability to confront adverse witnesses, to use compulsory process, and to mount a defense are inhibited. *See* U.S. Const. amend. V, amend. VI, amend. VIII. A bill of particulars, clarifying the indictment, is appropriate to vindicate these rights. *See Will v. United States*, 389 U.S. 90, 99 (1967); *Smith v. United States*, 360 U.S. 1, 10 (1959). Rule 7(f) of the Federal Rules of Criminal Procedure broadly authorizes the Court to "direct the government to file a bill of particulars" to supplement the indictment, "as justice requires." Fed. R. Crim. P. 7(f).

The function of a bill of particulars is to provide a defendant with necessary details of the charges against him: "to enable [the defendant] to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy." *United States v. Abreu,* 952 F.2d 1458, 1469 (1st Cir. 1992); *United States v. Paiva*, 892 F.2d 148, 154 (1st Cir. 1989); *United States v. Leach*, 427 F.2d 1107, 1110 (1st Cir. 1970). A defendant "uncertain as to the nature of the charges against him . . . [may] file a motion for a bill of particulars." *United States v. Barbato,* 471 F.2d 918, 921 (1st Cir. 1973). "A bill of particulars is a written statement by the prosecutor that provides additional details, beyond those set forth in the indictment or information, of the charges against the defendant"

5

whose "purpose is to give the defendant notice of the essential facts supporting the crimes and thus avoid prejudicial surprise at trial." 1 *Fed. Prac. & Proc. Crim.* § 130 (5th ed. 2025)

This Court has "broad discretion in ruling upon motions for bills of particulars." *United States v. Tarvers*, 833 F.2d 1068, 1076 (1st Cir. 1987) (internal citation omitted). The inquiry whether a bill of particulars is required is necessarily case-specific. *United States v. Bin Laden*, 92 F. Supp. 2d 225, 234 (S.D.N.Y. 2000) ("It is no solution to rely solely on the quantity of information disclosed by the government [in discovery]; sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars.") *See also United States v. Diaz*, No. CR 05-0167, 2007 WL 4169973, at *5 (N.D. Cal. 2007) ("Notice means notice. It does not mean a scavenger hunt for clues in discovery, including in redacted pages."). In exercising its broad discretion, the Court "must examine the totality of the information available to the defendant, including the indictment and general pre-trial discovery, and determine whether, in light of the charges that the defendant is required to answer, the filing of a bill of particulars is warranted." *United States v. Gibson*, 175 F. Supp. 2d 532, 536 (S.D.N.Y. 2001).

**B.      A bill of particulars is required to provide the defense with necessary details.**

Title 18 U.S.C. § 1512 criminalizes a range of activities constituting witness tampering. Section 1512(a)(1)(C) makes it a crime to:

> [K]ill[] or attempt[] to kill another person, with intent to . . . prevent the communication by any person to a law enforcement officer or judge *of the United States* of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings[.] (emphasis added).

Under § 1512(a)(1)(C), the Government must prove (1) a killing or attempted killing, (2) committed with a particular intent; namely, an intent (a) to "prevent" a "communication" (b) about "the commission or possible commission of a *federal* offense" (c) to a *federal* "law enforcement officer or judge." *Fowler v. United States,* 563 U.S. 668, 672 (2011) (emphasis added).  The

superseding indictment in this case fails to allege the necessary element that a law enforcement officer or judge be "of the United States," or any essential fact that supports the allegation of possible federal criminal conduct.

In *Fowler*, the Supreme Court addressed provisions of the witness tampering statute in 18 U.S.C. § 1512(g)(2). *Fowler* held that § 1512 can cover a defendant who tampers with a witness "with intent to prevent communication with law enforcement officers generally *(i.e.*, with any and all law enforcement officers)," 563 U.S. at 673, but where the defendant does not have particular law enforcement officers in mind, the Government must show a "reasonable likelihood" that "at least one relevant communication would have been made to a federal law enforcement officer." *Id*. at 677. The Government must show that "the likelihood of communication to a federal officer was more than remote, outlandish, or simply hypothetical." *Id*. at 678; *see United States v. Tyler*, 732 F.3d 241, 252 (3d Cir. 2013) (emphasis in original) (quoting *United States v. Lopez*, 372 F.3d 86, 92 (2d Cir. 2004), *vacated on other grounds by* 544 U.S. 902 (2005)) (holding that for charge under § 1512(a)(1)(C), government "must establish a *reasonable likelihood* that the person whom the defendant believes may communicate with law enforcement *would* in fact make a relevant communication with a federal law enforcement officer" and that to "establish this reasonable likelihood, 'there must be evidence—not merely argument'[—]of the witness's cooperation with law enforcement"). The Supreme Court emphasized that "to allow the Government to show no more than the broad indefinite intent we have described (the intent to prevent communications to law enforcement officers in general) would bring within the scope of this statute many instances of witness tampering in purely state investigations and proceedings, thus extending the scope of this federal statute well beyond the primarily federal area that Congress had in mind." *Fowler*, 563 U.S. at 675.

