UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

MATTHEW FARWELL

Defendant

CRIMINAL No. 24-10259-DJC

## GOVERNMENT'S OPPOSITION TO MOTION FOR A BILL OF PARTICULARS

The United States of America, by Leah B. Foley, United States Attorney, and Brian A. Fogerty, Elizabeth C. Riley, and Torey B. Cummings, Assistant United States Attorneys for the District of Massachusetts, opposes defendant Matthew Farwell's motion for a bill of particulars, pursuant to Fed. R. Crim. P. 7(f).  ECF No. 162.  Focusing on the intent element of Count One, which charges him with violating 18 U.S.C. § 1512(a)(1)(C), Farwell argues that he is entitled to additional details regarding the communications that the murder of Sandra Birchmore prevented. Farwell's motion should be denied because the Court has already held that the Superseding Indictment is sufficiently specific.  Moreover, Farwell's requests are improper because they seek information about the evidence, as opposed to details regarding the charges, and they are based on a misinterpretation of the elements the government must prove at trial.

First, Farwell's request for a bill of particulars is a rehash of his unsuccessful motion to dismiss.  The Court has already held that the Superseding Indictment "sufficiently apprises Farwell of the charge against him such that he can prepare an adequate defense and invoke double jeopardy protections."  ECF No. 97 at 10.  In so holding, the Court rejected Farwell's arguments that the Superseding Indictment failed "to allege the necessary element that a law enforcement officer or

judge be 'of the United States,' or any essential fact that supports the allegation of possible federal criminal conduct." *Compare* ECF No. 162 at 7 *with* ECF No. 97 at 6–8, and 10.  The Court should deny this second attack on the Superseding Indictment.

Second, Farwell improperly seeks a description of how the government will prove the elements of the crime and make its "show[ing] that there was a reasonable likelihood that a relevant communication would have been made to a federal officer."  *See* ECF No. 162, Request Nos. 2–6.  A bill of particulars is not a vehicle for obtaining information about the evidence proving an element or the "reasonable likelihood" showing because it is "not a discovery device.  It 'is not an investigative tool for defense counsel 'to obtain a detailed disclosure of the government's evidence prior to trial.''"  *United States v. Ellison*, 442 F. Supp. 3d 491, 496–97 (D.P.R. 2020) (quoting *United States v. Rodriguez-Torres*, 560 F. Supp. 2d 108, 111 (D.P.R. 2008), in turn quoting *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978)).[1]  Indeed, "'a bill of particulars may not call for evidentiary matter[,] . . . a detailed preview of the government's trial evidence,' or disclosure of the government's legal theory or legal conclusions."  *See Ellison*, 442 F. Supp. 3d at 497 (quoting 1 Charles Alan Wright & Andrew D. Leipold, Federal Practice and Procedure: Criminal § 130, at 668–71 (4th ed. 2008)) (hereinafter, "Wright & Leipold").  Notwithstanding Farwell's liberal use of the phrase "[w]hat facts show," the crux of his demands is that the government disclose its legal theory and evidentiary support for the allegations in the Superseding Indictment. *See* Request Nos. 1–6.  This is an improper use of Rule 7(f), and the Court should deny the motion for that reason.

---

[1] As this Court has already held, the "reasonably likelihood" construction from *Fowler v. United States*, 563 U.S. 668, 672, 678 (2011), is not an element that must be included in the indictment or even proven beyond a reasonable doubt.  Rather, it is a threshold evidentiary showing the government must make at trial.  ECF No. 97 at 7–8.

Third, even if Farwell were entitled to more information about the evidence, his requests are improper because they are based on a misinterpretation of the elements of Section 1512(a)(1)(C).  From the text and his emphasis on the word "federal," the premise for Request Nos. 2 through 4 appears to be that the government must prove that Farwell killed Birchmore intending to prevent a communication to a specific federal law enforcement officer.  That is not the law.  Section 1512(g)(2) eliminated any mens rea requirement regarding the federal status of the putative recipient of a communication that the killing prevented.  *See* 18 U.S.C. § 1512(g)(2). And in *Fowler*, the Court held that Section 1512(a)(1)(C) "covers a defendant who kills with intent to prevent communication with law enforcement generally (i.e., with any and all law enforcement officers)."  *Fowler*, 563 U.S. at 673.  Here, the Court should deny the motion because Farwell seeks evidence regarding something the government does not have to prove.

