UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW FARWELL<br><br>Defendant | CRIMINAL No. 24-10259-DJC |

### GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY BY DANIEL LOPER

The United States of America, by Leah B. Foley, United States Attorney, and Brian A. Fogerty, Elizabeth C. Riley, and Torey B. Cummings, Assistant U.S. Attorneys for the District of Massachusetts, moves to exclude certain expert testimony the defendant Matthew Farwell intends to introduce at trial because the defendant's Rule 16(b)(1)(C) notice fails to identify the witness's purported expert opinions and bases and reasons for them.

In a cursory fashion, Farwell has disclosed that Mr. Loper (1) "will provide his expert opinion to Apple health data," (2) "his expert opinion as to the pairing of Apple watches to iPhones and the best method to collect Apple Watch data from an Apple Watch should the cell phone and watch have stopped syncing," and (3) "his expert opinion on the best practices of collecting and preserving video." *See* Loper Expert Disclosure (attached hereto as Exhibit A) at 2. The problem is Farwell fails to disclose what those "expert opinions" are, let alone the bases for them. Without that information, neither the government nor the Court can begin to determine whether the testimony is admissible under Fed. R. Evid. 702. Therefore, the government respectfully requests that the Court preclude Mr. Loper from offering testimony on the foregoing topics.

**Background**

I.    **Summary of Digital Evidence.**

On February 4, 2021, law enforcement found Sandra Birchmore deceased in her Canton, Massachusetts apartment.  At the time, there was an Apple iPhone near her body, and Birchmore was wearing an Apple Watch.  During the investigation, the State Police and the FBI collected various other electronic devices (i.e., an Apple MacBook laptop, another iPhone belonging to Birchmore, and iPhones that belonged to Farwell).  FBI agents also obtained data from Apple iCloud accounts.  And two days after Birchmore's body was found, State Police investigators obtained video surveillance footage from Birchmore's apartment complex.

At trial, the government will introduce evidence from the foregoing digital devices and accounts.  The government also anticipates that Farwell will attempt to introduce digital artifacts from these same sources.

II.    **Farwell's Requests for Expert Disclosures.**

On August 21, 2025, Farwell made a written request for the government's expert disclosures.  *See* Letter to Gov't Counsel, dated Aug. 21, 2025, at 3, filed under seal as Exhibit B.[1] In that letter, Farwell requested that the government "provide all expert opinions sought and received by the government in this case, and/or sought and received by state and/or local authorities and known to the government, even if such opinions were not reduced to writing and/or even if the government does not intend to introduce such opinion in its case-in-chief." *Id.*

On October 8, 2025, the parties filed under seal a joint memorandum regarding proposed pretrial filing deadlines.  This joint memorandum set the deadline for the parties' respective Rule 16 expert witness disclosures.

---

[1] Separately, the government moves for leave to file Exhibit B under seal.

### III.     The Government Complied With Rule 16(a)(1)(G).

On May 8, 2026, the government served defense counsel with expert disclosures, complying with the government's discovery obligations under Fed. R. Crim. P. 16(a)(1)(G).

### IV.     Mr. Loper's Expert Notice.

On June 1, 2026, Farwell provided a Notice of Intent to Offer Expert Testimony for Mr. Loper.  *See* Ex. A.  The three-page notice describes Mr. Loper's training and experience and purports to summarize his anticipated expert testimony.  The description of Mr. Loper's expert opinions and underlying bases consists of the following:

> Mr. Loper will testify regarding his training, qualifications and experience consistent with his Curriculum Vitae. While Mr. Loper will likely testify regarding the facts and artifacts observed during his review of the cellphone and computer extractions provided by the Government, he may also testify regarding his opinions of the work performed by the government's experts, Christopher Beckstronm [sic] and Jessica Hyde to include but not limited to Bluetooth connections, internet search history, applications and their functionality. [Footnote defining the term "artifact" has been omitted.]
>
> Mr. Loper will provide his expert opinion to Apple health data and provide any rebuttal to governments' [sic] expert's testimony.
>
> Mr. Loper will provide his expert opinion as to the pairing of Apple watches to iPhones and the best method to collect Apple Watch data from an Apple Watch should the cell phone and watch have stopped syncing. Mr. Loper will also provide any rebuttal testimony to governments' expert testimony.
>
> Mr. Loper will provide his expert opinion on the best practices of collecting and preserving video surveillance systems and provide any rebuttal to the government's experts' testimony. Mr. Loper reserves the right to add to or amend his testimony if additional evidence is received in the case.

*See* Ex. A at 2.

**Legal Standard**

Under Federal Rule of Evidence 702, a party may admit the testimony of a qualified expert if four requirements are met:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

*See* Fed. R. Evid. 702; *see also United States v. Coleman*, 149 F.4th 1, 31 (1st Cir. 2025). Under *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 593-94 (1993), "courts consider the following nonexclusive factors to determine whether an expert's methodology is reliable: (1) 'whether [the theory or technique] can be (and has been) tested'; (2) 'whether the theory or technique has been subjected to peer review and publication'; (3) 'the known or potential rate of error' of a particular scientific technique; and (4) whether the methodology has been generally accepted by the relevant scientific community." *See Coleman*, 149 F.4th at 31 (quoting *Daubert*). The defendant has the burden of demonstrating the admissibility of his proffered expert opinions. *See Coleman*, 149 F.4th at 31 (citing *United States v. Tetioukhine*, 725 F.3d 1, 6, (1st Cir. 2013)).

