**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW FARWELL,<br><br>    Defendant | CRIMINAL No. 24-10259-DJC |

**UNITED STATES' MOTION IN LIMINE TO**
**PRECLUDE EVIDENCE OF PENALTIES AND COLLATERAL CONSEQUENCES**

The United States of America moves *in limine* to preclude evidence or argument regarding the potential penalties associated with the charged offense or any collateral consequences of a conviction pursuant to Federal Rules of Evidence 402 and 403. The United States seeks this ruling prior to the start of trial because any reference to the foregoing evidence—including during *voir dire* or opening statements—could result in prejudice that the Court would be unable to rectify simply by sustaining a timely objection.

**Background**

Matthew Farwell has been charged with Killing a Witness or Victim and Protection of Unborn Children in violation of 18 U.S.C. § 1512(a)(1)(C) and 18 U.S.C. §§ 1841(a)(l), (a)(2)(A) and(a)(2)(C). ECF No. 63.

The government has alleged in the Superseding Indictment and intends to prove at trial facts establishing that the killing was first degree murder. First degree murder requires a killing with malice aforethought plus proof that it was a "willful, deliberate, malicious, and premediated killing," or a killing that satisfies one of the other aggravating factors identified in Section 1111(a). The penalty provision for Section 1512(a)(1)(C) cross-references the federal murder and manslaughter statutes, 18 U.S.C. §§ 1111 and 1112. *See* 18 U.S.C. § 1512(a)(3)(A) ("The

punishment for an offense under this subsection is (A) in the case of a killing, the punishment provided in sections 1111 and 1112."). The nature of the killing determines the applicable maximum penalty. The penalty for first degree murder is death or imprisonment for life. 18 U.S.C. § 1111(b).

This motion addresses the risk of unfair prejudice and jury nullification associated with testimony, questioning, or argument concerning the length of time the defendant could spend in prison if convicted, and the applicable mandatory sentence.

## **Argument**

The Court should preclude any reference to potential penalties in the presence of the jury. This evidence should be excluded because it is irrelevant to the charge and has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one"— the very definition of "unfair prejudice" in the Advisory Committee notes to Rule 403 of the Federal Rule of Evidence; and because it would invite jury nullification.

It is "well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon v. United States*, 512 U.S. 573, 579 (1994) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)). This principle reflects a "basic division of labor in our legal system between judge and jury." *Shannon*, 512 U.S. at 579. "The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged." *Id.* "The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Id.* Thus, information regarding potential penalties, statutory maximums or minimums, sentencing ranges, or other legal consequences of a conviction are "therefore irrelevant to the jury's task." *Id.* "Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their

factfinding responsibilities, and creates a strong possibility of confusion." *Id.*; s*ee also United States v. Cruz-Rivera*, 14 F.4th 32, 33–34 (1st Cir. 2021) (holding no error in precluding cross-examination of a cooperator regarding sentencing guidelines exposure).

Here, Farwell should be prohibited from referring, in the presence of the jury during *voir dire* or at trial, either directly or indirectly, to the potential penalties, statutory mandatory sentences, guidelines sentencing ranges, or collateral consequences upon a conviction. As the Court held in *Shannon*, these matters have no relevance to the issue of whether Farwell killed Sandra Birchmore to prevent communication about possible commission of federal crimes. *Shannon*, 512 U.S. at 579. Rather, references to the consequences of a conviction in this case would serve only the improper purpose of jury nullification. *See, e.g., United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) (holding "while jurors may choose to flex their muscles, ignoring both law and evidence in a gadarene rush to acquit a criminal defendant, neither the court nor counsel should encourage jurors to exercise this power."); *United States v. Manning*, 79 F.3d 212, 219 (1st Cir. 1996) (cleaned up) ("We have consistently held that a district court may not instruct the jury as to its power to nullify. . . . An attorney's attempt to achieve the same end indirectly, by arguing the severity of the punishment to the jury, is equally impermissible.").

Heeding the First Circuit's guidance in *Manning*, district courts have regularly stepped in to preclude evidence or argument calculated to induce jury nullification. *See e.g., United States v. Gonzalez-Perez*, 778 F.3d 3, 19 (1st Cir. 2015) ("[B]y suggesting that there are worse people out there, and that the government should go after them and not after the poor and vulnerable, defense counsel was encouraging the jury to disregard the law and acquit González. Thus, the statements were aimed at jury nullification and the government's objections were properly sustained."); *United States v. Ahrendt*, 560 F.3d 69, 73 (1st Cir. 2009) (ruling that district court properly

3

excluded evidence that the defendant sincerely believed that his religion entitled him to "the 'sacramental consumption' of drugs," explaining that "such testimony might invite jury nullification").

## Conclusion

For the above stated reasons, the United States requests that the Court prohibit Farwell and his counsel from referring, in the presence of the jury during voir dire or at trial, either directly or indirectly, to the (1) potential penalties Farwell may face, (2) the statutory mandatory sentence applicable to him, (3) any sentencing range upon his conviction, or (4) any collateral consequences of his conviction.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:    */s/ Elizabeth C. Riley*
       TOREY B. CUMMINGS
       BRIAN A. FOGERTY
       ELIZABETH C. RILEY
       Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Elizabeth C. Riley*
Elizabeth C. Riley
Assistant United States Attorney

Date: August 3, 2026

4