**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA )
)    Docket No. 1:24-cr-10259-DJC
v. )
)
MATTHEW FARWELL )

**DEFENDANT'S *MOTION IN LIMINE* TO PRECLUDE**
**REFERENCE TO THE KAREN READ TRIAL OR CIVIL SUIT,**
**AND TO FORMER CHIEF DONNA McNAMARA'S CIVIL**
**CLAIM AGAINST THE STOUGHTON POLICE DEPARTMENT**

The defendant, by and through undersigned counsel, respectfully moves this Court, in limine, for an order prohibiting the government, its witnesses, and counsel from offering evidence of, referring to, or drawing any comparison with (1) the criminal prosecution of Karen Read arising from the death of John O'Keefe, *Commonwealth v. Karen Read,* Norfolk Superior Court, Docket No.: 2282CR0117; (2) the subsequent civil suit of Karen Read, *Karen Read v. Massachusetts State Police and Town of Canton*, Bristol Superior Court, Civil Action No.: 2673CV489; or (3) the civil claim filed by former Stoughton Police Chief Donna McNamara against the Town of Stoughton and the Stoughton Police Department, *Donna M. McNamara v. Town of Stoughton, and Thomas Carter*, Civil Action No. 2682CV00852.

None of these matters from a general perspective have relevance to the charges in this federal case, and all carry a substantial risk of unfair prejudice, jury confusion, and improper propensity reasoning, in this instance directed at attempting to undermine the credibility of the Canton Police Department, who discovered the body of Sandra Birchmore on February 4, 2021, the Massachusetts State Police and the Office of the Chief Medical Examiner (OCME), as well as to undermine the general credibility of the Stoughton Police Department. Injection of these matters into the present trial would create trials within this trial itself. None of the Canton Police Officers,

1

Massachusetts State Police Officers, or OCME personnel who responded to the scene of the death of Sandra Birchmore at her Canton apartment on February 4, 2021 were involved in the Karen Read case. Further, the OCME's medical examiner who performed the autopsy in this case is not the same medical examiner who performed the autopsy on John O'Keefe. In support of this motion, the defendant states as follows.

## I.    INTRODUCTION

The Canton Police Department discovered the body of Sandra Birchmore on February 4, 2026, and the early investigation in this case was conducted by the Massachusetts State Police. Additionally, personnel from the OCME were present at the Birchmore death scene to transport the body to the OCME. The OCME then was responsible for the autopsy that was conducted on Ms. Birchmore.

Those are the same general agencies whose conduct was at the center of the criminal prosecution of Karen Read for the death of her boyfriend, Boston Police Officer John O'Keefe, whose body was found in Canton in January 2022. That case — tried twice over roughly two years, and the subject of extensive local and national media coverage — centered on a defense theory that the Canton Police Department and a Massachusetts State Police trooper conducted a biased and compromised investigation. Ms. Read was acquitted of the most serious charges in June 2025 and has since sued the Canton Police Department and the Massachusetts State Police alleging a corrupt and biased investigation. Separately, former Stoughton Police Chief Donna McNamara has filed an employment-related civil claim against the Town of Stoughton, which has received substantial publicity in recent dates.

The defendant anticipates that the government may possibly seek to invoke one or all of the above matters — whether through witness testimony or argument — for the purpose of

suggesting that the Canton Police Department and Massachusetts State Police are untrustworthy in light of the public controversy surrounding Read.  Any such reference asks the jury to evaluate the investigation in this case based on its impression of an entirely different, unrelated investigation rather than on the specific evidence gathered here.  Reference to the Read criminal trials or civil suit, or the McNamara civil claim (which has not been adjudicated) could prejudice the trial of this case if used offensively by the government to preemptively impugn the reputations of the same agencies whose early investigative work is directly at issue in this case.

Because a juror cannot "unhear" a reference to either matter once made, Defendant raises the issue in limine so the Court may resolve it before trial.

## II.    LEGAL STANDARD

Evidence is admissible only if relevant — that is, if it has "any tendency to make a fact more or less probable than it would be without the evidence" and the fact "is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Even relevant evidence may be excluded where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, or undue delay. Fed. R. Evid. 403.

The First Circuit defines "unfair prejudice" as an undue tendency to suggest decision on an improper basis, including evidence or argument that inflames the passions of the jury or otherwise distorts its assessment of the evidence actually before it. *United States v. Varoudakis*, 233 F.3d 113, 122 (1st Cir. 2000). Rule 403 requires the court to weigh the true probative value of the proposed evidence against that risk.

Rule 404(b) bars the use of "other... wrongs, or acts" to prove that a person or institution acted in conformity with a supposed pattern or character. Fed. R. Evid. 404(b)(1). That prohibition

is not one-directional: it forecloses using an unrelated matter to suggest an investigating agency behaved badly here because it may have behaved badly elsewhere.  Conduct in one unrelated matter is not probative of conduct in this one. The First Circuit applies a two-step inquiry to any such evidence: first, whether it has "special" relevance apart from a propensity inference, and second, whether its probative value survives Rule 403 balancing. *United States v. Rodriguez-Cardona*, 924 F.2d 1148, 1151 (1st Cir. 1991); *Varoudakis*, 233 F.3d at 119–22.

### III.    ARGUMENT

**A.    The Read Trial and the McNamara Claim Are Irrelevant to Any Fact of Consequence in This Case.**

Whether Karen Read was properly or improperly prosecuted, and whether Chief McNamara was mistreated by the Town of Stoughton in an employment dispute, says nothing about whether the defendant committed the offense charged here.  Fed. R. Evid. 401. Neither Read matter involves this decedent, this death scene, this physical evidence, or the specific investigative decisions the jury must evaluate in this case. To the extent either matter is offered — by either party — to suggest that the Canton Police Department, the Massachusetts State Police or the Office of the Chief Medical Examiner are, or are not, generally reliable, it invites the jury to substitute a generalized reputational judgment for its own assessment of the specific evidence gathered in this investigation. That is not a permissible basis for decision under Rules 401 and 402, regardless of which party stands to benefit from the association.

