**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | )    Docket No. 1:24-cr-10259-DJC |
| v. | ) |
| | ) |
| MATTHEW FARWELL | ) |

**MOTION FOR COMPLETE RECORDATION AND TRANSCRIPTION OF ALL**
**PRETRIAL AND TRIAL PROCEEDINGS**

Defendant, Matthew Farwell, by and through his undersigned attorneys, hereby moves

the Court to order complete recording and transcription of all pretrial and trial proceedings in this

case. This motion is predicated upon the Fifth and Sixth Amendments to the United States

Constitution.

In support of this motion, counsel states:

1. The right of a defendant to have a complete recordation and a complete transcript

of the criminal proceedings against him is a right recognized by the federal system. The transcript

provides both a complete record of the proceedings and the basis an appellate court will use to

review the case should an appeal ensue, and rule upon any alleged errors raised during an appeal,

if any. The absence of a complete recordation and transcript effectively deprives the defendant of

his right to appeal because inherent in the right of a defendant to an appeal is the right to a complete

transcript.

2. In cases where a transcript is incomplete or absent altogether, a defendant's counsel

will not be able to effectively review the trial proceedings. This is particularly true where a

defendant has different or separate counsel at the appellate level than at the trial level. *See United*

*States v. Selva* 559 F.2d 1303 (5th Cir. 1977) (holding that although defendant urged no specific

trial error he was entitled to a new trial because his new counsel was foreclosed from examining a

transcript for possible error since there was an unrecorded portion).  Cases have been reversed because of a lack of complete or adequate recordation and transcript.  *Id*.; *Parrott v. State,* 134 Ga. App. 160, 214 S.E.2d 3 (1975); *People v. Apalatequi,* 82 Cal. App. 3d 970 (1978); *State v. Moore,* 534 P.2d 1124 (N.M. 1975); *State v. Robinson,* 387 So.2d 1143 (La. 1980); *State v. Ford*, 338 So.2d 107 (La. 1976).

3.      The failure to record the entire proceedings in the trial court and make them part of the record has been found to violate a defendant's right to full review of his case on appeal, his right to the assistance of counsel on appeal and in pursuing postconviction remedies, and his right to equal access to courts which may review his case on either appeal or collateral attack as guaranteed by the Fifth and Sixth Amendments to the United States Constitution.  *See, e.g.*, *Gardner v. Florida*, 430 U.S. 349 (1977); *Gregg v. Georgia*, 428 U.S. 153 (1976); *Britt v. North Carolina*, 404 U.S. 226 (1971); *United States v. Selva*, 559 F.2d 1303 (5th Cir. 1977); *United States v. Brumley*, 560 F.2d 1268, 1281 (5th Cir. 1977).

4.      The complete recordation of these proceedings is essential to ensuring the reliability and accuracy of the determination of the allegations and issues in this case.

5.      To ensure that the defendant's rights are protected, the record of these proceedings should include, but not be limited to, the following:

- all pre-trial hearings;

- the selection of the jurors, including challenges for cause;

- the voir dire examination and the striking of any potential juror;

- the opening statements and closing arguments of counsel;

- the examination of the witnesses;

- all documentary evidence, including photographs;

2

- all oral motions (whether pre-trial, during trial or after trial) and all hearings on oral and written motions;

- all oral objections and all hearings on oral and written objections;

- all conferences and hearings of every description and for every purpose conducted between court and counsel, including all bench conferences, any conferences in chambers, and status conferences;

- all oral stipulations of counsel;

- the charges of the court to the jury during the guilt-innocence and sentencing phases of the proceedings;

- the publication of the verdict and the polling of the jury; the pronouncement of sentence, if any;

- all oral comments, instructions, directions, admonitions, rulings and orders of the Court in the case through conclusion of the trial; and

- all post-trial proceedings, if any, including any proceedings relating to sentencing and any post-trial motions hearings.

6.    The record should also include:

- all contacts between the jury and any other person, except for contacts explicitly and carefully allowed by the trial court, at a hearing, after consultation with defense counsel;

- any and all questions or written statements made by jurors, and any responses issued by the Court, including any and all questionnaires filled out by any prospective juror in this matter.

WHEREFORE, for the foregoing reasons, counsel for Matthew Farwell respectfully request that this Court order that all proceedings in this case be recorded and transcribed.

Dated August 3, 2026                          Respectfully submitted,

                                             MATTHEW FARWELL,
                                             By his attorneys,

                                             */s/ Kimberly C. Stevens*
                                             Kimberly C. Stevens, NC State Bar # 20156
                                             Joanne M. Daley, BBO # 653375

3

Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061
Kim_Stevens@fd.org
Joanne_Daley@fd.org

## CERTIFICATE OF SERVICE

I, Kimberly C. Stevens, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on August 3, 2026.

*/s/Kimberly C. Stevens*
Kimberly C. Stevens