**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Docket No. 1:24-cr-10259-DJC |
| v. | ) |
| | ) |
| MATTHEW FARWELL | ) |

**MOTION TO STAND TRIAL IN CIVILIAN CLOTHING AND
TO PROHIBIT RESTRAINTS**

Defendant, Matthew Farwell, by and through his undersigned attorneys, pursuant to the Fifth and Sixth Amendments to the United States Constitution, hereby moves for an Order allowing trial in civilian clothing and prohibiting the use of handcuffs, shackles, leg restraints or any other type of restraint on Mr. Farwell when he is in public and in the courtroom. Mr. Farwell is presumed innocent. Any badges of confinement risk affecting the jury's assessment of Mr. Farwell's innocence and should be avoided here.

Mr. Farwell's behavior in all pre-trial proceedings and during pre-trial detention has demonstrated that he poses no security risk, and he should be permitted to stand trial in civilian clothing and unfettered by restraints, whether visible or not. The jury invariably pays close attention to all interaction at counsel table, and Mr. Farwell should be tried free of all restraints in order to participate fully in his defense.

As addressed by the United States Supreme Court in *Estelle v. Williams*, 425 U.S. 501 (1976),

> Courts have, with few exceptions, determined that an accused should not be compelled to go to trial in prison or jail clothing because of the possible impairment of the presumption so basic to the adversary system. *Gaito* v. *Brierley,* 485 F. 2d 86 (3rd Cir. 1973); *Hernandez* v. *Beto, supra; Brooks* v. *Texas,* 381 F. 2d 619 (5th Cir. 1967); *Commonwealth* v. *Keeler,* 216 Pa. Super. 193, 264 A. 2d 407 (1970); *Miller* v. *State,* 249 Ark. 3, 457 S.W. 2d 848 (1970); *People* v. *Shaw,* 381 Mich. 467, 164 N.W. 2d 7 (1969); *People* v. *Zapata,* 220 Cal. App. 2d 903, 34 Cal. Rptr. 171

(1963), cert. denied, 377 U.S. 406, 84 S.Ct. 1633, 12 L.Ed.2d 495 (1964); *Eaddy* v. *People,* 115 Colo. 488, 174 P. 2d 717 (1946). The American Bar Association's Standards for Criminal Justice also disapprove the practice. ABA Project on Standards for Criminal Justice, Trial by Jury § 4.1 (b), p. 91 (App. Draft 1968). This is a recognition that the constant reminder of the accused's condition implicit in such distinctive, identifiable attire may affect a juror's judgment. The defendant's clothing is so likely to be a continuing influence throughout the trial that, not unlike placing a jury in the custody of deputy sheriffs who were also witnesses for the prosecution, an unacceptable risk is presented of impermissible factors coming into play. *Turner* v. *Louisiana,* 379 U.S. 466, 473, 85 S.Ct. 546, 550, 13 L.Ed. 2d 424, 429 (1965).

That such factors cannot always be avoided is manifest in *Illinois* v. *Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), where we expressly recognized that "the sight of shackles and gags might have a significant effect on the jury's feelings about the defendant…," *id.,* at 344, 90 S.Ct. at 1061, 25 L.Ed.2d at 359; yet the Court upheld the practice when necessary to control a contumacious defendant.

*Id*. at 504-05.

Under First Circuit authority, a criminal defendant has a constitutional right under the Due Process Clause of the Fifth Amendment not to be forced to stand trial before a jury in identifiable prison clothing or visible physical restraints, such as shackles, as these practices risk eroding the presumption of innocence, and interfere with his right to full participation in the courtroom with his counsel under the Sixth Amendment. *United States v. Rivera-Rodriguez,* 761 F.3d 105 (1st Cir. 2014), *United States v. Ayres*, 725 F.2d 806 (1st Cir. 1984), *Young v. Callahan*, 700 F.2d 32 (1st Cir.1983). These prohibitions are not absolute and require a showing of actual compulsion by the government or a lack of security justification by the trial court. *United States v. Rivera-Rodriguez*, 761 F.3d 105 (1st Cir. 2014), *United States v. Ayres*, 725 F.2d 806 (1st Cir. 1984), *Woodard v. Perrin*, 692 F.2d 220 (1st Cir. 1982).

The First Circuit recognizes a defendant's constitutional right not to be forced to wear "identifiable prison garb" before the jury. *United States v. Rivera-Rodrigeuz*, 761 F.3d 105 (1st Cir. 2014), *United States v. Rodriguez-Duran*, 507 F.3d 749 (1st Cir. 2007). This principle is

2

grounded in the understanding that prison clothing serves as a constant reminder of the accused's condition as a pretrial detainee, which may impermissibly affect a juror's judgment and dilute the presumption of innocence. *Young v. Callahan*, 700 F.2d 32 (1st Cir. 1983), *Walker v. Butterworth*, 599 F.2d 1074 (1st Cir. 1979).

The First Circuit, drawing on Supreme Court precedent, also recognizes that "no person should be tried while shackled and gagged except as a last resort." *United States v. Ayres*, 725 F.2d 806, 812 (1st Cir. 1984). Physical restraints in the courtroom are restricted because they serve as a physical reminder of custody that can erode the presumption of innocence. *Id*, *quoting Illinois v. Allen*, 397 U.S. 337, 344 (1970)).

The trial court has the discretion to order a defendant shackled at trial only if the Court determines that the safety of persons in the courtroom and the fairness and integrity of the trial require it. *Woodard v. Perrin*, 692 F.2d 220 (1st Cir. 1982). If a court imposes such restraints, it must be justified by special security needs or the defendant's dangerous and disruptive propensities. *United States v. Ayres*, 725 F.2d 806 (1st Cir. 1984), *Walker v. Butterworth*, 599 F.2d 1074 (1st Cir. 1979).

There has been no showing in this case that Mr. Farwell poses any security risk to the Court or to the public. He has attended all pre-trial hearings in this case without incident, and with his hands unshackled. He has appeared in the U.S. Magistrate's Court completely unshackled. He has shown the utmost respect to the Court in all pre-trial proceedings. He does not have a single disciplinary infraction in his two years of pre-trial detention at Wyatt Correctional Facility, and in fact holds a job in areas frequented commonly by correctional staff. Undersigned counsel and defense team members have engaged in hundreds of hours of pre-trial meetings in the same room

with Mr. Farwell without incident and without the use of any physical restraints or barriers between him and his defense team.  His trial is expected to last for a substantial period of time.

Mr. Farwell should be completely unrestrained and free to consult with his attorneys during trial as the evidence unfolds, and he needs to move naturally and freely in all such conversations. It is also possible that Mr. Farwell could need to approach sidebar along with counsel, and counsel would request that he remain unshackled to avoid prejudice in that process as well.  The unnecessary use of restraints would send an inappropriate and prejudicial message to the jury that undermines Mr. Farwell's presumption of innocence and would communicate the unwarranted message that Mr. Farwell needs to be shackled, in violation of his Federal Constitutional rights to due process and a fair trial.  *Deck v. Missouri*, 544 U.S. 622 (2005); U.S. Const., amends. V and VI.

Dated August 3, 2026

Respectfully submitted,

MATTHEW FARWELL,
By his attorneys,

*/s/ Kimberly C. Stevens*
Kimberly C. Stevens, NC State Bar # 20156
Joanne M. Daley, BBO # 653375
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061
Joanne_Daley@fd.org
Kim_Stevens@fd.org

## CERTIFICATE OF SERVICE

I, Kimberly C. Stevens, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on August 3, 2026.

*/s/ Kimberly C. Stevens*
Kimberly C. Stevens

4