**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    Docket No. 1:24-cr-10259-DJC |
| | ) |
| MATTHEW FARWELL | ) |

## DEFENDANT'S MOTION IN LIMINE TO PRECLUDE IMPROPER LAY OPINION TESTIMONY REGARDING DECEDENT'S CAUSE OF DEATH

The defendant, Matthew Farwell, hereby moves, pursuant to the Fifth and Sixth Amendments to the United States Constitution and Federal Rules of Evidence (FRE) 401, 402, and 701, that this Court preclude at trial any lay witness from offering a personal opinion as to the decedent's cause of death.

The government has provided in discovery statements from various friends and family members of decedent, Sandra Birchmore, expressing their personal opinions regarding her cause of death. This lay opinion testimony is inadmissible.

## Legal Analysis

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: **(a)** rationally based on the witness's perception; **(b)** helpful to clearly understanding the witness's testimony or to determining a fact in issue; and **(c)** not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. FRE 701.

"Relevant evidence" is defined as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401

Irrelevant evidence is not admissible. FRE 402

1

Testimony regarding culpability is a form of lay opinion that will rarely, if ever, meet the requirements of the Federal Rule of Evidence regarding opinion testimony by lay witnesses. *United States v. Rodriguez-Adorno*, 695 F.3d 32 (1st Cir. 2012).

The nub of the requirement that lay opinion evidence be "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue" is to exclude testimony when the witness is no better suited than the jury to make the judgment at issue, providing assurance against the admission of opinions which would merely tell the jury what result to reach. *United States v. Meises*, 645 F.3d 5 (1st Cir. 2011).

Lay opinion testimony is not helpful to the jury in acquiring a clear understanding of the witness's testimony or the determination of a fact in issue, as required for its admission, when the jury can readily draw the necessary inferences and conclusions without the aid of the opinion. *United States v. Sanabria*, 645 F.3d 505 (1st Cir. 2011).

**Argument**

It is natural that Ms. Birchmore's family and friends experienced and expressed strong emotions in the wake of her untimely demise. These sentiments and opinions generated by them, however, are not relevant and not admissible. FRE 401, 402, and 701

**Conclusion**

For the foregoing reasons, Mr. Farwell respectfully requests that this Court exclude at trial this improper lay opinion testimony and that the Government instruct their witnesses accordingly.

Dated: August 3, 2026

Respectfully submitted,

MATTHEW FARWELL,

By his attorneys,
*/s/ Joanne M. Daley*

Joanne M. Daley, BBO # 653375

2

Kimberly C. Stevens, NC State Bar # 20156
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061
Joanne_daley@fd.org

CERTIFICATE OF SERVICE

      I, Joanne M. Daley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on August 3, 2026.

*/s/ Joanne M. Daley*

Joanne M. Daley
