**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket No. 1:24-cr-10259-DJC |
| | ) | |
| | ) | |
| MATTHEW FARWELL | ) | |

**MOTION IN LIMINE TO EXCLUDE AT TRIAL**
**REFERENCE TO SEARCH WARRANTS**

The defendant, Matthew Farwell, hereby moves, pursuant to the Fifth and Sixth Amendments to the United States Constitution and Federal Rules of Evidence (FRE) 401, 402, and 403, that this Court preclude at trial any reference to the search warrants sought and issued in this case.

**Background**

As relevant here, the government sought and obtained different search warrants for, *inter alia*, electronic data and records from Mr. Farwell's iCloud accounts and a data extraction of Mr. Farwell's iPhone in June 2024 and August 2024, respectively. The government sought and obtained a search warrant for a buccal swab/DNA sample from Mr. Farwell in August 2024, to be taken after his arrest and during the booking process.

The government has represented to undersigned counsel that they intend to elicit testimony that Mr. Farwell consented to a search of his phone for messages between him and Ms. Birchmore, and that he previewed for investigators that there would not be any such messages because he had deleted them. The government will not elicit testimony that Mr. Farwell refused to permit investigators to look at other/all areas of his phone unless the defense opens the door by arguing that he was fully cooperative, transparent, or gave investigators access to his phone.

Mr. Farwell has no objection to the government's position on this issue.

1

The government has represented to undersigned counsel that they do not intend to elicit any testimony about requests for Mr. Farwell's DNA or any refusal to provide any DNA voluntarily, unless there is testimony or argument that opens the door by suggesting that Farwell offered to provide DNA or could have done so if the investigators had asked.

Mr. Farwell has no objection to the government's position on this issue.

However, the government has represented to the defense that it intends to introduce testimony that the FBI obtained Mr. Farwell's DNA and searched his 2024 iPhone and iCloud accounts pursuant to search warrants in order to "accurately present the investigative steps taken, and ensure that the jury doesn't think that Mr. Farwell's DNA or data were surreptitiously taken."

Undersigned counsel suggested to the prosecution, as an alternative to testimony regarding the search warrant for the buccal swab, that their case agent could explain to the jury that a DNA sample is taken from every federal defendant during booking, which is accurate.[1] This proposal was rejected by the government.

**<u>Legal Analysis</u>**

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. U.S. Const. amend. IV

The Supreme Court has defined "probable cause" as an officer's reasonable belief, based on circumstances known to that officer, that a crime has occurred or is about to occur. *See Carroll v. United States*, 267 U.S. 132, 149 (1925). An officer may establish probable cause with witness statements and other evidence, including hearsay evidence that would not be admissible at trial. *Aguilar v. Texas*, 378 U.S. 108, 114-15 (1964).

---

[1] The Rapid DNA initiative enrolls a qualified arrestee's DNA profile in CODIS/NDIS (National DNA Index System) during the booking process. https://le.fbi.gov/science-and-lab/biometrics-and-fingerprints/codis/rapid-dna

"Relevant evidence" is defined as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401

Irrelevant evidence is not admissible. FRE 402

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. FRE 403

Every defendant has a right to be tried based on the evidence against him or her, not on the techniques utilized by law enforcement officials in investigating criminal activity. *United States v. Wells*, 879 F.3d 900 (9th Cir. 2018).

Overview testimony is problematic when it consists of declarations by a witness, commonly a law enforcement officer involved in the investigation at issue, presented early during trial to describe the government's general theory of the case; such testimony commonly relies heavily on information told to the witness by others, i.e., on inadmissible hearsay, rather than on personal knowledge and often previews the testimony of other witnesses. *United States v. Rodriguez-Adorno*, 695 F.3d 32 (1st Cir. 2012).

In addition to the hearsay problem, overview testimony from a law enforcement officer involved in the investigation is especially problematic because juries may place greater weight on evidence perceived to have the imprimatur of the government. *Id*.

Impermissible for government to offer evidence that bears on ultimate issue when unnecessary to explain background of police investigation. *United States v. Hinson*, 585 F.3d 1328, 1337 (10th Cir. 2009).

"Background information" should not be used as pretext to nullify defendant's right of confrontation or to inject prejudicial evidence. *U.S. v. Becker*, 230 F.3d 1224 (10th Cir. 2000).

Evidence may not be admitted for non-hearsay purposes of explaining police investigation where propriety of investigation not in question. *U.S. v. Blake*, 107 F.3d 651 (8th Cir. 1997).

**<u>Argument</u>**

The existence or non-existence of search warrants in this case is not relevant to the guilt or innocence of the defendant. FRE 401, 402. Assuming arguendo, testimony about the investigative steps taken in this case by law enforcement is marginally relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FRE 403.

Jurors may assume that Mr. Farwell refused to consent to a warrantless search and consequently make an adverse inference against him. Furthermore, admission of this background testimony would inform the jurors, who can be presumed to have a basic understanding of the law, that the Court made a finding of probable cause that Mr. Farwell committed a crime. The risk of prejudice to the defendant from telling the jury about the existence of warrants far outweighs any conceivable probative value to the government.

**<u>Conclusion</u>**

For the foregoing reasons, Mr. Farwell respectfully requests that this Court exclude at trial any and all references to search warrants and that the Government instruct their witnesses accordingly.

<div style="margin-left:50%">

MATTHEW FARWELL,
By his attorneys,
*/s/ Joanne M. Daley*

Joanne M. Daley, BBO # 653375
Kimberly C. Stevens, NC State Bar # 20156
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061
Joanne_daley@fd.org

</div>

CERTIFICATE OF SERVICE

I, Joanne M. Daley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on August 3, 2026.

*/s/ Joanne M. Daley*

Joanne M. Daley