# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
      )
      )
      v.      )      Docket No. 1:24-cr-10259-DJC
      )
      )
MATTHEW FARWELL      )

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE UNNECESSARY AND EXCESSIVE DEATH SCENE AND AUTOPSY PHOTOGRAPHS OF DECEDENT

Now comes the defendant, Matthew Farwell, pursuant to the Fifth and Sixth Amendments to the United States Constitution and Federal Rules of Evidence (FRE) 401 and 403, requests that this Honorable Court exclude postmortem photographic images of the decedent, Sandra Birchmore, that are not essential accompaniments to anticipated expert and first responder witness testimony.

The defense agrees that certain postmortem photos of Ms. Birchmore from the scene of her death, some three days prior, and her autopsy will be necessary chalks at trial for both parties and their respective witnesses. However, the Court should allow the jury to view only those select photos. The introduction of an excessive and unnecessary number of graphic and inflammatory images would be both highly prejudicial and cumulative.

## Legal Analysis

FRE 403 empowers a trial judge to exclude evidence that is relevant under the definition of FRE 401, if despite its relevance, "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

"Unfair prejudice". . . "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 179 (1997), citing 1 J. Weinstein, M. Berger, & J. McLaughlin, Weinstein's Evidence P403[03](1996). Stated differently, "unfair prejudice" in the context of the rule means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Id., citing Advisory Committee Notes on Fed. Rule Evid. 403, 28 U.S.C. App. p. 860. The notes to the Rule cover precisely the concern in this case.

**<u>Argument</u>**

The photographic images at issue here depict a young woman some three days after her passing; autolysis, bloat, active decay, and decomposition of the body have commenced. Consequently, the images are graphic and likely to shock and disturb jurors.

The language from *Old Chief* is particularly apt to the present situation. ". . .what counts as the Rule 403 'probative value' of an item of evidence, as distinct from its Rule 401 'relevance' may be calculated by comparing evidentiary alternatives. 519 U.S. at 184.

In *Navarro de Cosme v. Hosp. Pavia*, the First Circuit upheld the trial court's exclusion of photographs of a stillborn fetus, offered to prove that the fetus' death was not caused by wrapping of umbilical cord around the fetus' neck. 922 F.2d 926 (1st Cir. 1991) ("Upon a review of the transcript, it is clear that the district court was of the opinion that the photographs would have a serious impact on the jury, and would unfairly prejudice the Hospital and Dr. Diaz Carazo.")

Here, the defense is not seeking the total exclusion of these images, only that they be limited to what is strictly necessary to assist the trier of fact in understanding the evidence and weighing witness testimony.

## Conclusion

The display to the jury of unnecessary and cumulative graphic photographs of the decedent beyond the parameters proposed herein would impinge upon Mr. Farwell's right to a fair trial and to due process of law as guaranteed by the Fifth and Sixth Amendments to the United States Constitution.

For the foregoing reasons, Mr. Farwell respectfully requests that this Court exclude at trial unnecessary and excessive death scene and autopsy photographs of the decedent.

Dated: August 3, 2026

Respectfully submitted,

MATTHEW FARWELL,

By his attorneys,
*/s/ Joanne M. Daley*

Joanne M. Daley, BBO # 653375
Kimberly C. Stevens, NC State Bar # 20156
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061
Joanne_daley@fd.org

CERTIFICATE OF SERVICE

I, Joanne M. Daley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on August 3, 2026.

*/s/ Joanne M. Daley*

Joanne M. Daley