**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Docket No. 1:24-cr-10259-DJC |
| | ) | |
| | ) | |
| MATTHEW FARWELL | ) | |

<u>**MOTION IN LIMINE TO INTRODUCE DECEDENT'S STATEMENTS**</u>

The defendant Matthew Farwell hereby moves to introduce oral and written statements of

decedent Sandra Birchmore evincing her suicidal ideation and past suicide attempts.

**BACKGROUND**

Sandra Birchmore's body was discovered in a seated hanging position in her apartment in

Canton, by first responders on February 4, 2021. Her death was initially ruled a suicide by

asphyxia by the Office of the Chief Medical Examiner (OCME). In May 2026, the OCME

amended the manner of death to undetermined.

Discovery provided by the government in this case includes multiple declarations of Ms.

Birchmore, both verbal and in writing, in which she threatens or contemplates suicide and/or

memorializes prior suicide attempts.

These statements come in the form of journal entries, health records, school records, and

online communications, as well as in form of declarations made to others.

**ARGUMENT**

Mr. Farwell intends to introduce evidence of these out-of-court statements in whichever

medium they appear. This evidence is relevant and falls within a hearsay exception.

**I. The Decedent's Statements Are Relevant Under Rule 401**

The decedent's statements are relevant under Fed. R. Evid. 401. Under the rule, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FRE 401. Ms. Birchmore's statements evincing suicidal ideation and recounting prior suicide attempts are relevant to her manner of death, the central issue in this trial.

## II. The Decedent's Statements Fall Within a Hearsay Exception

The admission of the decedent's statements is not precluded by the rule against hearsay. The rule against hearsay provides that hearsay is not admissible unless another federal statute, Rule of Evidence, or rule prescribed by the Supreme Court provides otherwise. FRE 802.

FRE 803(3) provides that a "statement of the declarant's then-existing state of mind (such as motive, intent, or plan)" is "not excluded by the rule against hearsay." Here, Ms. Birchmore's statements are offered to demonstrate her state of mind, intent, and plan in the time period leading up to her death and covered by the indictment in this case. Accordingly, these statements, both oral and written, fall within the hearsay exception provided by FRE 803(3).

## CONCLUSION

For the foregoing reasons, the decedent's oral and written statements evincing her suicidal ideation and past suicide attempts should be introduced at trial.

Dated: August 3, 2026

Respectfully submitted,
MATTHEW FARWELL,
By his attorneys,
*/s/ Joanne M. Daley*

Joanne M. Daley, BBO # 653375
Kimberly C. Stevens, NC State Bar # 20156
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061
Joanne_daley@fd.org

CERTIFICATE OF SERVICE

I, Joanne M. Daley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on August 3, 2026.

/s/ Joanne M. Daley

Joanne M. Daley