UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 24-10259-DJC |
| | ) | |
| MATTHEW FARWELL | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* SEEKING TO EXCLUDE REFERENCE TO SEARCH WARRANTS**

The United States of America, by Leah B. Foley, United States Attorney, and Brian A. Fogerty, Elizabeth C. Riley, and Torey B. Cummings, Assistant U.S. Attorneys for the District of Massachusetts, opposes the defendant's request to preclude the government from accurately representing to the jury that it obtained certain evidence with search warrants. His only argument for exclusion is an assertion that the existence of a search warrant is not relevant and, even if it were relevant, its probative value is substantially outweighed by a danger of unfair prejudice.

Testimony regarding obtaining search warrants, however, is relevant and necessary to provide context for how the government came into possession of various categories of admissible evidence. Additionally, it is relevant to contrast the thoroughness of the federal investigation with the state's investigation. Because the government has no intention of suggesting that a judge, in issuing any search warrant, vouched for the legitimacy of the federal investigation, and because the government has no intention of suggesting to the jury that it needed to get warrants because the defendant refused to consent to these searches, there is no risk of unfair prejudice. Therefore, the Court should deny the defendant's motion.

**Background**

In the course of the investigation, the government obtained several search warrants. It obtained search warrants for Birchmore's data, specifically her Facebook account (24-6000-MPK); iCloud account (25-6358-MPK); and Google email account (26-6305-MPK). The government also obtained search warrants for the defendant's data during the time period when the federal investigation was covert, including a search warrant for two of his iCloud accounts (24-6425-6426-MPK) and his Google searches (24-6363-MPK). The government sought additional warrants in conjunction with the defendant's arrest, including a warrant for his DNA (24-6664-MPK), and warrants for his person, vehicle, and cell phone (24-6661-6662-6663- MPK).

The government intends to offer testimony, through a case agent, that even though FBI had access to Birchmore's cell phones and laptops, FBI sought search warrants for her cloud-based data to ensure that they had any and all data available in order to gain as much insight as possible into her communications and internet searches. These warrants were obtained to search for corroboration of Birchmore's victimization and murder but also to investigate whether there was any exculpatory information, such as any evidence of suicidality.

The government also intends to offer testimony that the FBI obtained search warrants for the defendant's iCloud data, DNA, and cell phone, among other things. This testimony is necessary to show the jury that the government obtained this evidence in a manner that was reliable and not surreptitious or nefarious. The government will not suggest that it needed to obtain such warrants because the defendant refused to provide such information by consent.[1]

[1] There is no evidence that any investigative agency asked the defendant for consent to search his iCloud data. The defendant did decline to provide a DNA sample in February 2021 during the brief state investigation. He also declined to permit local investigators to search his 2021 cell phone except to search for text messages between he and Birchmore, which he previewed for them he had already deleted. Given the parameters of his consent and the fact that, when the

The government does not intend to elicit any testimony about the procedure or process for obtaining search warrants. The government does intend to elicit testimony regarding the investigative steps taken to properly obtain reliable evidence, including but not limited to federal search warrants for digital data, records, and DNA.

**Argument**

The Court should deny the defendant's motion *in limine* and permit the government to reference how it lawfully obtained evidence through search warrants in its investigation. Courts have denied similar defense motions to exclude evidence regarding search warrants. *See, e.g., United States v. Djan*, 762 F.Supp.3d 149, 153 (D.R.I. 2025) (permitting the government to tell the jury how agents were able to gain access to the defendant's home, by permitting them to make "incidental reference" to the search warrant); *United States v. Reyes*, No. 1:25-cr-00033-AKB, 2026 WL 1133483, at * 3 (D. Idaho Apr. 27, 2026) (allowing references to search warrants "because they explain the searches and provide necessary context for other admissible evidence."). Referencing a search warrant is an accurate and straightforward way to describe the evidence and circumstances around the search. *Id.* at *2. This is permissible and appropriate under Rules 401, 402, and 403 of the Federal Rules of Evidence.

The fact that the government obtained search warrants is relevant because it explains to the jury how it is that the government came into possession of various categories of admissible evidence. With respect to Birchmore's data, reference to search warrants shows that the federal investigators did not rely only on the data available on the phones and laptop recovered from her apartment, but they took the additional step of seeking data that had been stored digitally by other

consent search occurred on February 9, 2021, he had already deleted those messages, unsurprisingly that search yielded no data.

platforms on which they knew Birchmore had been communicating. For example, in order for an agent to testify that, despite a thorough search, they found no digital evidence that Birchmore conducted any digital searches for ways to commit suicide, told anyone she was going to commit suicide, or corresponded with anyone after Farwell left her apartment, that agent needs to explain the parameters of the thorough search. Such testimony is meaningless unless the agent can tell the jury what platforms FBI searched and how it was that FBI was able to obtain information from those platforms.

Secondly, referencing search warrants is relevant to show that the evidence that the government obtained related to the defendant (based on his DNA and data in his phone and iCloud) is reliable and was not obtained unlawfully, or by trickery or through other nefarious means.

Finally, the fact that agents obtained these search warrants is relevant to show the thoroughness of the federal investigation, especially in contrast to the state investigation, which the defendant continues to laud as thorough and reliable.

The *Reyes* court recently addressed precisely the argument that the defendant makes here: testimony that evidence was obtained by a search warrant may risk unfair prejudice if the jury makes improper inferences about the warrant and the judicial process. *United States v. Reyes*, No. 1:25-cr-00033-AKB, 2026 WL 1133483, at * 3 (D. Idaho Apr. 27, 2026). The *Reyes* court limited the testimony the government could elicit to mitigate the risk of unfair prejudice. *Id.* at *3. The *Reyes* court permitted the government to elicit testimony to explain the searches and the recovered evidence. *Id.* The government was not permitted to discuss the process for obtaining search warrants or suggest that a judge endorsed the government's theory. *Id.*

In this case, the government intends to do exactly what the Court permitted in *Reyes*. Like the *Reyes* case, use of the term "search warrant" in the instant case is an accurate and simple way

for the jury to understand how the government obtained evidence that it is presenting. In this case, the government intends to make only limited references to search warrants. The government does not intend to elicit testimony about the process of obtaining search warrants. The government will not suggest that a judge, in issuing the warrants, endorsed or vouched for the federal investigation. Nor will it suggest that the government had no choice but to get warrants because the defendant declined to consent. This evidence is relevant, and its probative value, particularly in light of the parameters set forth above, is not substantially outweighed by a risk of unfair prejudice.

**Conclusion**

The fact that the government lawfully obtained search warrants in this case is relevant to demonstrate how the government came into possession of admissible evidence and to show the thoroughness of the federal investigation. The government will only make incidental references to the warrants and will not use them to suggest judicial concurrence or defendant withholding. Accordingly, the government respectfully requests that the Court deny the defendant's motion *in limine*.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Elizabeth C. Riley*
TOREY B. CUMMINGS
BRIAN A. FOGERTY
ELIZABETH C. RILEY
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper

copies will be sent to those indicated as non-registered participants.

/s/ *Elizabeth C. Riley*
Elizabeth C. Riley
Assistant United States Attorney

Date: August 17, 2026