**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW FARWELL,<br><br>Defendant | CRIMINAL No. 24-10259-DJC |

# UNITED STATES' MOTION IN LIMINE TO EXCLUDE INADMISSIBLE EVIDENCE OF DEFENDANT'S COMMENDATIONS OR ACCOMPLISHMENTS

The United States respectfully seeks an *in limine* order to exclude evidence of the Defendant Matthew Farwell's prior good acts, commendations, or accomplishments in his law enforcement or military careers. The Court should exclude the foregoing evidence because it is not admissible under Rule 405(b) as it is not an essential element of the charges at issue; because it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one"—the very definition of "unfair prejudice" in the advisory committee notes to Rule 403; and because it would invite jury nullification by way of encouraging the jury to overlook the charged crimes on the basis that they are counterbalanced by all the good he has done in his career. The United States seeks this ruling prior to the start of trial because any reference to the foregoing evidence—including during *voir dire* or opening statements—could result in prejudice that the Court would be unable to rectify simply by sustaining a timely objection.[1]

[1] Defense counsel extensively referenced Farwell's military service and accomplishments as well as his law enforcement commendations in their Opposition to Government's Motion for Detention (ECF No 106 at 5-9). On August 12, 2026, defense counsel indicated to the government that they had not yet decided whether they planned to reference Farwell's military service in their opening statement at trial. Defense counsel also indicated that they wish to question potential jurors during voir dire about their experiences with the military, thus the government is filing this Motion now to bring these issues to the Court's attention prior to trial.

**Legal Background**

Federal Rule of Evidence 405(b) permits a defendant to introduce evidence of relevant specific instances of his conduct only where the related character or trait is an essential element of a charge, claim, or defense. In the very limited circumstances when Rule 405(b) allows for admission of specific instances of conduct, that evidence must also be sufficiently probative to not be substantially outweighed by other risks set forth in Rule 403, including but not limited to unfair prejudice and confusion of the issues.

Improper evidence of specific instances of conduct can easily become invitations for jury nullification. *See United States v. Joseph*, 567 F. App'x 844, 849 (11th Cir. 2014) ("[W]hen the district court restricted defense counsel's comments about [the defendant's] honor and social contributions—comments that were part of his jury nullification efforts—the court did not deny [the defendant] the opportunity to make a legally tenable argument. Instead, it kept him from making impermissible arguments."). Jury nullification is a structural feature of our criminal justice system, but the First Circuit has made clear that "neither the court nor counsel should encourage jurors to exercise this power," and, "[a] trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification." *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993); *see also United States v. Bunchan*, 626 F.3d 29, 34 (1st Cir. 2010) ("Neither the court nor counsel should encourage jurors to exercise their power to nullify."); *United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997) ("We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent.").

## Argument

The United States anticipates that the defendant may seek to offer evidence of his prior good acts, commendations, or accomplishments in the military or as a former law enforcement officer. Evidence of specific instances of conduct, such as prior good acts, commendations, or accomplishments, is inadmissible because the character trait at issue—being a good person, police officer, or serviceman—is not an essential element of a charge, claim, or defense in this case. *See* Fed. R. Evid. 405(b); *United States v. Navedo-Ramirez*, 781 F.3d 563, 569 (1st Cir. 2015) (affirming exclusion of defendant-officer's performance evaluations, reasoning that "the character trait that the evaluations purport to show—general competence at her job as a police officer" was not pertinent to the drug trafficking charges); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1990) (ruling that district court properly excluded evidence of defendant-officer's commendations because "the traits which they purport to show—bravery, attention to duty, perhaps community spirit—were hardly 'pertinent' to the fraud and perjury crimes of which [the defendant] stood accused"); *United States v. Rios*, 180 F.3d 262 (5th Cir. 1999) (affirming the exclusion of a defendant's military record because it did not fall under Rule 405(b) in trial for making false statements).

Even if this evidence were admissible under Rule 405(b), which it is not, Rule 403 operates to exclude it. When assessing the probative value of evidence for purposes of the Rule 403 balancing test, evidence of prior instances of conduct under Rule 405(b) must also be sufficiently related to and proximate in time to the charged conduct. *United States v. Frankhauser*, 80 F.3d 641, 648 (1st Cir. 1996); *United States v. Barry*, 814 F.2d 1400, 1404 (9th Cir. 1987). With respect to Farwell's military service in particular, not only is it entirely unrelated to the charges of obstruction, homicide, and causing the death of an unborn child, Farwell's military service was

not close in time to any of the charged conduct. Farwell served in the military from 2004 - 2008, years prior to the time Birchmore enrolled in the Stoughton Police Explorers Program in 2010. Thus, Farwell's prior military service in particular has almost no probative value. Even if details around his military service were admissible under Rule 405(b) (which they are not), the Court should exclude this evidence because its negligible probative value is substantially outweighed by a risk of unfair prejudice and confusion of the issues under Rule 403. The same is true for Farwell's law enforcement commendations. Their minimal probative value is substantially outweighed by unfair prejudice – suggesting jury make its decision on an improper basis, an emotional one.

Courts have held that evidence or testimony regarding a veteran's service may be relevant to determine a defendant's moral culpability in the sentencing phase of a capital case. *Porter v. McCollum,* 558 U.S. 30, 43 (2009). No court has held that such testimony is relevant to determining guilt or innocence, the only question that will be before this jury. The defendant is entitled to put on opinion or reputation evidence of his good character, under the theory that such evidence is inconsistent with having committed the charged offenses, Fed. R. Evid. 404(a)(2)(A), 405(a); however, he should not be permitted to ask the jury to overlook the charged crimes on the basis that it is counterbalanced by all the good he has done in his career, as such an argument would invite the jury to nullify. *See United States v. Boone*, No. 4:13-cr-00139, Docket No. 150 (S.D. Iowa 2015) (ruling that the defendant-officer "shall make no argument hinting or implying jury nullification," including the "implication" that his good character traits "excuse or should excuse any individual instances of alleged misconduct."); *United States v. Melton*, No. 3:08cr107-DPJ-LRA, 2008 WL 4829893, at *2 (S.D. Miss. Nov. 4, 2008) (excluding evidence of a defendant-officer's reputation for fighting crime on the ground that it was "aimed at inducing jury nullification").

## Conclusion

Because the foregoing arguments suggest to the jury that it should acquit notwithstanding the defendant's guilt, the Court should preclude them in order to ensure that the jury's verdict is based on the facts and the law, and not on appeals to passion or prejudice. To that end, and consistent with the Federal Rules of Evidence, the United States respectfully seeks an *in limine* order excluding evidence of Farwell's prior good acts, commendations, or accomplishments in his law enforcement or military careers.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Torey B. Cummings*
BRIAN A. FOGERTY
ELIZABETH C. RILEY
TOREY B. CUMMINGS
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Torey B. Cummings*
Torey B. Cummings
Assistant United States Attorney

Date: August 17, 2026