**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Docket No. 1:24-cr-10259-DJC |
| v. | ) | |
| | ) | |
| | ) | |
| MATTHEW FARWELL | ) | |

**DEFENDANT'S MOTION IN LIMINE TO INTRODUCE EVIDENCE OF DECEDENT HEARSAY DECLARANT'S REPUTATION FOR UNTRUTHFULNESS**

Now comes the defendant Matthew Farwell, and moves, pursuant to Federal Rules of Evidence (FRE) 608(a), that he be permitted to introduce evidence of decedent Sandra Birchmore's reputation in her community for untruthfulness, should the government be permitted to introduce at trial her out of court declarations.

**BACKGROUND**

The government has charged the defendant with a violation of 18 U.S.C. § 1512(a)(1)(C) for allegedly killing Sandra Birchmore with, among other things, premeditation and with the intent to prevent the communication by any person to a federal law enforcement officer of information relating to the commission or possible commission of a *federal* offense, including deprivation of rights under color of law, coercion and enticement, and wire fraud. D.E. 63.

The government has moved in limine (D.E. 190) and in its trial brief (D.E. 179) to introduce statements allegedly made by Sandra Birchmore to the defendant, as well as statements made to other individuals about the defendant. Some of these statements describe the alleged nature of their relationship. In other conversations, Ms. Birchmore attributed to Matthew Farwell certain words and deeds.

The government has also provided in discovery in this case, statements made to law enforcement by many longtime acquaintances (family, friends, and co-workers) of Sandra Birchmore, describing her reputation for dishonesty and compulsive lying. In fact, a lead investigator in this case specifically asked at least one long time acquaintance of Ms. Birchmore about her documented history of untruthfulness.

**LEGAL AUTHORITY**

The right of cross-examination is implicit in the constitutional right of confrontation. *Chambers v. Mississippi*, 410 U.S. 284 (1973).

Rights to confront and cross-examine witnesses and to call witnesses in one's own behalf are essential to due process. *Id*.

Subject always to the broad discretion of trial judge to preclude repetitive and unduly harassing interrogation, cross-examiner is not only permitted to delve into witness' story to test witness' perceptions and memory but is traditionally allowed to impeach, that is, discredit the witness. *Davis v. Alaska*, 415 U.S. 308 (1974).

A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked. FRE 608.

When a hearsay statement--or a statement described in Rule 801(d)(2)(C), (D), or (E)--has been admitted in evidence, the declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness. The court may admit evidence of the declarant's inconsistent statement or conduct,

regardless of when it occurred or whether the declarant had an opportunity to explain or deny it. If the party against whom the statement was admitted calls the declarant as a witness, the party may examine the declarant on the statement as if on cross-examination. FRE 806.

Although rule allows evidence of witness' truthful character only after witness' character is attacked, there is no corresponding limitation on introducing evidence of untruthfulness. *Deary v. City of Gloucester*, 9 F.3d 191 (1st Cir. 1993).

By limiting the application of the Rule to proof of a witness' character for truthfulness, the amendment leaves the admissibility of extrinsic evidence offered for other grounds of impeachment (such as contradiction, prior inconsistent statement, bias and mental capacity) to Rules 402 and 403. FRE 608, <u>Advisory Committee Notes, 2003 Amendments</u>.

## ARGUMENT

Assuming arguendo the Court allows the government to introduce Ms. Birchmore's out of court statements, Mr. Farwell must be permitted to introduce testimony of Ms. Birchmore's reputation for untruthfulness pursuant to FRE 608(a).

The jury's assessment of decedent Sandra Birchmore's credibility, particularly as it pertains to accusations she purportedly leveled against the defendant to third parties, will be a central issue at this trial. Matthew Farwell must be permitted to offer evidence to assist the jury in making that evaluation in the form of reputation evidence demonstrating her lack of trustworthiness. Failure to permit the introduction of this evidence would violate Matthew Farwell's Due Process and Sixth Amendment rights as guaranteed by the United States Constitution.

## CONCLUSION

For the foregoing reasons, that defendant respectfully requests that he be permitted to introduce evidence of Sandra Birchmore's reputation in her community for dishonesty, should the government be permitted to introduce at trial her out of court declarations.

Dated: August 17, 2026

Respectfully submitted,

MATTHEW FARWELL,
By his attorneys,

*/s/ Joanne M. Daley*

Joanne M. Daley, BBO # 653375
Kimberly C. Stevens, NC State Bar # 20156
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061
Joanne_daley@fd.org

**CERTIFICATE OF SERVICE**

I, Joanne M. Daley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on August 17, 2026.

*/s/ Joanne M. Daley*
Joanne M. Daley