# EXHIBIT 1

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CRIMINAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No. |
| | : | |
| JUAN GUERRA, | : | 2023 CF1 9004 |
| | : | |
| Defendant | : | **EXCERPT** |
| | : | |

Washington, D.C.

Friday, May 29th, 2026

The above-entitled matter came on for a hearing before the Honorable Michael O'Keefe, Associate Judge, in Courtroom Number 202, commencing at 9:37 a.m.

THIS TRANSCRIPT REPRESENTS THE PRODUCT OF AN OFFICIAL REPORTER, ENGAGED BY THE COURT, WHO HAS PERSONALLY CERTIFIED THAT IT REPRESENTS THE **EXCERPTED** TESTIMONY AND PROCEEDINGS IN THE CASE AS RECORDED

APPEARANCES:

On behalf of the Government:

Molly Smith, Esquire
Miles Janssen, Esquire
Assistant United States Attorney

On behalf of the Defendant:

Diana Yu, Esquire
Kevin Mosley, Esquire
Public Defender Service

Alisha Conley,
Official Court Reporter (202) 879-1050

published.

MS. SMITH: Thank you, Your Honor.

The Government has no further questions.

THE COURT: Okay. Thank you very much, Doctor.

THE WITNESS: Thank you, Your Honor.

Have a good day.

THE COURT: You're excused. Have a nice vacation.

THE WITNESS: Thank you.

(Excerpt concluded at 10:14 a.m.)

****

(The following is the *Daubert* motions ruling only from 12:00 p.m. to 12:06 p.m., as requested.)

THE COURT: All right. Then -- all right. Let me just rule on Dr. Smock.

So in considering the admissibility of the testimony of Dr. Smock, the Court has reviewed the pleadings of the parties and exhibits, the curriculum vitae of Dr. Smock, the expert disclosures and reports, autopsy findings and photographs, the extensive testimony of Dr. Smock, and the arguments of counsel.

Having considered the evidence and applicable law, the Court finds as follows: Regarding qualifications, the Court finds that Dr. Smock is qualified by knowledge, skill, experience, training, and

education to offer expert testimony regarding asphyxia, strangulation, injuries, blunt force trauma, neck anatomy, mechanisms of injury, and interpretations of medical findings associated with alleged strangulation.

The Court further finds that the witness's extensive experience reviewing and evaluating strangulation-related injuries; together with review of autopsy materials, medical records, photographs, investigative materials, and relevant literature, provides a sufficient foundation for the opinions proffered in this case.

With regard to the reliability of methodology, the Court finds that the opinions offered are grounded and reliable principles and methods within the field of forensic medicine and forensic pathology and are sufficiently reliable to satisfy Rule 702.

I would note that Dr. Smock specifically relied upon autopsy findings, internal neck anatomy findings, hemorrhage of the neck musculature, hemorrhage surrounding the thyroid cartilage, fracture of the superior horn and the thyroid cartilage, petechial hemorrhages, external injury patterns, photographs, investigative materials, and the witness's training and experience in the evaluation of asphyxial and strangulation injuries.

I would find also that the methodology employed involves recognized comparative medical analysis of injury patterns, anatomical findings, and physiological mechanisms commonly utilized in forensic death investigations.

With regard to facts and data, the Court finds that the expert relied on sufficient facts and data reasonably relied upon by experts in the field, including the autopsy reports, postmortem photographs, investigative information, medical records of GW Hospital, body-worn cameras taken at the time of the EMT response, the report of anthropology consultation of Dr. Jennifer Love, and other items that were identified during the hearing and in Dr. Smock's report.

The Court further finds that disputes regarding the completeness of the underlying data or the interpretation of particular findings go to the weight of the testimony rather than its admissibility.

The Application of Methodology to the Facts.

The Court finds that the expert reliably applied the foregoing principles and methods to the facts in this case.  The Court recognizes that the certain individual findings discussed by the expert, including petechial hemorrhage in the left eye and external trauma, may not be independently diagnostic of

strangulation; however, the Court finds that the expert's opinions are based upon totality of the anatomical and physiological findings rather than any single isolated observation.

The Court further finds that the existence of potential alternative explanation for some of the injuries, including blunt force trauma, does not render the methodology unreliable where the expert has considered the overall injury pattern and offered opinions within the scope of medical probability and his professional judgment.

With regard to assistance to the trier of fact, the Court finds that the proposed testimony will assist the jury in understanding neck anatomy, the mechanisms of asphyxia and strangulation, including the timing of each, the internal versus external injury patterns, petechial hemorrhages, thyroid cartilage injury, and the interpretation of medical findings outside the common knowledge of lay jurors, and, in fact, some doctors.

The Court notes that the challenges concerning the degree of certainty expressed, the significance of alternative mechanisms of injury, the interpretation of specific findings, and the weight to be given to the opinions are proper subjects for vigorous cross examination and the presentation of contrary expert

testimony.

So consistent with the principles of *Daubert* and *Motorola*, the Court further notes that the admission of the testimony does not constitute a finding that the expert's conclusions are correct, only that the testimony satisfies the threshold requirements of 702.

So as a result -- and I don't believe that Dr. Smock's testimony would be confusing in any way to the jury. In fact, you know, I thought it was very educating. So I'm going to -- the motion to exclude Dr. Smock's testimony is denied, and Dr. Smock will be permitted to the testify in the areas identified.

Okay. So that's that one.

(Excerpt concluded at 12:06 p.m.)

**CERTIFICATE**

I, Alisha N. Conley, an Official Court Reporter for the District of Columbia Courts, do hereby certify that I reported, by machine shorthand, in my official capacity, the **EXCERPTED** proceedings had and testimony adduced, upon the trial in the case of United States v Juan Guerra, Criminal Case Number 2023 CF1 9004, in said Court, on the 29th day of May, 2026.

I further certify that I have transcribed the foregoing 35 pages from said machine shorthand notes and reviewed same with the backup audio, if any, to the best of my ability.

In witness whereof, I have hereto subscribed my name, this the 6th day of June, 2026.

Alisha Conley

____________________________

Official Court Reporter