**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | Docket No.: 24-cr-10259-DJC |
| | : | |
| | : | |
| MATTHEW FARWELL | : | |

**Response to Government's Invocation of Rule 615, Raised in Their Trial Brief**

## I. INTRODUCTION

Now comes the defendant, Matthew Farwell, by and through counsel, and respectfully requests that the Court permit the defendant's expert witnesses to remain in the courtroom during trial testimony pursuant to Federal Rule of Evidence 615(a)(3). In the government's trial brief, filed at DN 179, p. 46, the government invoked Rule 615 and requested an exception for their case agent and two family member witnesses. *Id*.

Expert witnesses who testify solely in an expert capacity and base their opinions on trial testimony are properly exempt from sequestration because their presence is essential to presenting the defendant's case and because "there is 'little if any reason to sequester a witness who is to testify in an expert capacity only and not to the facts of the case.'" *Bartlett v. Mutual Pharmaceutical Co., Inc.,* 2010 WL 3092649, *9 (D.N.H. Aug. 2, 2010) (quoting *United States v. Lussier*, 929 F.2d 25, 30 (1st Cir. 1991)). First Circuit authority, and Rule 615(a)(3) support the exemption of expert witnesses who testify solely in their expert capacity from a sequestration order. The defense requests that any sequestration order under Rule 615 expressly authorize the defense expert witnesses to remain in the courtroom and consider the testimony of other witnesses.

Additionally, the government will likely attempt to declare two fact witnesses in this case, a therapist and a medical doctor, as quasi-expert witnesses. Because these two witnesses are in possession of material facts in the case, they should be excluded from the courtroom until such time as they testify under Rule 615 and the rational of available First Circuit precedent.

## II. LEGAL STANDARD

Federal Rule of Evidence 615(a) requires that, at a party's request or on the Court's own motion, "the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony." The rule, however, prohibits exclusion of "any person whose presence a party shows to be essential to presenting the party's claim or defense." Fed.R.Evid. 615(a)(3). The advisory committee notes to Rule 615(a)(3) indicate that "[this] category contemplates such persons as . . . an expert needed to advise counsel in the management of the litigation." *Breeden v. VK Krupa Corp.*, 752 F. Supp. 3d 274, 279 (D. Mass. 2024).

## III. ARGUMENT

### A. Rule 615(a)(3) Authorizes Exemption of Expert Witnesses Whose Presence Is Essential to Presenting a Party's Case

Federal Rule of Evidence 615(a)(3) carves out an express exception to witness sequestration for "any person whose presence a party shows to be essential to presenting the party's claim or defense." As set forth above, courts in the First Circuit regularly exempt expert witnesses from sequestration under this provision when their presence is shown to be essential to presenting a party's cause.

The First Circuit has long recognized that expert witnesses who testify in an expert capacity only – and not to the physical facts of the case – need not be sequestered.

In *United States v. Lussier*, 929 F.2d 25 (1st Cir. 1991), the First Circuit held that the district court did not err in allowing an IRS agent to remain in court during trial when the agent "testified at the end of the government's case to his calculation of the taxes due and owing by [the defendant], based on 'the testimony and documents in evidence.'" *Id.*, at 30. Citing *Morvant v. Construction Aggregates Corp*., 570 F.2d 626, 629-30 (6th Cir. 1978), the *Lussier* Court found that there was not a reason to sequester a witness who is to testify in an expert capacity only and not as a direct witness to the facts of the case. *Id*., at 30.

"Courts in the First Circuit, therefore, commonly hold 'there is "little if any reason to sequester a witness who is to testify in an expert capacity only and not to the facts of the case."'" *Breeden,* 752 F. Supp. 3d at 279 (citing *Bartlett v. Mut. Pharmaceutical Co., Inc.,* 2010 WL 3092649, at *9 (D.N.H. Aug. 2, 2010) ((quoting *United States v. Lussier*, 929 F.2d 25, 30 (1st Cir. 1991); *Echavarria v. Roach*, 2022 WL 606076, at *3 (D. Mass. Mar. 1, 2022) (exempting experts from sequestration order)).

