**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA

v.

MATTHEW FARWELL,

Defendant

CRIMINAL No. 24-10259-DJC

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* REGARDING DECLARANT'S REPUTATION FOR UNTRUTHFULNESS**

The United States of America, by Leah B. Foley, United States Attorney, and Brian A. Fogerty, Elizabeth C. Riley, and Torey B. Cummings, Assistant U.S. Attorneys for the District of Massachusetts, files this response to the defendant's motion to introduce evidence of Sandra Birchmore's reputation for untruthfulness. ECF No. 222. The government acknowledges that if the Court admits out-of-court statements of the deceased victim (*see* ECF Nos. 190 and 196), the parties may properly treat Birchmore as a "witness" for purposes of Rule 608 of the Federal Rules of Evidence. However, because the defendant has not provided sufficient information to assess whether his purported character evidence meets the evidentiary standards for admission, including but not limited to Rules 608, 405, 802 and 403, the Court should defer its ruling on his motion until the defendant identifies the specific character evidence he will seek to admit.

**LEGAL AUTHORITY**

Rule 806 states, in relevant parts, that when the Court admits a hearsay statement, a party may attack (and then support) the declarant's credibility:

> When a hearsay statement . . . has been admitted in evidence, the declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness. The court may admit evidence of the declarant's inconsistent statement or conduct, regardless of when it

> occurred or whether the declarant had an opportunity to explain or deny it.

Fed. R. Evid. 806; *see also United States v. Pena*, 24 F.4th 46, 68 (1st Cir. 2022).

A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. Fed. R. Evid. 608(a). Rule 608(a) testimony must take "the form of opinion of reputation" evidence, "rather than specific instances of deceit." *United States v. Tedder*, 403 F.3d 836, 839 (7th Cir. 2005); *see also* Fed. R. Evid. 405.

To establish a proper foundation for the opinion or reputation testimony, a witness must show: "such acquaintance with the person under attack, the community in which he has lived and the circles in which he has moved, as to speak with authority of the terms in which generally he is regarded. " *Montoya v. Shelden*, 898 F. Supp. 2d 1279, 1292 (D.N.M. 2012) (citing *United States v. Ruiz-Castro*, 92 F.3d 1519, 1529 (10th Cir. 1996), *overruled on other grounds by United States v. Flowers,* 464 F.3d 1127 (10th Cir. 2006)). Extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. Fed. R. Evid. 608(b). Moreover, an adequate foundation for opinion testimony regarding a witness's character for untruthfulness requires a demonstration that the opinion witness knows the relevant witness well enough to have formed an opinion. *Angelopoulous v. Keystone Orthopedic Specialists, S.C., Wachn, LLC*, 2017 U.S. Dist. LEXIS 77721 (N.D. Ill. 2017).

The rule against hearsay still applies and any proffered character evidence must undergo an analysis under Fed. R. Evid. 403. *Angelopoulous* at 8 (concluding that the court maintains its discretion under Rule 403 to evaluate the probative value of character witnesses to determine if such testimony is cumulative or a "waste of time."). The proffered evidence must be clearly defined and may not reference unspecific allegations. *United States v. Edwards*, 272 F. Supp. 3d

1270 (D.N.M. 2017). Furthermore, testimony regarding "rumors" is insufficient to support an assertion regarding a person's character for untruthfulness. *See id.* Further, courts have held that telling a lie "cannot be equated to" a reputation for untruthfulness or even a character for untruthfulness. *Wilson v. City of Chicago*, 6 F.3d 1233, 1239 (7th Cir. 1993).

Of note, Rule 608(a) allows a witness's credibility to be rehabilitated by testimony about the witness's character for truthfulness after the witness's character for truthfulness has been attacked.

## **ARGUMENT**

The defendant moves generally to admit evidence under Rule 608(a) of the victim's "reputation in the community" for untruthfulness. The defendant does not identify the witnesses he plans to call to testify or those he intends on cross-examining regarding Birchmore's reputation for truthfulness, the basis for the witnesses' familiarity with Birchmore's reputation, or the community in which this alleged reputation exists.

*Nothing in Fed. R. Evid. 806 or 608(a) Permits the Defendant to Usurp the Rules Against Hearsay*

The defendant's filing is insufficient for the government to take a position and for the Court to determine whether or not the defendant intends to introduce this character evidence without running afoul of other evidentiary rules (e.g., hearsay rules related to a statement of a long-time acquaintance admitted through an investigator, *see ECF No. 222 at* 2), whether such testimony will truly be reputation and/or character evidence, and whether such evidence could survive a challenge under Fed. R. Evid. 403. Because the defendant's filing provides insufficient information about the testimony or evidence it will seek to offer, the Court should defer ruling unless and until it becomes clearer whether the proffered evidence is true reputation or opinion

evidence, by a person with sufficient knowledge, and in a manner that does not run afoul of other Federal Rules of Evidence.

Indeed, the government may not object to evidence related to the victim's character for truthfulness if the evidence being offered: (1) is not hearsay (*see* Fed. R. Evid. 802); (2) is being offered by a witness who has sufficient personal knowledge to testify regarding the witness's opinion of Birchmore's truthfulness or reputation in the community (*see* Fed. R. Evid. 602); and (3) where the probative value of the evidence is not substantially outweighed by a danger of unfair prejudice (*see* Fed. R. Evid. 403).

