**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 24-10259-DJC |
| | ) | |
| MATTHEW FARWELL | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE AUDIO OF TEXT MESSAGES**

The United States of America opposes Defendant Matthew Farwell's motion seeking to preclude the government from using audio recordings of text messages as demonstratives during trial. *See* ECF No. 220. As set forth in its Trial Brief (ECF No. 179 at 47-48), the government is seeking to use as demonstratives audio recordings of readers orally reading text messages between the defendant and the victim. The written text messages would be admitted into evidence; the audio recordings would not. Of course, no audio recording would be played for the jury unless and until the corresponding text message exhibit is admitted.

The audio recordings will not be "dramatic," as Farwell claims. In reality, they are monotone recitations of texts that may be challenging for witnesses to read on the fly. The government submits with this filing an example of one of the recordings it seeks to use as a demonstrative at trial. *See* Exhibits 1 and 2. Exhibit 1 is a series of written text messages that the government will seek to admit as an exhibit. Exhibit 2, the audio recording of the text messages in Exhibit 1, demonstrates the obvious absence of drama in the recordings. As noted in the government's trial brief, the government will share all of the audio recordings with defense counsel and the Court in advance of trial. Should the defendant object to a reader's tone in any of the

recordings, or identify an error, the government is happy to meet and confer, and if appropriate, re-record that particular audio.

There is no question that trial witnesses may read from documents that have been admitted into evidence. The audio recordings are simply a substitute for that reading, with several advantages. First, use of the audio recordings eliminates the risk that the written evidence will be misread. Text messages often contain misspellings, abbreviations, emojis, and grammatical errors that make them more difficult to read aloud, creating a high potential that a witness reading them in the moment might inadvertently read them incorrectly. Using audio readings recorded in advance eliminates this risk, because the parties can review the recordings for errors before the recordings are played for the jury.

Second, the audio recordings are likely to be less dramatic than having a witness read the text messages on the stand. It is difficult for any person to read aloud without any natural inflection. An agent reading text messages, in the moment on the stand (without the benefit of being able to start over if they inadvertently use too much tone), will have a more difficult time trying to read them without dramatic tone.

Third, using the audio recordings at trial is analogous to using in person "readers" to read admitted evidence. Readers are routinely used in this district to read written correspondence into evidence during trials. *See, e.g., United States v. Mahdi Mohammad Sadeghi,* No. 24-CR-10391-IT (permitting the use of readers in a June 2026 trial). Using readers to read transcripts "[does] not change the essential nature of the transcript evidence." *United States v. Rengifo,* 789 F 2d 975, 983 (1st Cir. 1986). In the instant trial, because the government anticipates introducing snippets of text messages as exhibits at various times when examining an FBI agent, the use of audio recordings

instead of in-person readers will expedite the trial, because the jury will not have to wait for the agent to leave the stand and a reader to take her place each time a new text message exhibit is read.

For the reasons set forth above, the government respectfully requests that the Court deny the defendant's motion to preclude the government from using audio recordings of admitted text message evidence at trial.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Torey B. Cummings*
TOREY B. CUMMINGS
BRIAN A. FOGERTY
ELIZABETH C. RILEY
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Torey B. Cummings*
Torey B. Cummings
Assistant United States Attorney

Date: August 24, 2026