UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

MATTHEW FARWELL

Defendant

CRIMINAL No. 24-10259-DJC

**GOVERNMENT'S RENEWED MOTION TO EXCLUDE EXPERT TESTIMONY BY DANIEL LOPER**

The United States of America, by Leah B. Foley, United States Attorney, and Brian A. Fogerty, Elizabeth C. Riley, and Torey B. Cummings, Assistant U.S. Attorneys for the District of Massachusetts, renews its motion to exclude certain expert testimony by Daniel Loper. *See* ECF No. 175. On September 1, 2026, the Court ordered the defendant to provide a supplemental notice regarding Mr. Loper's testimony to comply with the disclosure requirements of Fed. R. Crim. P. 16(b)(1)(C). ECF No. 245. On August 31 and September 10, the defendant provided additional notices. *See* Exhibits A and B. However, in large part, these notices suffer from the same deficiencies as the defendant's initial disclosure.[1]

For the reasons identified herein, the government renews its motion to exclude Mr. Loper's testimony.

[1] On September 13, 2026, the government requested that Farwell disclose additional information regarding the items addressed in this renewed motion. *See* Letter to Counsel dated Sept. 13, 2026, attached as Ex. C. Farwell never responded to this request.

**I. <u>The Court should exclude Loper's testimony regarding an unidentified "on/off event</u>."**

Mr. Loper has disclosed that he believes the data acquired from Sandra Birchmore's MacBook Air laptop (hereinafter, the "laptop") indicates that there was an "on/off event" on February 1, 2021, at 9:41:43 p.m. *See* Ex. A at 1; Ex. B at 1. However, Mr. Loper has failed to identify where on the laptop he identified this "on/off event." Nor has he disclosed his opinion regarding the nature or significance of this alleged observation. Compounding the disclosure problem, in the Second Supplemental Notice, Mr. Loper identifies this event in a paragraph otherwise focused on evidence spoliation. But he fails to explain how the event is related to those allegations. Ultimately, Mr. Loper's cryptic disclosure regarding the alleged "on/off event" is insufficient because if fails to identify his opinion regarding the "on/off event" and the reasons and basis for that opinion. *See* Fed. R. Crim. P. 16(b)(1)(C)(iii).

**II. <u>The Court should exclude Loper's testimony regarding the "forensically sound method" of extracting data from an Apple Watch</u>.**

Mr. Loper has disclosed that he will "testify to the forensically sound method that could be implemented and used to sync an iWatch to its paired device to forensically capture any data that is synced from an iWatch to its paired device." *See* Ex. B at 2. This disclosure also fails to comply with Rule 16(b)(1)(C)(iii) because it does not identify the "forensically sound method" that Mr. Loper references. If Mr. Loper has an opinion about a "forensically sound method," he must identify it and the "bases and reasons" for holding that opinion. Fed. R. Crim. P. 16(b)(1)(C)(iii).

### III. **<u>The Court should exclude Loper's "opinion on the analysis and use of Apple Health Data on an iPhone</u>."**

Mr. Loper has disclosed that he "will provide his opinion on the analysis and use of Apple Health Data on an iPhone as it relates to activity of the user." *See* Ex. B at 2.[2] Again, he has failed to identify an actual opinion about Apple Health Data or the bases and reasons for such an opinion. The rules require a disclosure that reveals more than the existence of an unidentified opinion. *See* Fed. R. Crim. P. 16(b)(1)(C)(iii); *see also United States v. Coleman*, 149 F.4th 1, 31–32 (1st Cir. 2025).

### IV. **<u>The Court should exclude Loper's testimony regarding Exhibit S13</u>.**

The government moves to exclude Mr. Loper's testimony regarding certain digital artifacts or, alternatively, requests an order authorizing the government to review all data from Farwell's iPhone 11. On September 10, 2026, Mr. Loper disclosed that he "will testify to artifacts on Matthew Farwell's Apple iPhone 11 showing that the user of said device communicated with Sandra Birchmore's device on February 1, 2021, but the number(s) was subsequently blocked." Ex. B at 2. Because Farwell seeks to introduce these artifacts in connection with expert testimony regarding their existence and significance, the government is now entitled to review the related cell phone data that provides the basis for Mr. Loper's opinion that the data is what he says it is.

By way of background, on February 9, 2021, the Massachusetts State Police (MSP) obtained Farwell's limited consent to review the iPhone 11 for communications between Farwell and Birchmore. To do so, MSP extracted data from the entire device, reviewed the relevant

---

[2] The government previously moved to exclude Mr. Loper's testimony based on the deficient disclosure: "Mr. Loper will provide his expert opinion to [sic] Apple health data and provide any rebuttal to governments' [sic] expert testimony." *See* ECF No. 175 at 6; ECF No. 175-1 at 2.

portion, and confirmed that no messages between Farwell and Birchmore existed on that device.[3] Based on the limited scope of Farwell's consent, the prosecution team has not reviewed the data extracted from the iPhone 11. However, through a filter team, the government produced that data to Farwell's counsel in 2024. On September 15, 2026, Farwell's counsel sent the government a proposed exhibit that purports to be data indicating that Farwell blocked Birchmore's telephone number two days after she died. *See* Defendant's Proposed Exhibit S13. In other words, the exhibit purports to be data for which Farwell did not provide consent.

Farwell's proposed Exhibit S13 creates expert disclosure and admissibility problems. Farwell intends to offer Mr. Loper's expert testimony that this artifact "shows that the user of [the iPhone 11] communicated with Sandra Birchmore's devices on February 1, 2021, but the number(s) was subsequently blocked." *See* Ex. B at 2. This expert interpretation of data is subject to Rule 16(b)(1)(C)(iii)'s disclosure requirements regarding the "bases and reasons" for the opinion. Without access to any underlying data related to Ex. S13, the government has no information about the bases or reasons for Mr. Loper's testimony that S13 is what he claims it is, or the exhibit's reliability or significance. Absent a proper notice and review of the underlying data, it is impossible to determine whether Mr. Loper's testimony is based on specialized knowledge, sufficient facts or data, or whether his testimony is the product of reliable principles and methods. *See* Fed. R. Evid. 702. Ultimately, Farwell intends to ask the jury to take Mr. Loper's word for it when it comes to considering the iPhone 11 artifacts. But that is not the standard. *See Rodriguez v. Hosp. San Cristobal*, Inc. 91 F.4th 59, 70–71 (1st Cir. 2024) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit

[3] Farwell had previewed for MSP investigators that he had deleted his messages with Birchmore.

opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. Indeed, *Daubert* made clear . . . an expert's opinion 'must be supported by appropriate validation' and rest on 'more than subjective belief or unsupported speculation.'" (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993)). Accordingly, the government moves to exclude Mr. Loper's testimony regarding Defendant's Proposed Exhibit S13 (and any other iPhone 11 data). Alternatively, the government moves the Court for an order authorizing the prosecution team to access and review the iPhone 11 data that was previously produced to the defendant through a filter team.

**Conclusion**

For the foregoing reasons and those in the government's original motion to exclude the testimony of Daniel Loper (ECF No. 175), the government respectfully requests that the Court exclude the testimony identified herein and/or authorize the government's review of iPhone 11 data.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: /s/ Brian A. Fogerty
BRIAN A. FOGERTY
ELIZABETH C. RILEY
TOREY B. CUMMINGS
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

_/s/ Brian A. Fogerty___________
BRIAN A. FOGERTY
Assistant United States Attorney

Date: September 16, 2026