**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Docket No. 1:24-cr-10259-DJC |
| | ) | |
| | ) | |
| MATTHEW FARWELL | ) | |

**<u>DEFENDANT'S SECOND SUPPLEMENTAL NOTICE OF EXPERT TESTIMONY</u>**

Summary of Testimony:

## I. Testimony Regarding Artifacts on Digital Devices

Mr. Loper is expected to testify regarding data extracted from four Apple iPhones, including (1) Apple iPhone XS, serial no. C39XK1GWKPFP; (2) Apple iPhone 12, serial no. DNPDM8L30DXW; and (3) Apple iPhone 12 Pro, serial no. DNPFWL1K0D80; and (4) Apple iPhone 11, serial no F4GZ60HQN72Q. Mr. Loper will also testify regarding the review of data from an Apple MacBook Air laptop.

Mr. Loper, as previously disclosed, will testify to a four second power on/off event on the laptop that occurred at 9:41:43 pm on 2/1/2021. He will also testify that repeated manual review of the laptop by members of law enforcement violated industry standards/protocols. Specifically, industry standards provide protocols for digital evidence collection, emphasizing the need to preserve data to avoid data alteration & spoliation through manual review. Mr. Loper will testify that the actions of law enforcement led to the alteration and spoliation of data including, but not limited to, the loss of the computer configuration and activity on the date of the power on/off event, which would be contained in the Unified Logs and FSEvents, all of which have been written over. Mr. Loper will also testify to millions of digital artifacts being altered based on the conduct of law enforcement personnel.

Mr. Loper will testify regarding Mr. Beckstrom's statement that "No user created artifacts were identified on the [laptop] after 9:10:52 pm (UTC-5) on 2/1/2021" is a result of the destruction of volatile data.

Mr. Loper will also discuss that the laptop acquisition referred to as the "original acquisition" is not the original acquisition, when by the government's own admission, they no longer have the original acquisition of the laptop since it was destroyed on a date still unknown

to the defense. [1] The original laptop extraction performed on February 10, 2021, was the original laptop acquisition.

As previously disclosed, Mr. Loper may detail the search history of Ms. Birchmore on 2/1/2021, specifically the typed google search "what color is the suicide ribbon". He will note that this information was omitted from the NERCFL report authored by government expert Christopher Beckstrom. Mr. Loper will also testify about the search engine DuckDuckGo and its well-known use by consumers for data privacy.

Mr. Loper is expected to testify to the forensically sound method that could be implemented and used to sync an iWatch to its paired device to forensically capture any data that is synced from an iWatch to its paired device.

In addition, Mr. Loper will discuss the government's expert's assertion that an iWatch needs to be disconnected from Bluetooth for a person to use airbuds. Mr. Loper will provide his opinion on the analysis and use of Apple Health Data on an iPhone as it relates to activity of the user. Mr. Loper will testify to artifacts on Matthew Farwell's Apple iPhone 11 showing that the user of said device communicated with Sandra Birchmore's devices on February 1, 2021, but the number(s) was subsequently blocked.

**II. Testimony regarding photographic metadata**

Mr. Loper will testify regarding the metadata (date and time) contained within various digital photographic images, aka jpegs.

**III. Testimony regarding surveillance video**

Mr. Loper will testify to the time discrepancy in the surveillance video being 12 minutes and 57 seconds off, using data from the iPhone12 as well as the surveillance video to reconcile the time difference.

Signed under the pains and penalties of perjury this the 10th day of September 2026

Daniel Loper

Daniel Loper

[1] The government has not provided any documentation beyond a one-page chain of custody form that omits: numerous documented events of the ever-changing possession of the laptop, the forensic collection on February 10, 2021, the delivery to another law enforcement agency, and frequent manual usage of the device by law enforcement. The government has also not provided any documentation of the disposition of the original forensic extraction, except for a letter provided on August 21, 2026.