**U.S. Department of Justice**

***Leah B. Foley***
*United States Attorney*
*District of Massachusetts*

***Main Reception: (617) 748-3100***

***John Joseph Moakley United States Courthouse***
***1 Courthouse Way***
***Suite 9200***
***Boston, Massachusetts 02210***

September 13, 2026

**VIA ELECTRONIC MAIL**

Kimberly C. Stevens
Senior Capital Resource Counsel
Federal Capital Trial Project
1070-1 Tunnel Road, Suite 10-215
Asheville, NC 28805
Kim_Stevens@fd.org

Joanne M. Daley
Assistant Federal Public Defender
Office of the Federal Public Defender
District of Rhode Island
10 Weybosset Street, Suite 300
Providence, RI 02903
Joanne_Daley@fd.org

Re: United States v. Matthew Farwell
Criminal No. 24-CR-10259-DJC

Dear Counsel:

I write in response to the defendant's Second Supplemental Notice of Expert Testimony regarding Daniel Loper, which you provided on September 10, 2026. This notice still does not comply with Fed. R. Crim. P. 16(b)(1)(C). Below are specific deficiencies that the government will cite in a renewed motion to exclude Mr. Loper's testimony. If you intend to provide the additional information identified below, please do so by the close of business on Monday, September 14, 2026. At that time, the government will file its renewed motion to exclude the testimony and/or request to authorize the prosecution team's review of the data extracted from the defendant's iPhone 11.

February 1, 2021 "on/off event" at 9:41:43 p.m. Mr. Loper identifies an "on/off event" at 9:41:43 p.m. He does so in a paragraph that generally discusses allegation of evidence spoliation by members of law enforcement. *See* Second Supplemental Disclose at 1. However, Mr. Loper does not disclose an opinion regarding the data that reveals this "on/off event." Nor does Mr.

Loper identify the connection between this event and purported evidence spoliation. If you intend to offer this testimony about the "on/off event," please identify (1) the specific data from which Mr. Loper identified this "on/off event" (e.g., the file, database, log); and (2) the connection, if any, this "on/off event" has to the spoliation issues he describes in the second paragraph of his Second Supplemental Notice.

Forensically sound method for capturing data from iWatch. Mr. Loper disclosed that he will "testify to the forensically sound method that could be implemented and used to sync an iWatch to its paired device to forensically capture any data that is synced from an iWatch to its paired device." *See* Second Supplemental Disclosure at 2. If you intend to offer this testimony, please identify (1) the specific forensically sound method for syncing iWatch data; and (2) the bases for Mr. Loper's conclusion that the so-far-unidentified method is forensically sound.

Apple Health Data. Mr. Loper disclosed that he will "provide his opinion on the analysis and use of Apple Health Data on an iPhone as it relates to activity of the user." *See* Second Supplemental Disclosure at 2. Again, Mr. Loper fails to disclose his opinion. He merely states that he has an opinion. This is insufficient notice under Rule 16(b)(1)(C).

Farwell's Apple iPhone 11. Mr. Loper disclosed that he "will testify to artifacts on Matthew Farwell's Apple iPhone 11 showing that the user of said device communicated with Sandra Birchmore's devices on February 1, 2021, but the number(s) was subsequently blocked." *See* Second Supplemental Notice at 2. As you are aware, on February 9, 2021, the defendant provided only limited consent to search his iPhone 11. *See* USAO_008862–63. Indeed, he only permitted the Massachusetts State Police to search for messages with Sandra Birchmore that he acknowledged deleting prior to surrendering the device.

Notwithstanding that limited consent, it now appears that the defendant intends to introduce testimony by a purported expert regarding data on the iPhone 11. Experts must disclose the data on which they rely. Therefore, pursuant to Rule 16(b)(1)(C)(iii), the prosecution team has a right to review any data that forms the "bases and reasons" for Mr. Loper's expert testimony about artifacts on Matthew Farwell's Apple iPhone 11. If you do not intend to offer Mr. Loper's testimony regarding the iPhone 11, or you object to the prosecution team's review of data from that device, please notify the prosecution team by the close of business on Monday, September 14, 2026.

Very truly yours,

LEAH B. FOLEY
United States Attorney

By: /s/ Brian A. Fogerty
BRIAN A. FOGERTY
ELIZABETH C. RILEY
TOREY B. CUMMINGS
Assistant U.S. Attorneys