**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA

v.

MATTHEW FARWELL

Defendant

CRIMINAL No. 24-10259-DJC

**UNITED STATES' OPPOSITION TO DEFENDANT'S SUPPLEMENT TO MOTION TO TRANSFER VENUE**

The United States of America respectfully opposes defendant Matthew Farwell's Supplement to Motion to Transfer Venue (ECF Nos. 71 and 287). On January 23, 2026, this Court denied Farwell's first request for a change of venue, holding that neither the Constitution nor Rule 21(a) supported the requested relief. *See* ECF No. 87. Farwell's supplemental motion fails to demonstrate that the pretrial publicity in the last eight months now renders this an "extreme case," (*see* ECF No. 87 at 4-5, 15) meriting a change of venue. For the same reasons set forth in its January 23, 2026 opinion, the Court should deny this supplemental request to change venue.

**Background**

On November 17, 2025, the defendant filed his first motion seeking a change of venue (ECF No. 71, "defendant's first motion"), which included exhibits containing over 200 pages of media articles and online anonymous comments. The government filed an opposition (ECF No. 78),[1] and the Court heard oral arguments from both parties on January 20, 2026. On January 23, 2026, the Court issued a detailed opinion denying the defendant's first motion and setting forth its

[1] The government incorporates herein by reference its original opposition to defendant's request to change venue, ECF No. 78.

reasons for doing so. ECF No. 87. On September 28, 2026, defendant filed a "supplement" to his previously-denied motion to transfer venue, essentially asking the Court to reconsider its original denial in light of the media coverage over the last eight months. ECF 287 ("defendant's supplemental motion"). The defendant argues that media coverage since January 2026 contains "indicia of prejudice," and when combined with the impact of pre-January 2026 coverage, "reinforces the need" to transfer venue. *Id*.

**Argument**

Defendant's supplemental motion, even when considered along with his first motion, does not show that a "degree of inflammatory publicity has so saturated the community such as to make it virtually impossible to obtain an impartial jury." ECF No. 87 at 5 (quoting *United States v. Casellas-Toro*, 807 F.3d 380, 386 (1st Cir. 2015) and *United States v. Misla-Aldarondo*, 478 F.3d 52, 58 (1st Cir. 2007)). Venue changes are warranted only in "extreme case[s]" (*see United States v. Skilling*, 561 U.S. 358, 381 (2010)), and this case still does not meet the requirements.

In his supplemental motion, defendant focuses primarily on the nature of the case-related publicity over the last eight months. The media articles and online comments that Farwell cites in his supplemental motion repeat some of the same information contained in the media articles and comments cited in his first motion. The articles that contain new information gleaned from the last eight months of public filings or public hearings in this case are, like the articles cited in the defendant's first motion, mostly "factual, as opposed to inflammatory." *United States v. Misla-Aldarondo*, 478 F.3d 52, 58 (1st Cir. 2007). The articles frequently use the adverb "allegedly" in connection with factual allegations against the defendant and often note that he has denied the allegations. In addition, many of the articles the defendant highlights again focus on alleged

shortcomings in the state investigation.[2] *See* ECF No. 87 at 9 (noting that as of the January 23, 2026 decision, media coverage "focus[ed] at least as much on perceived deficiencies in the Commonwealth's investigation into Birchmore's death.").

The defendant highlights one article that stated, "plenty of monsters have medals." (ECF No. 287 at 3). But "[p]retrial publicity—even pervasive, adverse publicity—does not inevitably lead to an unfair trial," *Nebraska Press Assn. v. Stuart*, 427 U.S. 539, 554 (1976), and the media also referred to Dzhokhar Tsarnaev as a "monster" (as well as a "terrorist," a "scumbag," and "what evil looks like," among other things). *United States v. Tsarnaev*, 968 F.3d 24, 43 (2020). Even so, courts denied Tsarnaev's multiple motions for a change of venue, each time holding that the defendant had not demonstrated the extreme prejudice necessary to warrant overcoming the Constitution's presumption that crimes should be tried in the districts where they took place. *See Tsarnaev*, 968 F.3d at 43-64; *see also* ECF No. 87 at 4, fn 2.

The defendant also argues that online anonymous comments to news articles support his request for a change of venue. *See* ECF 287 at 4-7 and associated exhibits. As the Court wrote in its denial of Farwell's first motion for a venue change, "the Court has no basis to conclude that the largely anonymous commenters even reside locally," and even if they did, the number of online commenters would represent a very small percentage of the residents of the Eastern Division of the District of Massachusetts. ECF 87 at 11. The Court also cited in its opinion multiple cases that reject the argument that anonymous reader comments revealed prejudice or reflect the views of

---

[2] *See, e.g.*. ECF No. 287 at 3 (quoting a September 14, 2026 Globe article); *id.* at 4 (quoting an April 6, 2026 Globe article); *id.* at 6 (quoting an April 15, 2026 Globe article); *id.* at 7-8 (quoting an April 2026 Herald article).

the broader community. *See id.* at 11-12. There is no basis to believe that online anonymous comments made in the last eight months are any different.

All of the media coverage in this case still "does not create a presumption of prejudice." ECF No. 87 at 9. This case is still readily distinguishable from the few cases where courts found prejudice and changed venue. *See* ECF No. 87 at 8-10 (discussing *Rideau v. Louisiana*, 373 U.S. 723, 724-27 (1963); *Estes v. Texas*, 381 U.S. 532, 536-38, 550-51 (1965); and *Sheppard v. Maxwell*, 384 U.S. 333, 338-39, 355 (1966)). In the instant case, there has been no public confession (*see Rideau*), and no media-induced "considerable disruption" or "carnival atmosphere" in the courtroom (*see Estes* and *Sheppard*).

The defendant's supplemental motion, even when considered along with his first motion, does not meet the high standard required to change venue. To the extent the Court assumes, *arguendo*, that the Rule 21(a) standard for change of venue is distinct from the constitutional standard (*see* ECF No. 87 at 16), the defendant does not meet either standard. The prejudice against the defendant in the Eastern Division of the District of Massachusetts is not so great as to allow him to change venue. *See* Fed. R. Crim. P. 21(a).

The juror questionnaire and voir dire will sufficiently "detect and defuse juror bias" to ensure a fair trial in this case. *Skilling*, 561 U.S. at 385. If there are members of the jury pool who have, for whatever reason, formed an opinion about Farwell's guilt or innocence and cannot be impartial, they will not be permitted to sit on the jury. Farwell will receive a fair and impartial trial in Boston. Accordingly, the Court should deny Farwell's motion.

* * *

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Torey B. Cummings*
ELIZABETH C. RILEY
BRIAN A. FOGERTY
TOREY B. CUMMINGS
Assistant United States Attorneys

October 1, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2026, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Torey B. Cummings*
Torey B. Cummings
Assistant United States Attorney