UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW FARWELL<br><br>Defendant | CRIMINAL No. 24-10259-DJC |

**GOVERNMENT'S SECOND RENEWED MOTION TO EXCLUDE TESTIMONY OF DANIEL LOPER**

The United States of America, by Leah B. Foley, United States Attorney, and Brian A. Fogerty, Elizabeth C. Riley, and Torey B. Cummings, Assistant U.S. Attorneys for the District of Massachusetts, again renews its motion to exclude certain expert testimony by Daniel Loper. *See* ECF Nos. 175 and 265.

On September 28, 2026, Farwell provided Defendant's Third Supplemental Notice of Expert Testimony (attached as Exhibit A). On the one hand, this most recent disclosure resolves some of the parties' disputes regarding the admissibility of Mr. Loper's testimony in that it explains that Mr. Loper was apparently mistaken when he offered his opinion regarding an alleged "on/off event" on February 1, 2021, at 9:41:43 p.m., and Mr. Loper provided additional information identifying his opinions regarding the Apple Watch and Health Data. *Compare* Ex. A at 1–6 *with* ECF No. 265-1 at 1.

On the other hand, Farwell still seeks to introduce Mr. Loper's expert testimony that the defendant blocked Sandra Birchmore's telephone number in his own Apple iPhone 11. *See* Ex. A at 7. The basis for Mr. Loper's opinion is his "analysis of Mr. Farwell's iPhone," to which the prosecution team does not have access. *Id.* Because Mr. Loper (and Farwell) have failed to

provide the prosecution team with access to Farwell's iPhone 11 data that is the basis for Mr. Loper's opinion, and because Farwell's corresponding trial exhibit (S13) is, at best, misleading about the nature of the underlying data, the government seeks to exclude Mr. Loper's testimony regarding data from the iPhone 11. *See* Fed. R. Evid. 702; s*ee also* Defendant's Proposed Trial Exhibit S13 (attached).

## **Background**

### **I. Farwell's iPhone 11.**

On February 9, 2021, the Massachusetts State Police (MSP) obtained Farwell's limited consent to review Farwell's iPhone 11 for communications between Farwell and Birchmore. To do so, MSP extracted data from the entire device, reviewed the relevant portions, and confirmed that no messages between Farwell and Birchmore existed on that device.[1] Based on the limited scope of Farwell's consent, the prosecution team has not reviewed the data extracted from the iPhone 11. However, through a filter team, the government produced that data to Farwell's counsel in 2024.

### **II. Defendant's Proposed Exhibit S13.**

On September 15, 2026, Farwell's counsel sent the government a proposed exhibit that purports to be data indicating that Farwell blocked Birchmore's telephone number two days after she died. *See* Defendant's Proposed Exhibit S13. The exhibit consists of three pages, each representing disparate sets of data purportedly from Farwell's device.[2]

The first page purports to depict data from the device's "idstatuscache.plist," which is a set of data that identifies when an iPhone interacts with a specific telephone number (e.g., when the

[1] Farwell had previewed for investigators that he had deleted his messages with Birchmore.

[2] Of course, the government cannot confirm that the data depicted in the three-page exhibit is from Farwell's iPhone 11 as Mr. Loper claims.

user views an iMessage conversation). The "idstatuscache.plist" purports to show an interaction with Ms. Birchmore's phone number on February 3, 2021. Importantly, this data is not a record of when a particular number was blocked.

The second page purports to be undated data depicting the device's details regarding Ms. Birchmore's WhatsApp (not iMessage) account. This undated record simply shows that Ms. Birchmore's WhatsApp account was blocked on a date that is unknown.

The third page purports to be data from the device's "cmfsyncagent.plist," which is a set of data that identifies, among other things, the telephone numbers that the device has blocked. However, this purported artifact is also undated.

