**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Docket No. 1:24-cr-10259-DJC |
| | ) | |
| | ) | |
| MATTHEW FARWELL | ) | |

**DEFENDANT'S MOTION TO MODIFY ORDER ADDRESSING GOVERNMENT'S MOTION IN LIMINE CONCERNING RULE 804(B)(6) STATEMENTS**

**BACKGROUND**

The government moved in limine pursuant to Fed. R. Evid. 804(b)(6) to admit three categories of the decedent's out-of-court statements as to Matthew Farwell (DN 190). The defendant opposed (DN 221).

After hearing arguments, the Court allowed the government's motion, holding,

> Conditional admission of Ms. Birchmore's statements under Rule 804(b)(6), is consistent with relevant case law that have likened to such approach to the conditional admission of co-conspirator statements under Rule 801(d)(1)(e). This is the approach cited by the First Circuit in Houlihan, Houlihan, 92 F.3d at 1286 ("[p]roving the conditions precedent to the applicability of the coconspirator exception is analytically and functionally identical to proving that a defendant's wrongdoing waives his rights under the Confrontation Clause") and followed by other Circuits. Emery, 186 F.3d at 926 and cases cited. That is, contingent upon the government's proof of the elements under Rule 804(b)(6) by a preponderance of the evidence, the Court will conditionally admit the out-of-court statements of Ms. Birchmore (which, like all other evidence remains subject to Fed. R. Civ. P. 403). The Court intends to make findings regarding same at the end of the evidence in this case as it would with co-conspirator statements under Petrozziello. (DE 266).

> Conditional admission of Ms. Birchmore's statements under Rule 804(b)(6) is consistent with relevant case law that have likened to such approach to the conditional admission of co-conspirator statements under Rule 801(d)(1). (DE 266).

> That is, contingent upon the government's proof of the elements under Rule 804(b)(6) by

> a preponderance of the evidence, the Court will conditionally admit the out-of-court statements of Ms. Birchmore (which, like all other evidence remains subject to Fed. R. Civ. P. 403). The Court intends to make findings regarding same at the end of the evidence in this case as it would with co-conspirator statements under Petrozziello. (DN 266).

**REQUEST**

While maintaining his prior objections, Mr. Farwell respectfully requests that the Court modify its order to preclude the government from introducing any of its intended FRE Rule 804(b)(6) statements unless and until the Court has heard sufficient non-hearsay evidence at trial to support findings that the government has met its burden of proof as to the required elements of FRE Rule 804(b)(6) for a proposed statement and that the proposed hearsay statement is relevant to the offenses charged.

**LEGAL AUTHORITY**

As the First Circuit stated in *United States v. Benedetti*, 433 F.3d 111, 117 (1st Cir. 2005):

> It is settled law that in limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States,* 529 U.S. 753, 758 n. 3, 120 S.Ct. 1851, 146 L.Ed.2d 826 (2000); *accord Luce v. United States,* 469 U.S. 38, 41, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984) (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). Here, moreover, the additional evidence made available to the court gave it a fresh coign of vantage. So viewed, the court's midtrial decision to allow use of the evidence cannot fairly be characterized as an overruling of its original order.

Pursuant to a government motion in limine, this Court has issued an electronic order conditionally admitting the out-of-court statements of Ms. Birchmore "contingent upon the government's proof of the elements under Rule 804(b)(6) by a preponderance of the evidence." That order may appropriately be modified. The modification requested here is sought to avoid unfair prejudice to Mr. Farwell from the jury's exposure to potentially voluminous electronic

communications, oral statements, and journal entries proposed by the government --evidence that may ultimately be found inadmissible—without the required predicate having been established by evidence introduced at trial.[1] Indeed, in its response to defense objections to the introduction of out of court statements of Ms. Birchmore, the government cites Rule 804(b)(6) over 100 times.

While under *United States v. Petroziello*, 548 F.2d 20 (1st Cir. 1977) and *United States v. Ciampaglia*, 628 F.2d 632 (1st Cir. 1980), the court may conditionally admit alleged co-conspirator statements and delay a determination as to whether the conditions for their admission have been met until the close of the evidence, it is not precluded from requiring the government to establish the predicates for admission before the statements are introduced. An earlier determination may avoid the need for a mistrial.

Here, whether the government can establish the predicates for admission of its proposed hearsay under FRE 804(b)(6) does not, alone, establish its admissibility. Evidence must be relevant to be admissible. FRE Rule 402. FRE Rule 104(b) provides that when relevance depends on the existence of a fact there must be proof sufficient to support a finding that the fact exists. And where "justice so requires" a hearing on a preliminary question must be conducted outside the hearing of the jury. FRE Rule 104(c)(3). Intent to prevent communication to federal officials is an essential element of the offenses charged here. In its motion in limine the government did not address how any of the hearsay evidence it seeks to admit under FRE 804(b)(6) is relevant to show communication to or intent to communicate to federal officials.

As this Court noted in its Order the evidence sought to be admitted also remains subject

---

[1] In *United States v. Rudolph*, 152 F.4th 1197, 1229 (10th Cir. 2025) the court stated: "ordinarily, the district court must hold a preliminary evidentiary hearing to ascertain if each of the elements of Rule 804(b)(6) is satisfied."

to FRE Rule 403 (even relevant evidence may be excluded where its probative value is substantially outweighed by a danger of unfair prejudice). While curative instructions may be sufficient to cure the prejudicial impact from a jury's exposure to inadmissible evidence in some instances, that is not always the case. As the Fifth Circuit stated: "one 'cannot unring a bell'; 'after the thrust of the saber it is difficult to say forget the wound'; and, finally, 'if you throw a skunk into the jury box you can't instruct the jury not to smell it'." *Dunn v. United States*, 307 F.2d 883, 886 (5th Cir. 1962). Here, the scope of the hearsay the government intends to introduce raises the distinct possibility that conditional admission prior to provision of the predicates for admissibility will result in the admission of evidence to be subsequently excluded and prejudice that cannot be cured by curative instructions.

If this request to modify the Court's order is not granted, the government will present to this Court and the jurors over 100 exhibits that may very well be deemed inadmissible hearsay upon a final analysis. The risk here is two-fold. As noted above, the jury cannot unhear or unsee this voluminous record; a mistrial will be the sole remedy.

Moreover, this Court's ultimate determination that the government has or has not satisfied its burden of proof under Rule 804(b)(6) by a preponderance of the evidence, cannot be disentangled from the conditionally admitted statements. The course suggested by the defendant eliminates these dangers by ensuring that the process is untainted by the bootstrapping of potentially irrelevant evidence and/or evidence that is not sufficiently supported factually. FRE Rules 402; 104(b); 104(c)(3).

**CONCLUSION**

For the foregoing reasons, Mr. Farwell respectfully requests that the Court ALLOW his motion to modify this Court's Order, DE 266.

Dated: October 2, 2026

Respectfully submitted,

MATTHEW FARWELL,
By his attorneys,

*/s/ Joanne M. Daley*
Joanne M. Daley, BBO # 653375
Kimberly C. Stevens, NC State Bar # 20156
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061
Joanne_daley@fd.org

**CERTIFICATE OF SERVICE**

I, Joanne M. Daley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified in the Notice of Electronic Filing (NEF) on October 2, 2026.

*/s/ Joanne M. Daley*
Joanne M. Daley