**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Docket No. 1:24-cr-10259-DJC |
| v. | ) | |
| | ) | |
| | ) | |
| MATTHEW FARWELL | ) | |

**DEFENDANT'S COMBINED OBJECTION TO PRODUCING DEFENSE EXHIBITS IN ADVANCE OF THE GOVERNMENT'S CASE IN CHIEF AND MOTION FOR LEAVE TO FILE ADDITIONAL REBUTTAL EXHIBITS RESPONSIVE TO GOVERNMENT'S CASE IN CHIEF**

Now Comes Matthew Farwell, by and through counsel, and herein respectfully objecting to the requirement that the defense submit any and all exhibits in advance of the government's case in chief, and requesting the Court to give leave to Mr. Farwell to introduce additional exhibits during and at the close of the government's case in chief. Mr. Farwell respectfully seeks leave for the reasons outlined below.

Mr. Farwell seeks to register his objection to the Federal Rules of Criminal Procedure 16 and this Court's requirement that he turn over any and all exhibits he intends to use at trial to rebut the government's case in chief as this requirement is a violation of his constitutional rights under the Fifth and Sixth Amendments. The government bears the entire burden to prove beyond a reasonable doubt that the accused committed the alleged crimes, *see* U.S. Const. amends. V, XIV; *In re Winship*, 397 U.S. 358, 364 (1970), while the defendant holds no such burden. Consequently, the accused should not be required to aid the government in meeting its burden by providing it, in advance of trial, with the inadequacies or inaccuracies of its case. Such a requirement shifts the burden to the defendant in violation of the Constitution and is a miscarriage of justice.

Without conceding the above objection, Mr. Farwell has in good faith provided the exhibits he can anticipate using in his case in chief in compliance with this Court's order, Federal Rules of Criminal Procedure 16(b), and Local Rules 116.1 and 117.1, to inoculate against the potential deprivation of Mr. Farwell's ability to effectively defend himself should he choose to put on a case in chief. *See*, *e.g.*, *U.S. v. Swenson*, 298 F.R.D. 474, 476-77 (D.N.M 2014). However, the entirety of Mr. Farwell's case in chief is rebuttal to the government's case. Despite Mr. Farwell's best efforts to anticipate what that rebuttal might entail, there is no way for the defense to anticipate all of the testimony the government will elicit in its case in chief to which it will need to respond.[1] This is especially the case when the government continues to furnish discovery to the defense, as recently as September 29, 2026. Lastly, any exhibit the accused would seek admit comes from the discovery furnished by the government, thus eliminating any element of surprise.

As a result, Mr. Farwell requests leave from this Court to supply to the government with any additional exhibits to be used in rebuttal on a rolling basis during the government's case in chief, and to provide a complete list of exhibits to be used in the defendant's case in chief, should Mr. Farwell choose to exercise that right, following the government's case in chief. Mr. Farwell will endeavor to provide both this Court and the government with timely notice of any new exhibits.

Undersigned counsel furnished to the government a copy of this motion on 10/1/2026 and anticipates it will object.

[1] Mr. Farwell understands his obligations under Federal Rules of Criminal Procedure 16(b) only to include the types of exhibits and evidence to be used in his case in chief, where he "is asserting the defense that the government cannot prove the required elements of the crime charged," *id.*, but not "evidence used to impeach a government witness[,]" *id.*, at 477.

Dated: October 2, 2026

Respectfully submitted,

MATTHEW FARWELL,
By his attorneys,
*/s/ Joanne M. Daley*
Joanne M. Daley, BBO # 653375
Kimberly C. Stevens, NC State Bar # 20156
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061
Joanne_daley@fd.org

## CERTIFICATE OF SERVICE

I, Joanne M. Daley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on October 2, 2026

*/s/ Joanne M. Daley*
Joanne M. Daley