**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Docket No. 1:24-cr-10259-DJC |
| v. | ) | |
| | ) | |
| | ) | |
| MATTHEW FARWELL | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S SECOND RENEWED MOTION TO EXCLUDE TESTIMONY OF DANIEL LOPER**

The government, again, has moved to exclude the expert testimony of Daniel Loper (DE 305), after receiving his Third Supplemental Disclosure (DE 305, Exhibit A).

Mr. Farwell will address each of the prosecution's complaints in turn.

**The On/Off Event on Sandra Birchmore's Apple MacBook**

Mr. Loper wrote in his expert disclosure that, in examining the government's extraction of Sandra Birchmore's laptop, he observed that a four second power on/off event occurred on the device at 9:41:43 p.m. on 2/1/2021. In his third supplemental disclosure, Mr. Loper withdrew his testimony on that issue because, "Upon further review of the digital discovery, he can no longer state with certainty that the event was triggered by manual means versus a software update."

The government in his motion concludes, "Mr. Loper was apparently mistaken when he offered his opinion regarding an alleged "on/off event" on February 1, 2021, at 9:41:43 p.m." However, it is the government that is mistaken here. Mr. Loper has not withdrawn his observation that a power on/off event occurred at that appointed time. He stands by his examination. He withdrew his opinion on this issue because, as he wrote, he "can no longer state with certainty that

the event was triggered by manual means versus a software update." In other words, the data is there on the device; Mr. Loper simply cannot opine with certainty about the relevance of it in this case.

In its motion, the government continued to demean Mr. Loper on this issue, "Against the backdrop of Mr. Loper's recent withdrawal of an opinion about an "on/off event" on February 1, 2021, the Court should not admit this untested expert testimony." Again the government mischaracterizes Mr. Loper's disclosure in an attempt to discredit him.

The defense submits that Mr. Loper's practice of reexamining digital evidence and/or retesting it to confirm or invalidate a conclusion is both commendable and consistent with the scientific method. This is particularly true in this case given the fact that the government has furnished well over 50,000 pages of digital discovery to the defense in the last six weeks alone.

Curiously, the government does not claim that its own digital forensics experts have failed to observe the on/off event on Ms. Birchmore's laptop. It is unclear from their pleadings if they have even asked them.

**Matthew Farwell's Blocking of Sandra Birchmore on his Apple iPhone 11**

The government insists that Mr. Loper is not permitted to testify that an examination of Matthew Farwell's iPhone 11 revealed that the defendant blocked Sandra Birchmore after they claim he murdered her. The exculpatory nature of this evidence is obvious. Why block someone from contacting you if you know they are deceased and incapable of doing so?

Nonetheless, the prosecution seeks to exclude Mr. Loper's expert testimony regarding this highly relevant and exculpatory observation because, "the prosecution team does not have access" to the February, 2021 extraction of the defendant's iPhone by Massachusetts State Police (MSP). They also aver, "Farwell has not provided the iPhone 11 data about which Mr. Loper will

opine, so the Court must exclude his testimony rather than invite the jury to simply take his word for it."

The prosecution team has access to Mr. Farwell's iPhone, and all of the data Mr. Loper has referenced. Indeed, the government has already notified defense counsel that it intends to introduce its own artifacts/exhibits from the device.

Furthermore, in a supplemental disclosure dated today, October 5, 2026, the government notified the defense of the following:

Government digital forensics expert Christopher Beckstrom has now reviewed the following items: logical extraction of Matthew Farwell's iPhone 11 and expert disclosures submitted by Daniel Loper on June 1, August 31, September 10, and September 28, 2026.

Government digital forensics expert Nicholas Guarino[1] has now reviewed the following items: expert disclosures submitted by Daniel Loper on June 1, August 31, September 10, and September 28, 2026.

Government digital forensics expert Jessica Hyde has now reviewed the following items: data acquired from Sandra Birchmore's Apple Watch on or about October 5, 2026: expert disclosures submitted by Daniel Loper on June 1, August 31, September 10, and September 28, 2026.

The government's argument on the issues related to Matthew Farwell's 2021 iPhone and the blocking of Sandra Birchmore is now moot.

**Conclusion**

For the foregoing reasons, Mr. Farwell respectfully requests that the Court deny the government's motion to exclude the testimony of Daniel Loper.

---

[1] Guarino performed the February 2021 extraction of the defendant's iPhone.

Dated: October 5, 2026

Respectfully submitted,

MATTHEW FARWELL,
By his attorneys,

*/s/ Joanne M. Daley*
Joanne M. Daley, BBO # 653375
Kimberly C. Stevens, NC State Bar # 20156
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061
Joanne_daley@fd.org

**CERTIFICATE OF SERVICE**

I, Joanne M. Daley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on October 5, 2026.

*/s/ Joanne M. Daley*
Joanne M. Daley