**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW FARWELL,<br><br>Defendant | CRIMINAL No. 24-10259-DJC |

**UNITED STATES' MOTION IN LIMINE TO EXCLUDE CIVIL WRONGFUL DEATH COMPLAINT**

The United States of America moves the Court *in limine* to exclude the civil wrongful death complaint filed on behalf of the Birchmore estate and her next of kin (marked as Exhibit Y12, "the Birchmore civil complaint") pursuant to Federal Rules of Evidence 801, 401, and 403. The Birchmore civil complaint, filed in Norfolk Superior Court, alleges that the Defendant and others are civilly liable for the wrongful death of Sandra Birchmore in February 2021. As set forth below, this complaint is inadmissible hearsay offered for the truth asserted therein. Moreover, any probative value of this evidence is substantially outweighed by the risk of undue prejudice, confusing the issues at trial, and misleading the jury.

Civil complaints are out of court statements that "are weak in their very nature. They do not contain evidence [and] are merely allegations, which time and discovery may reveal to be inaccurate or plain false." *McCoy v. City of Philadelphia,* No. CV 19-1648, 2026 WL 1833976, at *8 (E.D. Pa. June 25, 2026). Private party civil complaints are hearsay and there is no exception that would permit them to be admitted in a criminal trial. *See, e.g., United States v. Myles*, 314 Fed. Appx. 164, 166-67 (11th Cir. 2008) (an answer to a civil complaint is hearsay and admitting it as a public record in a criminal trial was error); *Damascus Bakery, Inc. v. Elwell*, No. 08-cv-568

WJM, 2010 WL 3359526, at *5 (D.N.J. Aug. 25, 2010) (allegations in a civil complaint are inadmissible hearsay).

There is no exception to the rule against hearsay that would allow the admission of the Birchmore civil complaint in this trial. It is not a public record under Fed. R. Evid. 803(8) because the private plaintiff in the Birchmore civil case is not a public office and did not conduct a legally authorized investigation for purposes of this exception. By contrast, in *United States v. Dalton*, No. 17CR00024, 2018 WL 356205, at *5 (W.D. Va. Jan. 10, 2018), the Court found that a civil complaint filed by the State Attorney General's Office was admissible under Rule 803(8). While the *Dalton* Court did not explain that ruling, it makes sense because unlike the private civil plaintiff at issue in this case, the Attorney General's Office is a public office that is legally authorized to conduct investigations prior to filing lawsuits. However, the *Dalton* Court ultimately excluded the civil complaint on Rule 403 grounds, based on its limited probative value and its risk of confusing and misleading the jury.

Even if the Birchmore civil complaint did meet an exception to the hearsay rule, which it does not, it should be excluded under Fed. R. Evid. 403. The Birchmore civil complaint is of marginal probative value, given that it contains a set of yet-to-be-proven allegations drafted for a different purpose under different standards. Its probative value is far outweighed by the risk of misleading and confusing this jury, creating undue prejudice, and wasting time. *See* Fed. R. Evid. 403; *see also Dalton* at *5 (finding that "introducing evidence of the [civil] complaint might very well send the [criminal] case far afield with respect to the truth of the allegations contained therein" and excluding the civil complaint under Rule 403). Introducing a state civil complaint document

in a federal criminal action would inevitably result in juror confusion around state and federal practices as well as civil and criminal procedures.[1]

Finally, should the Court grant this motion and exclude the Birchmore civil complaint, the United States asks the Court to exempt Attorney Steven Marullo from the Court's witness sequestration order. Attorney Marullo appears on the defendant's witness list (ECF No. 260), and he is the legal representative for Birchmore's next of kin, Darlene Smith. Ms. Smith is a government witness. The defendant has agreed to exempt Attorney Marullo from the sequestration order during the time that Ms. Smith is testifying, but the defendant objects to allowing Attorney Marullo to observe any other portion of the trial. Ms. Smith, as the victim's next of kin, has been fully exempted from the sequestration order.

Defendant has not proffered any testimony that Attorney Marullo can provide in this trial that is relevant, admissible, and not protected by the attorney-client privilege. For this reason, the Court should exempt Attorney Marullo from the sequestration order so that he can support his client throughout the trial.

For the reasons stated herein, the government respectfully requests that the Court exclude the Birchmore civil complaint at trial and exempt Attorney Marullo from the sequestration order.

* * *

[1] The government acknowledges that the defendant may be permitted to ask certain witnesses about the Birchmore civil complaint on cross examination, and may use the civil complaint document to impeach a witness, if appropriate. But the complaint document itself is not admissible evidence in this case.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/Torey B. Cummings*
TOREY B. CUMMINGS
ELIZABETH C. RILEY
BRIAN A. FOGERTY
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Torey B. Cummings*
Assistant United States Attorney

Date: October 7, 2026