**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Docket No. 1:24-cr-10259-DJC |
| | ) | |
| | ) | |
| MATTHEW FARWELL | ) | |

**DEFENDANT'S REPLY TO UNITED STATE'S MOTION IN LIMINE TO EXCLUDE CIVIL WRONGFUL DEATH COMPLAINT AND TO EXEMPT STEVEN MARULLO FROM THE SEQUESTRATION ORDER**

The defendant, Matthew Farwell, seeks to reserve argument as to the government's motion in limine to exclude the Birchmore civil wrongful death complaint, pending the evidence adduced at trial. The government does not argue that the civil complaint would be an improper subject for cross examination and, if necessary, impeachment. *See* U.S. Mot. In Lim., ECF No. 325 at 3 n.1. Rather, the government objects to the civil complaint's admission as substantive evidence. ECF No. 325 at 3 n.1.

Given that the parties' arguments concerning the complaint's substantive admissibility could change significantly depending on the actual circumstances arising at trial, it would be more efficient to reserve argument until such time that the complaint's substantive admissibility becomes a live issue. Whether the complaint, or any statement within it, would be inadmissible hearsay depends on the purpose for and circumstances under which it is offered. *See, e.g.*, Fed. R. Evid 801 (noting that a statement is hearsay only if "offer[ed] … to prove the truth of the matter asserted"); Fed. R. Evid. 801(d)(1)(A) (allowing for substantive admission of prior inconsistent statements); Fed. R. Evid. 106 (allowing for admission of a statement, including hearsay, that, in light of another statement introduced by adverse party, "in fairness ought to be considered at the

same time"). Rule 403 balancing is even more context dependent; a piece of evidence may be strongly probative for one purpose and weakly probative of another. Fed. R. Evid. 403.

If, based upon testimony adduced at trial, the defendant seeks admission of the civil complaint in full, he will first seek a sidebar conference to obtain the Court's approval.

The government has also requested that the Court exempt attorney Steven Marullo from its witness sequestration order. The government does not argue that Marullo is an individual exempt from sequestration under Fed. R. Evid. 615(a)(1)-(4). Rather, it asks for an exemption "so that [Marullo] can support his client [Darlene Smith] throughout the trial." ECF No. 325 at 2. As grounds for exempting Marullo from the sequestration order, the government argues that Mr. Farwell "has not proffered any testimony that Attorney Marullo can provide in this trial that is relevant, admissible, and not protected by the attorney-client privilege." *Id.*

As the government notes, the defense does not object to Marullo's presence in the courtroom during the testimony of his civil client, Darlene Smith. But Marullo's testimony will be relevant, admissible, and unprotected by attorney-client privilege regarding the chain of custody of the decedent's necklace. In a May 2024 interview with law enforcement, Birchmore's cousin Ray Cosgrove told law enforcement that he discovered the necklace the decedent was wearing at the time of her death on the floor of her apartment. He reported that, "The necklace was given to MSP - he can't recall if it was given directly to them or if he provided it through Marullo. It has yet to be returned." (USAO 012422; 037969, 012425). Marullo, however claimed that he "never had possession of the necklace" and that the decedent's family "provided … [the] necklace directly to the Massachusetts State Police." (USAO 012449).

Marullo is thus a witness, and must, given the defense's request, be sequestered during all testimony other than Smith's. *See* Fed. R. Evid. 615 advisory committee's note (sequestration, at

a party's request, of a witness not exempted by the Rule is a matter "of right" rather than one "committed to [the judge's] discretion").

Respectfully submitted,

MATTHEW FARWELL

By his attorney,

*/s/ Joanne M. Daley*
JOANNE M. DALEY
Assistant Federal Public Defender
Office of the Federal Public Defender
District of Rhode Island
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528-4281
Joanne_daley@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 9, 2026.

*/s/Joanne M. Daley*
JOANNE M. DALEY