**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **v.** | ) | **Case No. 24-cr-10259-DJC** |
| **MATTHEW FARWELL,** | ) | |
| **Defendant.** | ) | |

**ORDER**

**CASPER, C.J.** **October 19, 2026**

To ensure that the ongoing trial in this case continues to be conducted in a manner conducive to providing a fair and impartial trial for Defendant Mr. Farwell, pursuant to the Local Rules, this Court's inherent authority and as consistent with applicable law, the Court FINDS and ORDERS as follows:

1. On Friday, it was brought to this Court's attention that one party to this case, the government, had posted copies of the exhibits admitted in the course of the ongoing trial on its publicly available website. To this point in the trial, exhibits have included but not been limited to photos of the body of Ms. Birchmore as discovered on February 4, 2021, items seized from the alleged crime scene, journal entries, and data from electronic devices seized in the investigation of the alleged crimes charged against Defendant Mr. Farwell.
2. During the course of this trial, the jury must be free from outside influences so that they can consider the evidence presented and, at the end of the case, render a verdict based solely on the evidence and the applicable law. Although the Court has advised, and

will continue to advise, the jurors of their obligation not to view or consider outside information about the case, it is appropriate for the Court to take additional measures to ensure that jurors remain free of any outside influence about the nature of evidence presented and to ensure that Mr. Farwell receives a fair and impartial trial. In re Globe Newspaper Co., 920 F.2d 88, 97 n. 10 (1st Cir. 1990) (noting the Court's "needs to protect its essential processes, including the jury system, from . . . influences that threaten the objectivity and independence of jurors"); see United States v. Chin, 913 F.3d 251, 258 (1st Cir. 2019).

3. Against this compelling interest, the Court has considered the public's interest in an "open judicial process." In re Globe, 920 F.2d at 9. This trial is and remains a publicly accessible proceeding. As noted in this Court's Order of September 30, 2026 (which remains in place and full effect), D. 295, to accommodate the public and media, in addition to the space in Courtroom 10, the Court has provided two, overflow courtrooms with closed circuit video feed to the courtroom. The public, including the media, have been present to hear and see the evidence in the form of witness testimony and exhibits, and the media has been able, and will continue to be able, to report on these proceedings.

4. Having considered the balance of these interests, particularly in a highly publicized case involving allegations of a killing and predicate acts involving the alleged coercion and enticement and deprivation of the rights of a minor, the Court ORDERS that the government remove and not post or distribute any exhibits in this case before a verdict is rendered in this case. These measures are necessary to ensure a fair and impartial trial for Farwell but are also consistent with this Court's September 30th Order that

attorneys for the parties in this case shall abide by L.R. 83.2.1 regarding the release of information by attorneys, D. 295 ¶ 5, as well with L.R. 83.2.2 (providing that "[i]n a widely publicized or sensational criminal or civil trial, the court may . . . issue a special order governing such matters as (1) extrajudicial statements by parties . . . that are likely to interfere with the rights of the accused or the litigants to a fair trial by impartial jury; . . . and (4) any other matters that the court may deem appropriate for inclusion in such an order").

5. This Order shall remain in place and in effect during the duration of the trial proceedings or until further Order of the Court.

**So Ordered.**

/s Denise J. Casper
Chief United States District Judge