UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

MATTHEW FARWELL

Defendant

CRIMINAL No. 24-10259-DJC

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF OBJECTION TO EX. 639/Q10**

The government submits this memorandum in support of its objection to admission of Denise Birchmore's psychiatrist's notes regarding his diagnosis of Sandra Birchmore. *See* Ex. 639/Q10. Farwell seeks to admit portions of the notes that suggest that the psychiatrist, Dr. Charles F. Leonard, M.D., diagnosed the daughter of his patient, then-9-year-old Sandra Birchmore, as bipolar. However, these notes reflecting Dr. Leonard's purported conclusion or diagnosis are inadmissible hearsay not subject to the exception under Fed. R. Evid. 803(4) because they are not statements of Sandra Birchmore or her mother "for . . . medical diagnosis or treatment." Rather, they are the out-of-court statements of a non-testifying doctor that did not arise in a context suggesting that they are inherently reliable.

Rule 803(4) excepts from the general rule against hearsay "a statement that (A) is made for—and is reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause." The rationale for the inherent reliability of statements made by a patient or representative for the purpose of medical diagnosis is that people tend not to lie to their medical providers because they

are selfishly motivated by a desire to obtain effective treatment for what ails them. *See, e.g., United States v. Keegan*, 161 F.4th 1334, 1340 (11th Cir. 2025).

That same guarantee of reliability does not apply to a treating physician's out-of-court statement of a diagnosis. Doctors are not infallible. They, like any other professional, make mistakes in their assessment and diagnosis of patients. Lacking that same contextual reliability, the physician's statements should be subject to cross-examination like any other expert opinion. *See Bombard v. Ft. Wayne Newpapers*, 92 F.3d 560, 564 (7th Cir. 1996) ("Rule 803(4) does not purport to except, nor can it reasonably be interpreted as excepting, statements by the person providing the medical attention to the patient."); *see also Bulthuis v. Rexall Corp.*, 789 F.2d 1315, 1316 (9th Cir. 1985) ("Rule 803(4) applies only to statements made by the patient to the doctor, not the reverse.").

In this case, there is reason for great caution regarding Dr. Leonard's statement of diagnosis. It is not that his statement merely lacks the inherent reliability on which Rule 803(4) is based, Dr. Leonard's diagnosis under these particular circumstances raises red flags. His primary patient was Sandra Birchmore's mother. He interacted with Sandra Birchmore only a handful of times. And he rendered an opinion about Sandra Birchmore, despite later admitting that he "never really knew her." *See* FBI 302 of Interview of Dr. Leonard (to be submitted under seal).

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: /s/ Brian A. Fogerty
BRIAN A. FOGERTY
ELIZABETH C. RILEY
TOREY B. CUMMINGS
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

_/s/ Brian A. Fogerty____________
BRIAN A. FOGERTY
Assistant United States Attorney

Date: October 20, 2026