UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW FARWELL<br><br>Defendant | CRIMINAL No. 24-10259-DJC |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO MOTION TO RECONSIDER EXCLUSION OF EX. R10 AND Q10**

The government submits this brief memorandum in opposition to the defendant's recently submitted motion for reconsideration of the Court's ruling excluding exhibits related to a purported bipolar diagnosis. The Court should deny the motion for reconsideration for the following reasons:

First, the underlying purported diagnosis by Dr. Charles Leonard is unreliable and should be excluded under Rules 401 and 403. *See* ECF No. 364 at 2 (citing sealed FBI 302). The actual diagnosis and Dr. Leonard's statements are hearsay, which are not subject to an exception. A doctor's historical diagnoses and course of treatment—rather than a patient's own disclosure to the doctor—are not statements that are admissible under Rule 803(4). *See* ECF No. 364 at 2 (citing *See Bombard v. Ft. Wayne Newpapers*, 92 F.3d 560, 564 (7th Cir. 1996) ("Rule 803(4) does not purport to except, nor can it reasonably be interpreted as excepting, statements by the person providing the medical attention to the patient."); *see also Bulthuis v. Rexall Corp.*, 789 F.2d 1315, 1316 (9th Cir. 1985) ("Rule 803(4) applies only to statements made by the patient to the doctor, not the reverse.")).

Second, the citation of the doctor's hearsay diagnosis in educational records does not place the diagnosis within one of exceptions to the rule against hearsay. It just adds another layer of

hearsay. Nor does it lend that diagnosis a greater degree of trustworthiness. Farwell cites educational records in which non-psychiatrists merely cite what Dr. Leonard apparently concluded. The educational records do not reveal a new diagnosis by a second psychiatrist under more reliable circumstances.[1] And even if they did, the government would have a right to cross-examine such a health care provider because the provider's out-of-court statement regarding a diagnosis is inadmissible hearsay.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: /s/ Brian A. Fogerty
BRIAN A. FOGERTY
ELIZABETH C. RILEY
TOREY B. CUMMINGS
Assistant United States Attorneys

[1] Both parties have introduced medical records from as far back as 2013, none of which repeat Dr. Leonard's purport diagnosis.

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

_/s/ Brian A. Fogerty___________
Brian A. Fogerty
Assistant United States Attorney

Date: October 21, 2026