**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Docket No. 1:24-cr-10259-DJC |
| v. | ) | |
| | ) | |
| MATTHEW FARWELL | ) | |

## DEFENDANT'S PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS

### Stipulations

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

### Impeachment by Prior Inconsistent Statement

You have heard evidence that before testifying at this trial, Diala Alkhalil made statements concerning the same subject matter as her testimony in this trial. You may consider that earlier statement to help you decide how much of Ms. Alkhalil's testimony to believe. If you find that the prior statement was not consistent with Ms. Alkhalil's testimony at this trial, then you should decide whether that affects the believability of her testimony at this trial.

### Statements by Defendant

The government alleges that Matthew Farwell made statements to a number of people. It is for you to decide (1) whether Matthew Farwell made any statements, and (2) if so, how much weight to give them. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statements may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statement.

**Missing Witness**

If it is peculiarly within the power of the government to produce a witness who could give material testimony, or if a witness, because of his/her relationship to the government, would normally be expected to support the government's version of events, the failure to call that witness may justify an inference that his/her testimony would in this instance be unfavorable to the government. You are not required to draw that inference, but you may do so. No such inference is justified if the witness is equally available to both parties, if the witness would normally not be expected to support the government's version of events, or if the testimony would merely repeat other evidence.

**Spoliation**

If you find that government agents or witnesses destroyed or obliterate evidence that it knew would be relevant to a contested issue in this case and knew at the time it did so that there was a potential for prosecution, then you may infer that the contents of the destroyed evidence were unfavorable to the government's case.

**Duty of the Jury to Find Facts and Follow Law**

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case. In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

**Cautionary and Limiting Instructions as to Particular Kinds of Evidence:**
**Witness Testimony as to Their Own State of Mind**

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you for one particular purpose, and not for any other purpose. In this case, several

witnesses were permitted to testify about their own state of mind upon hearing that Sandra Birchmore took her own life. That testimony was offered only to provide context for the actions that these witnesses took thereafter. You may not consider their state of mind testimony as evidence that Ms. Birchmore did or did not commit suicide. *See United States v. Iotova, No. 23-129-CR, 2024 WL 5198747, at *2 (2d Cir. Dec. 23, 2024)*, cert. denied, 145 S. Ct. 1948, 221 L. Ed. 2d 677 (2025).

**Weighing the Testimony of an Expert Witness**

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion. You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

**Dual Role Testimony: Facts, Lay Opinions, and Expert Opinions**

You have heard testimony from Dr. Priyanka Venkataraman and Diala Alkhalil who testified to both facts and two types of opinions and the reasons for those opinions. I will describe all three types of testimony. The first is fact testimony. Fact testimony is based on what the witness personally saw, heard, or did. The second is opinion testimony based on the specialized knowledge, skill, experience, training, or education of the witness. The third is what is called "lay opinion testimony."

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

As to the opinion testimony based on the witness's specialized knowledge, skill, experience, training, or education, you should judge this testimony like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

As to the lay opinion testimony, this testimony is based on inferences drawn from the

witness's direct perceptions and must be rationally based on those perceptions and not on speculation or what someone else has said. You should judge this testimony like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves. When considering lay opinion testimony, however, you should not give it any extra credence based on the specialized knowledge, skill, experience, training, or education of this witness.

You also should consider whether the witness testified to personal observations or involvement as a fact witness, testifying about a lay opinion based on the witness's perceptions, or testifying to an opinion based on specialized knowledge, skill, experience, training, or education. When a witness provides opinion testimony based on knowledge, skill, experience, training, or education, that person might rely on facts that are not based on his or her personal observations or involvement, but that opinion cannot serve as proof of the underlying facts.

You should also consider the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

Also, the fact that a witness is allowed to express opinions based on that person's specialized knowledge, skill, experience, training, or education should not cause you to give that witness undue deference for any of aspect of that person's testimony or otherwise influence your assessment of the credibility of that witness.

To the extent that Dr. Venkataraman or Ms. Alkhalil were permitted to testify about their own state of mind upon hearing that Sandra Birchmore took her own life, that testimony was offered only to provide context for the actions that these witnesses took thereafter. You many not consider their state of mind testimony as evidence that Ms. Birchmore did or did not commit suicide. *See United States v. Iotova, No. 23-129-CR, 2024 WL 5198747, at *2 (2d Cir. Dec. 23, 2024)*, cert. denied, 145 S. Ct. 1948, 221 L. Ed. 2d 677 (2025).

**Caution as to Immunized Witness**

You have heard the testimony of Jason Pickard and William Farwell. Each testified under a grant of immunity. "Immunity" means that a witness's testimony may not be used against him in any subsequent criminal proceeding. However, if he testified untruthfully, he could be prosecuted for perjury or making a false statement, even though he was testifying under a grant of immunity.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of Jason Pickard and William Farwell with particular caution. Each may have had reason to make up stories or exaggerate what others did because he wanted to help himself. You must determine whether the testimony of such a witness has been affected by any interest in the outcome of this case, any prejudice for or against the defendant, or by any of the benefits he has received from the government as a result of being immunized from prosecution.

Dated: October 30, 2026

Respectfully submitted,

MATTHEW FARWELL,
By his attorneys,

*/s/ Joanne M. Daley*
Joanne M. Daley, BBO # 653375
Kimberly C. Stevens, NC State Bar # 20156
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061
Joanne_daley@fd.org

**CERTIFICATE OF SERVICE**

I, Joanne M. Daley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on October 30, 2026.

*/s/ Joanne M. Daley*
Joanne M. Daley