Here, the government, through the Superseding Indictment and pretrial discovery, fails to provide details regarding the alleged "intent" related to preventing communication to federal law enforcement; it fails to provide details regarding the reasonable likelihood that any communication prevented would have been to *federal* law enforcement; it fails to provide details regarding the person whose communication the defendant sought to prevent; it fails to provide details regarding that person's cooperation with *any* law enforcement entity; it fails to provide details regarding the "commission or possible commission of the federal offenses" described in the indictment; and it fails to provide details regarding any nexus between the communication prevented and any investigation into the commission or possible commission of the described federal offenses. In short, despite the defense's best efforts and even after engaging in a "scavenger hunt for clues," *see Diaz*, 2007 WL 4169973 *5, in assessing the Superseding Indictment and the significant discovery provided thus far, the defense cannot ascertain the necessary details of the offense charged to enable it to prepare an adequate defense.

In *Baugh*, the court assessed the sufficiency of an indictment alleging violations under 18 U.S.C. § 1512(b)(3), and noted that the government alleged the following facts and conduct in the indictment: "Baugh, Harville and their coconspirators took steps to conceal their harassment campaign from eBay investigators and state *and federal* authorities by, among other things, monitoring law enforcement communications, forging records, lying to investigators, and destroying evidence." *Baugh*, 588 F. Supp. 3d 140, 148 (D. Mass. 2022) (emphasis in original). The court found that "[t]his is enough to put the defendants on notice of the charge that a federal investigation was reasonably likely, that is 'more than remote, outlandish or simply hypothetical." *Id.* (citing *Fowler*, 563 U.S. at 678). Additionally, the *Baugh* Court noted that the indictment "apprise[d] the Defendants of the charged *conduct*." *Id.*

Here, unlike the facts described and conduct alleged in the *Baugh* indictment, the indictment against Mr. Farwell fails to include the facts and conduct and their connection to the elements of the charged offense, and fails to allege that any alleged killing was done to prevent the communication by any person to a law enforcement officer or judge *of the United State*s under the *Fowler* standard.

## IV.    The Requested Particulars

Matthew Farwell requests that the Court direct the government to provide a bill stating the following particulars:

1. Details regarding the person whose communication Mr. Farwell allegedly sought to prevent.

2. What facts show a reasonable likelihood that the person whose communication Mr. Farwell allegedly sought to prevent would have made at least one relevant communication to a *federal* law enforcement officer?

3. What facts show that Mr. Farwell allegedly killed Sandra Birchmore <u>with the intent</u> to prevent the communication by any person to a *federal* law enforcement officer of information relating to the commission of or possible commission of Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242, Coercion and Enticement, in violation of 18 U.S.C. § 2422(b), and/or Wire Fraud, in violation of 18 U.S.C. § 1343?

4. What facts show that Mr. Farwell allegedly killed Sandra Birchmore <u>with the intent</u> to prevent the communication by any person to a *federal* law enforcement officer information relating to the commission of or possible commission of Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242, Coercion and Enticement, in violation of 18 U.S.C. § 2422(b), and/or Wire Fraud, in violation of 18 U.S.C. § 1343, <u>and</u> that at least one relevant communication would have been made to a *federal* law enforcement officer or Judge of the United States <u>and</u> that the likelihood of communication to a *federal* officer was more than remote, outlandish or simply hypothetical?

5. Was there a federal law enforcement or Judge of the United States to whom at least one relevant communication would have been made arising from the alleged conduct at issue in the superseding indictment; and if so, who was that person?

6.  What was the alleged connection between the federal law enforcement officer and/or office and the circumstances at issue here to whom the communication would likely have been made?

## V.    Conclusion

For the foregoing reasons, and pursuant to the Fifth and Sixth Amendments to the United States Constitution and Federal Rule of Criminal Procedure 7, the defendant requests that this Court order the government to provide the requested particulars.

Pursuant to Local Rule 7.1(a)(2), undersigned counsel has conferred with the government and the government objects to the relief requested herein.

This the 25th day of June, 2026

Respectfully submitted,

MATTHEW FARWELL,
By his attorneys,

*/s/ Kimberly C. Stevens*
Kimberly C. Stevens, NC State Bar # 20156
Joanne M. Daley, BBO # 653375

Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061
Joanne_daley@fd.org

## CERTIFICATE OF SERVICE

I, Kimberly C. Stevens, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on June 25, 2026.

*/s/ Kimberly C. Stevens*
Kimberly C. Stevens