Finally, while the Superseding Indictment and the tens of thousands of pages of discovery have apprised the defendant of the nature of the charges and mitigate any genuine risk of surprise at trial, the government will supplement its disclosures with the following representations regarding Request Nos. 1 and 5:

- Request No. 1.  Matthew Farwell sought to prevent communications by Sandra Birchmore, the person who contacted the Stoughton Police Department on January 20, 2021 (Superseding Indictment, ¶ 7), and any similarly situated persons to whom Birchmore made disclosures about the conduct underlying Farwell's identified federal crimes (Superseding Indictment, ¶¶ 4–5, 11).

- Request No. 5.  The Federal Bureau of Investigation ("FBI"), including its agents and task force officers, are the federal law enforcement officers to whom at least one relevant communication would have been made.

**Factual Background**

I.      **Procedural History**

        A.      The Indictment and Arrest.

On August 27, 2024, a grand jury returned an indictment charging Farwell with a violation of 18 U.S.C. § 1512(a)(1)(C), for killing Sandra Birchmore to prevent the communication of information about certain identified federal crimes. ECF No. 1. FBI agents arrested Farwell on August 28, 2024. ECF No. 8.

        B.      The Superseding Indictment.

On October 28, 2025, a grand jury returned the Superseding Indictment, which includes the original charge in violation of Section 1512(a)(1)(C), and adds a count alleging a violation of 18 U.S.C. §§ 1841(a)(1), (a)(2)(A), and (a)(2)(C), for Farwell causing the death of a child in utero. ECF No. 63.

        C.      The Court Denied Farwell's Motion to Dismiss the Superseding Indictment.

On January 30, 2026, Farwell filed a motion to dismiss the Superseding Indictment, arguing that the charging document failed to allege that the putative recipient of any relevant communication was a federal law enforcement officer, that the indictment should have included the Supreme Court's "reasonable likelihood" interpretation of Section 1512(a)(1)(C)'s intent element, and that the Superseding Indictment lacked sufficient facts regarding the communications the murder prevented. ECF No. 90. Following briefing and oral argument, the Court denied the motion in a written order entered on March 9, 2026. ECF No. 97.[2]

_____

[2] At oral argument, consistent with its opposition to the motion to dismiss, government counsel stated that "at trial, the government will introduce evidence to prove or make a sufficient showing under the reasonable likelihood standard that indeed one relevant communication would go to a federal law enforcement agency, the FBI." ECF No. 100 at 25. And in the context of identifying the federal law enforcement officer or agency for the "reasonable likelihood" showing,

D.    The Magistrate Judge Granted the Government's Motion for Detention.

On August 28, 2024, the government moved to detain Farwell.  Along with its motion, the government filed a 45-page affidavit from an FBI agent that describes in detail the facts and circumstances of Farwell's murder of Birchmore.  ECF Nos. 9 and 9-1.  Shortly after his arrest, Farwell consented to voluntary detention.

On March 26, 2026, Farwell filed his first opposition to the government's motion for detention.  ECF No. 105–106.  The government then submitted supplemental memoranda in support of detention on April 6 and 22.  ECF Nos. 111, 127, 132.  On April 28, 2026, Magistrate Judge M. Page Kelley heard oral argument on the motion for detention, which included the government's comprehensive oral proffer regarding the facts underlying Farwell's crimes.  ECF No. 133–34.  On May 26, 2026, Magistrate Judge Kelley granted the government's motion for pretrial detention.  ECF No. 154.