Federal Rule of Criminal Procedure 16(b)(1)(C) provides the mechanism by which the government and Court can begin to evaluate the admissibility of the expert testimony the defendant intends to offer. The rule imposes upon defendants reciprocal expert disclosure obligations. When a defendant requests that the government make an expert disclosure pursuant to Fed. R. Crim. P. 16(a)(1)(G), and the government complies, the defendant must provide, "a disclosure for each

expert witness [containing]: a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief; the bases and reasons for them; the witness's qualifications, including a list of all publications authored in the previous 10 years; and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." Fed. R. Crim. P. 16(b)(1)(C).

Cursory, single-sentence descriptions of the topics on which the expert intends to opine are insufficient under Rule 16(b)(1)(C). *See Coleman*, 149 F.4th at 31-32. For example, in *Coleman*, the First Circuit held that the district court did not abuse its discretion in excluding expert testimony when the defendant provided only a bare-bones description of the general topic on which the expert would testify. *Id.* In so holding, the court cited the absence of a robust disclosure "explain[ing] the reasons for his opinion or describing accepted methodologies in his field or the methodologies of the disclosed articles [he cited]." *Id.* at 32. Ultimately, the court agreed with the district court's assessment that the disclosure made it "impossible for [the court] to assess even what the precise opinion is, what the methodology is." *Id.*

### Argument

**I.    The Court Should Exclude Expert Testimony On Topics For Which Farwell Has Provided Deficient Notice.**

Farwell's expert disclosure for Mr. Loper fails to identify the precise expert opinions he intends to offer, and it is devoid of information regarding the bases for those so-far-undisclosed opinions. Without that information, neither the government nor the Court can begin to determine whether Mr. Loper has an opinion that is admissible under Rule 702. Accordingly, the Court should preclude Mr. Loper from testifying regarding the following topics.

A.    The Court should exclude testimony regarding Apple health data.

The Court should preclude Mr. Loper from testifying about Apple health data. Farwell disclosed that "Mr. Loper will provide his expert opinion to [sic] Apple health data and provide any rebuttal to governments' [sic] expert's testimony." *See* Ex. A at 2. Critically, this single-sentence disclosure fails to identify any expert opinion. Moreover, it fails to identify the relevant aspects of Apple health data about which Mr. Loper will testify. Plus, it fails to describe what Mr. Loper knows about that data. From his statement of qualifications, it remains a mystery how he obtained such information and developed his purported expertise. And the expert disclosure fails to explain why his (undisclosed) opinion about the data is reliable and based on accepted methodologies. Ultimately, Farwell has failed to comply with Rule 16(b)(1)(C) and his testimony should be excluded.

B.    The Court should exclude testimony regarding Apple Watch data.

The Court should also preclude Mr. Loper from testifying about Apple Watch data. Farwell disclosed: "Mr. Loper will provide his expert opinion as to the pairing of Apple watches to iPhones and the best method to collect Apple Watch data from an Apple Watch should the cell phone and watch have stopped syncing." *See* Ex. A at 2.

Again, Farwell fails to disclose Mr. Loper's actual opinion. The disclosure suggests there is a "best method" for collection of Apple Watch data, but Farwell does not identify it. On this topic as well, Farwell's expert disclosure is wholly deficient, and the Court should exclude any testimony from Mr. Loper on the topic.

C.    The Court should exclude testimony regarding video surveillance systems.

The Court should also preclude Mr. Loper from testify about video surveillance systems. Farwell disclosed: "Mr. Loper will provide his expert opinion on the best practices of collecting and preserving video surveillance systems and any rebuttal to the government's experts'

6

testimony." *See* Ex. A at 2.  Here, too, Farwell fails to identify Mr. Loper's purported expert opinion, bases, and source of expertise.  The Court should exclude this testimony.


### Conclusion

Farwell's disclosure for Mr. Loper fails to comply with the requirements of Fed. R. Crim. P. 16(b)(1)(C).  As a result, the government does not have notice of the opinions Mr. Loper intends to offer and the Court cannot begin to evaluate the admissibility of Mr. Loper's testimony under Rule 702.  Therefore, the government respectfully requests that that the Court preclude Mr. Loper from testifying regarding the topics identified herein.


Respectfully submitted,

LEAH B. FOLEY
United States Attorney


By:    /s/ Brian A. Fogerty
       BRIAN A. FOGERTY
       ELIZABETH C. RILEY
       TOREY B. CUMMINGS
       Assistant United States Attorneys

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

       /s/ Brian A. Fogerty
       BRIAN A. FOGERTY
       Assistant United States Attorney


Date: August 3, 2026