This is particularly true of the McNamara claim, which is a civil complaint containing unproven, contested allegations against the Town of Stoughton — not Canton or the Massachusetts State Police — arising from an employment dispute. The mere filing of a civil complaint is not evidence that its allegations are true.

**B.    Even If Marginally Relevant, Both Matters Must Be Excluded Under Rule 403.**

Even assuming some marginal relevance, both matters present an acute risk of unfair prejudice, jury confusion, and undue delay that substantially outweighs any probative value. The Read prosecution generated years of intense local and national media coverage and a public debate about the integrity of the same two agencies that conducted the early investigation here. Introducing it risks activating jurors' preexisting, extra-record opinions about the Canton Police Department and Massachusetts State Police, which is precisely the kind of "decision on an improper basis" Rule 403 is designed to prevent.  The danger is especially pronounced if the government were to invoke Read or the McNamara claim affirmatively — for example, to preemptively impugn from a general standpoint the reputations of the very agencies whose early investigative steps were taken in this case.

Permitting either matter into this trial would also require the parties to litigate, in effect, two collateral cases within this one: the accuracy of the allegations in Ms. Read's civil suit against the Canton Police Department and Massachusetts State Police, and the truth of the competing factual narratives in Chief McNamara's employment dispute with the Town of Stoughton. Doing so would confuse the issues, mislead the jury as to what it is actually being asked to decide, and consume substantial trial time on matters collateral to the charges here — all independently sufficient grounds for exclusion under Rule 403.

Notably, when the Birchmore investigation was itself proposed for introduction in the Read trial — there, by the defense, on the theory that the overlapping investigators' conduct in that unrelated matter bore on the credibility of witnesses before that jury — the Commonwealth moved to exclude it, and the court agreed. The court reasoned that questioning an officer about a different, unconnected death investigation remote in time and circumstance from the case being tried had no

tendency to prove any issue before that jury, was speculative, and risked confusing the jury, and that permitting such testimony would create what the court itself termed a "trial within a trial." Order Allowing Commonwealth's Motion to Preclude Reference to the Birchmore Investigation, *Commonwealth v. Read*, No. 2282CR00117 (Norfolk Super. Ct. May 6, 2025) (Cannone, J.). If that use of an overlapping-witness controversy was insufficient to warrant admission there, any use of Read or the McNamara claims to impugn these same agencies' general credibility here — a still more attenuated purpose, untethered to any specific witness or investigative step in this federal case — should fare no better.

      **C.**        **Use of Either Matter to Bolster or Attack the Investigating Agencies' General Reliability Is Improper Propensity Evidence Under Rule 404(b).**

To the extent the government seeks to invoke the Read trial or the McNamara claim — directly, or by implication during opening statement — to suggest that the Canton Police Department, Massachusetts State Police, or the OCME are untrustworthy, that would be improper character evidence offered to prove conforming conduct. Fed. R. Evid. 404(b)(1). The First Circuit's two-part test requires identification of a purpose other than propensity and requires that the proffered evidence's probative value survive Rule 403 balancing. *Rodriguez-Cardona*, 924 F.2d at 1151; *Varoudakis*, 233 F.3d at 119–22. Neither matter satisfies that test here. Whatever occurred in the Read investigation or in Chief McNamara's dealings with the Town of Stoughton does not speak to the evidence in this specific federal case, and the government should not be permitted to use an unrelated, high-profile case's outcome as a shortcut around presenting the reliability of its evidence here on the merits.

      **D.**        **Defendant Does Not Waive the Right to Case-Specific Impeachment of an Individual Witness on Independently Admissible Grounds.**

This motion is directed at the invocation of the Read trials, the Read civil suit and the McNamara civil claim as general subject matter; it does not seek to foreclose any party's right to

cross-examine or impeach a specific witness in this case based on that witness's own individual conduct, findings, bias, or motive to testify falsely, to the extent independently admissible under the Federal Rules of Evidence. Should an officer or witness in this case have direct personal involvement in either matter — for example, a specific, substantiated misconduct finding against an individual investigator who is also a witness here — the questioning party should raise that issue with the Court at sidebar, outside the presence of the jury, so that its admissibility may be evaluated on its own terms under Rules 401, 403, and 404(b), separate and apart from the general prohibition sought in this motion.

## IV.    CONCLUSION

For the foregoing reasons, the defendant respectfully requests that the Court grant this motion in limine and enter an order prohibiting the government, its counsel, and its witnesses from offering evidence of, referring to, or drawing any comparison with the Karen Read prosecution or her civil suit against members of the Canton Police and the MSP, or Donna McNamara's claim against the Town of Stoughton, subject to the case-specific impeachment procedure described above, and directing that any party seeking to raise either subject first obtain leave of Court outside the presence of the jury.

August 3, 2026

Respectfully submitted,

MATTHEW FARWELL,
By his attorneys,

*/s/ Kimberly C. Stevens*
Kimberly C. Stevens, NC State Bar # 20156
Kim_Stevens@fd.org
Joanne M. Daley, BBO # 653375
Joanne_Daley@fd.org
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061

8

## **CERTIFICATE OF SERVICE**

I, Kimberly C. Stevens, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on August 3, 2026.

*/s/ Kimberly C. Stevens*
Kimberly C. Stevens