In *Bartlett v. Mutual Pharmaceutical Co., Inc.,* 2010 WL 3092649 (D.N.H. Aug. 2, 2010), the Court noted that expert witnesses should be exempt to a sequestration order entered in that case under Fed.R.Evid. 615(3), citing *United States v. Lussier*, 929 F.2d 25, 30 (1st Cir. 1991) (quoting *Morvant v. Constr. Aggregates Corp.*, 570 F.2d 626, 629-30 (6th Cir. 1978)), and following the above logic. *Id.*, at *9.

Here, the defendant's noticed expert witnesses, including Dr. Andrew, Dr. Noureddine, Dr. Garvin, Dr. Christensen, Dr. Piasecki, Mr. Loper, and Dr. McCarthy, along with any other experts noticed previously by the government but called by the defense, are essential to presenting the defendant's position that Ms. Birchmore died at

her own hand. Since expert testimony is indeed essential to the parties' respective presentations, the defense requests that this Court exempt the defendant's experts from any sequestration order.

The Government sought no such exemption for expert witnesses in its trial brief. DN 179, at 46. The government, citing Rule 615 broadly, requested three exemptions: one case agent and two family member witnesses.

Additionally, the government has provided notice to the defense that they intend to call two quasi-fact witnesses, including one therapist and one treating physician of Ms. Birchmore, at trial. The government may attempt to additionally qualify those witnesses as experts (and the defense objects). Those witnesses should be excluded from the courtroom until such time as they testify, and they should not be provided with any transcripts or recitation of the evidence at trial. These witnesses are fact witnesses, and they are in possession of material facts in the case. These witnesses fall under the danger that Rule 615 seeks to prevent – that fact witnesses may tailor their testimony in light of what they hear other witnesses say or present in the courtroom.

### B. Expert Witnesses May Properly Base Their Opinions on the Testimony of Other Witnesses Under Federal Rule of Evidence 703

The functional reason for exempting experts from sequestration is reinforced by Federal Rule of Evidence 703, which permits expert witnesses to base their opinions on the testimony of other witnesses at trial. As the district court explained in *Breeden*, an expert "may rely on other witness's testimony or other expert conclusions to form an opinion" without violating Fed. R. Evid. 703. *Breeden v. VK Krupa Corp.*, 752 F. Supp. 3d 274, 279 (citing *Iconics, Inc. v. Massaro*, 266 F. Supp. 3d 461, 469 (D. Mass. 2017)). Because experts are expressly authorized to consider trial testimony in formulating their

opinions, excluding them from the courtroom would serve no purpose and would only hinder their ability to perform their proper function.

The core purpose of sequestration is to prevent fact witnesses from tailoring their testimony to match or contradict that of other witnesses. Expert witnesses who testify to opinions formed on the basis of trial evidence, rather than to first-hand observations of disputed events, do not implicate this concern. Allowing the defendant's experts to remain in the courtroom and hear testimony will enable them to fulfill their proper role without any risk of the prejudice sequestration is designed to prevent.

## CONCLUSION

For the foregoing reasons, the defendant respectfully requests that the Court exempt the defendant's expert witnesses from any sequestration order and expressly permit them to remain in the courtroom during trial and to consider the testimony of other witnesses in forming their expert opinions; correspondingly, the defendant moves to preclude any quasi-factual / expert witnesses (a treating therapist and treating physician of Sandra Birchmore) from being present in the courtroom until such time as they testify.

August 18, 2026

Respectfully submitted,

MATTHEW FARWELL,
By his attorneys,

*/s/ Kimberly C. Stevens*

Kimberly C. Stevens, NC State Bar # 20156
Joanne M. Daley, BBO # 653375

Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061
Kim_Stevens@fd.org
Joanne_daley@fd.org

**CERTIFICATE OF SERVICE**

I, Kimberly C. Stevens, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on August 18, 2026.

*/s/ Kimberly C. Stevens*
Kimberly C. Stevens