*The Proffered Evidence Must Go Toward Birchmore's Truthfulness and not other Characteristics and Must be Offered by a Person with Sufficient Knowledge*

The defendant may not offer evidence of people's opinions of Birchmore for the sole purpose of rendering her unlikeable to the jury. He must be able to show that a person's opinion of Birchmore is more than just rumor or hearsay, and that it is relevant, and not unfairly prejudicial, given that Birchmore will not be available to testify about any such evidence of her character. See Fed. R. Evid. 602 and 802; *United States v. Edwards*, 272 F. Supp. 3d 1270 (D.N.M. 2017). Additionally, while it is unclear what specific evidence or witnesses the defendant intends to use to show Birchmore's reputation for untruthfulness, the defendant must first establish that the witness is qualified to offer character evidence concerning Birchmore. *See* Fed. R. Evid. 602. In order to demonstrate that a witness has personal knowledge sufficient to offer testimony about Birchmore's character, the defendant must lay a foundation showing that the witness was acquainted with Birchmore or was within her community. *United States v. Whitmore*, 359 F.3d 609, 616 (D.C. Cir. 2004); *see also Michelson v. United States*, 335 U.S. 469, 478 (1948). Some

witnesses may not have sufficient personal knowledge to provide evidence regarding Birchmore's reputation for truthfulness or untruthfulness. A witness's opinion that Birchmore was dishonest with them on occasion would not be a basis for that person to testify as to Birchmore's reputation in the community for untruthfulness. *Id*.

*Any Proffered Evidence Must Survive a Balancing Test under Fed. R. Evid. 403*

In addition, any proposed character evidence must also be admissible under Rule 403. The probative value of testimony of Birchmore's alleged character for untruthfulness is weakened by the fact that the government will seek to admit a number of Birchmore's out-of-court statements that are independently corroborated by other admissible evidence or by adoptive admissions of the defendant. Birchmore's character for truthfulness or untruthfulness approaches irrelevant given that many, if not most, of the statements that the government will seek to offer will be corroborated by independent evidence or the defendant's admissions, adoptive or otherwise.

For example, when Birchmore discussed losing her virginity to the defendant on April 10, 2013, rather than deny it, as one would expect a law enforcement officer to do when confronted with a statement that he committed the crime of statutory rape, the defendant agreed and told Birchmore that he had butterflies that day and that it was the best day of his life[1]. This is also corroborated by her medical records, which show that around the time the defendant admitted to taking Birchmore's virginity, she sought birth control from her pediatrician. Furthermore, when Birchmore journals about the fact that the defendant will engage in sexual violence with her if she fails a class, that is corroborated by text messages in which the defendant tells Birchmore that she

[1] He then told her she should delete those messages.

needs "to be punished sometimes," she owes him three "poundings" for various transgressions, that he is going to spread out his punishments to ensure that she doesn't "forget it" and that she would feel the pain from the punishments "for like a whole month."

Furthermore, in October 2020, when Birchmore tells others that the defendant agreed to get her pregnant in exchange for her silence, that is corroborated in text messages between Birchmore and the defendant in which she sends him her ovulation calendar and he tells her that he would agree for "one month". Months later, the defendant would reiterate that he agreed to get Birchmore pregnant after she extorted him. On December 28, 2020, when Birchmore tells the defendant that she is pregnant, that fact is corroborated by medical records. When Birchmore tells multiple people that the defendant had been violent with her on December 29, 2020, that is corroborated by the defendant's adoptive admission when Birchmore confronts him with the fact that he scared her and he doesn't deny it. When Birchmore tells friends that the defendant, days before her death, accepted a key to her apartment, that is corroborated by a receipt from Walmart on the day in question which shows she paid for a key copy. When Birchmore tells people that the defendant has been visiting her during times he was "on the clock" as a police officer for years, that is corroborated by text messages that the defendant sends to Birchmore, anticipating or recapping their sexual encounters while his work records reflect he is on the clock.

Because of the significant corroborating evidence to these important facts, evidence of Birchmore's reputation or others' opinion of her truthfulness may not be probative of a fact at issue. Thus the risk that this testimony would result in unfair prejudice, particularly in relation to a deceased victim who cannot defend her own character, would substantially outweigh its probative value.

*Challenging Birchmore's Character for Truthfulness May Impact the Court's Analysis of the 403 Balancing Act for Other Categories of Other Evidence*

Finally, the defendant has objected to certain categories of evidence the government seeks to admit under Fed. R. Evid. 404(b), but if Birchmore's character for truthfulness is at issue, that will impact the Rule 403 balancing test related to the Rule 404(b) evidence. As mentioned in a separate filing, the fact that the defendant sought out pornography that glorified the sexualization of teenagers including, "barely legal" females, "pawg[2] teens," "pawg teen stepsister moans" and "fucked up family teens" corroborates Birchmore's truthfulness when she tells people that the defendant started a sexual relationship with her when she was underage.[3] The defendant's sexual interest in this age group persisted in 2021 and 2022 when he accessed these websites. If the defendant seeks to admit evidence that certain witnesses had opinions that Birchmore was untruthful and that she may or must have been untruthful about her underage relationship with Farwell, the fact that Farwell had a persistent interest in teenagers, barely legal ones, and ones from "fucked up families" becomes more probative to rehabilitating her credibility.

**CONCLUSION**

The government respectfully requests that the Court defer ruling on defendant's motion regarding the deceased victim's reputation for truthfulness and until it is established that the evidence it seeks to admit is true reputation or opinion evidence offered by someone with the

[2] This refers to "phat ass white girl."

[3] The defendant has stressed in multiple motions that Birchmore was only one month shy of turning sixteen when the defendant is alleged to have started having vaginal intercourse with her.

requisite knowledge, that it is not based on hearsay, and that its probative value is not substantially outweighed by the danger of unfair prejudice. The

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: /s/ Elizabeth C. Riley
TOREY B. CUMMINGS
BRIAN A. FOGERTY
ELIZABETH C. RILEY
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

/s/ Elizabeth C. Riley
ELIZABETH C. RILEY
Assistant United States Attorney

Date: August 24, 2026