**III. Loper's Third Supplemental Disclosure.**

On September 28, 2026, Mr. Loper disclosed the following information regarding his proposed expert testimony regarding the alleged blocking event on Farwell's iPhone 11:

> Mr. Loper will discuss the significance of the /mobile/Library/Preferences/com.apple.cmfsyncagent.plist and blocked numbers as it relates to Mr. Farwell's iPhone 11 which was collected on 2/9/2021. Mr. Loper will opine that the .plist file is part of Apple CommunicationsFilter.framework and that it is considered an iOS forensic artifact for blocked communication identifiers. [Footnote omitted] Magnet Forensics also identifies this .plist as storing "blocked numbers." [Footnote omitted] Mr. Loper will discuss his analysis that the .plist file was created on 2/6/2021 at 11:26:56 (UTC-5) and this date is when the .plist last refreshed itself and not the date of when any number was blocked. Mr. Loper will also opine that in his analysis of Mr. Farwell's iPhone, Ms. Birchmore's previous phone number 781-408-0236 is also included in the list of blocked numbers. There are no artifacts within the iPhone 11 Advanced Logical extraction that can tell a forensic examiner the date and time when a phone number was blocked.

*See* Ex. A at 8. Farwell disclosed no other data related to this issue.

## Argument

The Court should exclude Mr. Loper's testimony and Farwell's proposed exhibit S13. First, Mr. Loper's expert testimony is subject to Rule 16(b)(1)(C)(iii)'s disclosure requirements regarding the "bases and reasons" for his opinion. Mr. Loper's own disclosure states that his testimony on this subject is based on "his analysis of Mr. Farwell's iPhone." *See* Ex. A at 8. In fact, Farwell not only cites the purported iPhone 11 data in exhibit S13, but Mr. Loper relies on specific undisclosed items: the "cmfsyncagent.plist" entry from "2/6/2021 at 11:26:56 PM (UTC-5)" and an observation about Ms. Birchmore's prior number being among those blocked in Farwell's iPhone 11 data. Of course, this data alone, without the rest of the device's contextual data, would be insufficient to validate Mr. Loper's expert analysis and demonstrate its admissibility under Rule 702. However, based on the defendant's disclosure, the government cannot even begin to evaluate the "bases and reasons" for Loper's opinion regarding the alleged blocking event. Unlike a fact witness who has no obligation to permit the government to review the data that supports his or her testimony, experts must meet a higher standard. Farwell has not provided the iPhone 11 data about which Mr. Loper will opine, so the Court must exclude his testimony rather than invite the jury to simply take his word for it. *See Rodriguez v. Hosp. San Cristobal*, Inc. 91 F.4th 59, 70–71 (1st Cir. 2024) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. Indeed, *Daubert* made clear . . . an expert's opinion 'must be supported by appropriate validation' and rest on 'more than subjective belief or unsupported speculation.'") (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993)).

Second, Rules 401 and 403 are independent bases for excluding the defendant's proposed exhibit S13 and Mr. Loper's related testimony. As described above, Farwell has lumped three

disparate sets of purported iPhone 11 data (iMessage idstatuscache.plist data, undated WhatsApp data, and undated cmfsyncagent.plist data) into one exhibit that he claims reflects a blocking event. The problem is, even assuming the data is what Mr. Loper claims it is, it does not reflect a blocking event on February 3, 2021. Neither page two nor three contains a date, and Mr. Loper himself concedes "[t]here are no artifacts within the iPhone 11 Advance Logical extraction that can tell a forensic examiner the date and time when a phone number was blocked." Ex. A at 7. Against the backdrop of Mr. Loper's recent withdrawal of an opinion about an "on/off event" on February 1, 2021, the Court should not admit this untested expert testimony regarding data that, on its face, fails to show what Mr. Loper claims.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: /s/ Brian A. Fogerty
BRIAN A. FOGERTY
ELIZABETH C. RILEY
TOREY B. CUMMINGS
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

/s/ Brian A. Fogerty__________
BRIAN A. FOGERTY
Assistant United States Attorney

Date: October 1, 2026