**II.    Summary of Discovery Disclosures**

The government has produced voluminous discovery since Farwell's arrest nearly two years ago.  This has included more than 76,000 pages of materials, data extracted from cell phones and online accounts belonging to Birchmore and Farwell, video surveillance footage, forensic evidence regarding Birchmore and the crime scene, and myriad other items.

Moreover, the government produced: (1) items that reveal Farwell's awareness of the January 20, 2021 call to the Stoughton Police Department (Superseding Indictment, ¶ 7; USAO_16168 at January 20, 2021 (Farwell's texts confronting Birchmore regarding the call)); (2)

---

government counsel further stated, "additional detail is properly—may be properly discoverable pursuant to a—to a motion for a bill of particulars."  ECF No. 100 at 25.  However, with the Court having ruled that the Superseding Indictment "sufficiently apprises Farwell of the charge against him such that he can prepare an adequate defense and invoke double jeopardy protections," there is no basis for a bill of particulars.  ECF No. 97 at 10.

reports and testimony regarding the January 20, 2021 call (*see, e.g.*, Ex. A, USAO_56413–56459; Ex. B, USAO_12401–12403; Ex. C, USAO_12426–12429); and (3) reports regarding the Stoughton Police Department's practices regarding referrals to the FBI (Ex. D, USAO_75732–75737).[3]

**Legal Standard**

"Motions for bills of particular are seldom employed in modern federal practice." *United States v. Sepulveda*, 15 F.3d 1161, 1192 (1st Cir. 1993). "When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." *Id.* at 1192–93 (citing *United States v. Abreu*, 952 F.2d 1458, 1469 (1st Cir. 1992)). Therefore, the relevant inquiry when considering a motion for a bill of particulars is not whether the information sought would be helpful to the defendant, but rather whether it is necessary to allow a defendant to prepare his defense and avoid unfair surprise at trial. *See id.*; *United States v. Matos-Peralta*, 691 F. Supp. 780, 791 (S.D.N.Y. 1988).

"When considering whether a defendant has made the requisite showing, 'courts may consider the complexity of the crime charged, the clarity of the indictment, and the degree of discovery and other sources of information otherwise available to the defendant.'" *United States v. Gasana*, 719 F. Supp. 3d 175, 177–78 (D.N.H. 2024) (quoting *Ellison*, 442 F. Supp. 3d at 496). Where the information necessary for the preparation of the defense can be obtained through other means, such as discovery, a bill of particulars is not warranted. *See, e.g., United States v. Spencer*, No. 13-CR-10196-RWZ, 2014 WL 547064, at *1 (D. Mass. Feb. 11, 2014) (Zobel, J.)

---

[3] Separately, the government moves for leave to file these items under seal because they are subject to the Court's protective orders, and the documents contain non-public information regarding potential trial witnesses.

6

(where "the facts of the case are straightforward, and the government has provided substantial discovery to defendant . . . a bill of particulars is inappropriate."); *United States v. Godfrey,* No. 11-CR-10279-RWZ, 2013 WL 1414887, at *3 (D. Mass. Apr. 5, 2013) (Bowler, M.J.) (denying bill of particulars where indictment was specific enough and discovery had been provided); *United States v. Kemp*, No. CRIM.A.04-370, 2004 WL 2757867, at *8 (E.D. Pa. Dec. 2, 2004) ("Courts are especially reluctant to direct the filing of a bill of particulars when the government has provided the defendant with extensive pre-trial discovery.").

"A defendant is 'not entitled [to] a bill of particulars to obtain details revealing the precise manner in which the government alleges he committed the crimes charged or the manner in which it will attempt to prove the charges.'" *See Gasana*, 719 F. Supp. 3d at 182 (quoting *United States v. Faucette*, No. 2:13-CR-79-DBH, 2013 WL 3458182, at *1 (D. Me. July 9, 2013)). "[A] bill of particulars may not call for evidentiary matter[,] . . . a detailed preview of the government's trial evidence,' or disclosure of the government's legal theory or legal conclusions." *See Ellison*, 442 F. Supp. 3d at 497 (citing Wright & Leipold, § 130, at 668–71).

Because of the potential impact of such an order, courts proceed with caution in determining whether to order that the government produce a bill of particulars. Specifically, "[b]ecause a bill of particulars confines the government's proof to the particulars furnished, a court should not grant a bill of particulars where . . . the consequence of granting the request would be to unduly restrict the government's ability to present its case." *United States v. Gibson*, 175 F. Supp. 2d 532, 536–37 (S.D.N.Y. 2001) (rejecting request in securities fraud case for, inter alia, names of investors to whom misrepresentations were made); *United States v. Perez*, 940 F. Supp. 540, 550 (S.D.N.Y. 1996) ("A bill of particulars is not an investigative tool which a defendant can use to force the government to preview its evidence or expose a legal theory.").

**Argument**

I.    **The Court Should Deny Farwell's Motion for a Bill of Particulars.**

The Court should deny Farwell's motion because it is an improper attempt to preview and limit the government's trial evidence based on unavailing claims about the sufficiency of the Superseding Indictment and discovery.  The facts of this case are not particularly complex.  It is no mystery that the government will introduce evidence at trial proving that Farwell killed Birchmore to stop her, and anyone she could have told about his underlying federal crimes, from reporting his conduct to law enforcement.  And as the government has already disclosed, the crimes that Farwell committed while serving as a Stoughton police officer would have been referred to the FBI.  In fact, they ultimately were. *See* Ex. D, USAO_75732–35.  Nevertheless, Farwell asks the Court to order the government to spell out the evidence it will use to prove Section 1512(a)(1)(C)'s intent element, misconstruing that element along the way.  The Court should deny Farwell's requests.

A.    Farwell is not entitled to a bill of particulars because the Superseding Indictment enables the defendant to prepare and avoid unfair surprise.

Farwell's motion for a bill of particulars repeats his *Fowler*-based arguments that the Superseding Indictment contains insufficient allegations regarding Section 1512(a)(1)(C)'s intent element.  ECF No. 162 at 6–9.  These arguments cannot support a motion for a bill of particulars because the Court has already rejected them, holding that the Superseding Indictment includes "all of the essential elements," and "conclud[ing] that it sufficiently apprises Farwell of the charge against him such that he can prepare an adequate defense and invoke double jeopardy protections." ECF No. 97 at 7, 10.

Farwell also asserts that the Court must grant the motion because a "bill of particulars will ensure that any prosecution is based only on facts presented to the grand jury."  ECF No. 162.  The

8

problem is he cites no authority for the proposition that a bill of particulars may be used to examine the evidence the grand jury considered when returning a facially valid indictment. *Cf.* ECF No. 97 at 7 n.1 (the Court citing "'a presumption of regularity' afforded to grand jury proceedings") (quoting *United States v. Flemmi*, 245 F.3d 24, 28 (1st Cir. 2001)); *see also United States v. Delpriore*, No. 18-cr-136-SLG-DMS, 2022 WL 7490875, *1 (D. Alaska Sept. 25, 2022) (denying motion for bill of particulars, holding that "it is well established that the government is not limited at trial to evidence presented to the grand jury").

B.      Farwell is not entitled to the proposed bill of particulars because he seeks a description of the evidence and the government's legal theory.

The Court should deny Farwell's motion because his requests seek descriptions of the evidence and legal theory. It is well settled that a bill of a particulars is not a device for obtaining a preview of the government's trial presentation. *See Gasana*, 719 F. Supp. 3d at 182. In *Gasana*, the defendant was charged with making false statements about participating in the Rwandan genocide on certain immigration documents and being ineligible for naturalization because he was a genocidaire. *Id.* at 177. The court denied a motion for a bill of particulars in which the defendant sought information about his acts that rendered him ineligible for naturalization. *Id.* at 180. The court found that the government's proffer identifying the defendant's false statements that were generally alleged in the indictment obviated the need for further information, and held that "[r]requiring the government to take the additional step of revealing to [the defendant] the acts it intends to prove he committed which made his statements false would give [the defendant] 'a detailed preview of the government's trial evidence,' which is not the purpose of a bill of particulars." *Id.* at 182 (quoting *United States v. Keleher*, 505 F. Supp. 3d 41, 55 (D.P.R. 2020) (quoting Wright & Leipold, § 130)).

9

In Request Nos. 2–4, Farwell recites components of Section 1512(a)(1)(C)'s intent element and demands that the government explain "what facts show" that Farwell engaged in the conduct described by the elements of the charged offense. Notwithstanding his use of the word "facts," Farwell, like the defendant in *Gasana*, is looking for evidentiary details that will prove the components of the element. In *Gasana*, with the defendant aware of the charged false statements, the court held there was no need for a bill of particulars. 719 F. Supp. 3d at 182. Here, where Farwell has the information from the Superseding Indictment, the government's proffer, and discovery regarding the target law enforcement agency and its role in such an investigation, Farwell also has sufficient notice. Identifying additional "facts that show" is akin to requiring the government to explain how it will prove what is alleged. *See, e.g., United States v. Merchia*, No. 22-CR-10355-NMG, 2024 WL 1678152, at *1 (D. Mass. April 18, 2024) (Boal, M.J.) ("A bill of particulars is not designed to be a discovery device or to permit defendants to preview the evidence or the government's theory of the case."); *United States v. Dean*, No. 08CR212A, 2008 WL 4826319, at *2 (W.D.N.Y. Nov. 4, 2008) ("The Government is not obligated to 'preview its case or expose its legal theory,' nor must it disclose the precise 'manner in which the crime is alleged to have been committed.'") (quoting, respectively, *United States v. LaMarte*, 744 F. Supp. 573, 577 (S.D.N.Y. 1990), *United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977), and *United States v. Andrews*, 381 F.2d 377, 377 (2d Cir. 1967) (per curiam)). That is not the purpose of a bill of particulars.

Farwell's Request No. 6 is an even clearer example of an improper request for evidence. Farwell appears to request a description of the evidence connecting "the federal law enforcement officer" and "the circumstances at issue here." ECF No. 162 at 10. However, at this point, the Court has held that the Superseding Indictment enables Farwell to prepare for trial, the government

has identified the relevant federal law enforcement agency, and Farwell possesses numerous discovery items relevant to the FBI's connection to investigations involving the underlying offenses. Request No. 6 is the quintessential demand for a "detailed preview of the government's trial evidence,' or disclosure of the government's legal theory or legal conclusions." *See Ellison*, 442 F. Supp. 3d at 497 (citing Wright & Leipold, § 130, at 668–71). The government urges the Court to deny it.

      C.    <u>Request Nos. 3–4 seek information regarding things the government does not have to prove</u>.

The Court should deny the motion for a bill of particulars regarding Request Nos. 3 and 4 because the requests seek information beyond what is at issue in this case. ECF No. 162 at 9–10. At trial, the government may prove a violation of Section 1512(a)(1)(C) by establishing that the defendant "(1) kill[ed] a victim, (2) with an intent (a) to prevent a communication (b) about the commission or possible commission of a federal offense but (c) *to law enforcement officers in general rather than to some specific law enforcement officer or set of officers which the defendant has in mind*." *See Fowler*, 563 U.S. at 673 (emphasis in original). Accordingly, the Court should deny Farwell's requests insofar as they seek what the government does not have to prove: an intent to prevent communication to a specific federal officer. *See also* 18 U.S.C. § 1512(g)(2) (eliminating the mens rea requirement regarding the law enforcement officer's federal status).

## **Conclusion**

For the reasons set forth herein, the government opposes defendant Matthew Farwell's motion for a bill of particulars.  ECF No. 162.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:    /s/ Brian A. Fogerty
BRIAN A. FOGERTY
ELIZABETH C. RILEY
TOREY B. CUMMINGS
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

 /s/ Brian A. Fogerty_____
BRIAN A. FOGERTY
Assistant United States Attorney

Date: July 9, 2026