**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW FARWELL,<br><br>Defendant | CRIMINAL No. 24-10259-DJC |

**UNITED STATES' MOTION IN LIMINE TO EXCLUDE USE OF DEMONSTRATIVE AID AND PRECLUDE HEARSAY TESTIMONY**

The Court should exclude the PowerPoint that the defense indicated it intends to use with Dr. Noureddine because it contains undisclosed expert opinions and the tardy notice has deprived the government and Court of an opportunity to review in a meaningful way the material the defense intends to put before the jury.

The defense sent the government the attached 107-page PowerPoint at 8:44pm[1], on the eve of Dr. Noureddine testimony. Rule 16 expert notice disclosures requirements and the Court's scheduling orders are designed to enable the parties to vet the things the jury considers, regardless of the source of those materials. Given the substance and form of this 107-page presentation, the timing of its disclosure suggests an intent to prevent a thorough review of the information presented. Accordingly, the government moves to exclude the demonstrative with the exceptions delineated in the footnote below.

---

[1] A forty-five page illustrative aid was noticed for a prior expert, Dr. Heather Garvin, at 6:18pm the evening before her testimony. Had counsel for the prosecution not spent the overnight reading each slide and verifying the accompanying studies, misleading information could have been put before the jury in the form of a demonstrative aid.

The Government also specifically objects to slides 48-55, 88-92, 98-100, 103 as this is all hearsay. Dr. Noureddine did not perform any testing in the current case, merely reviewed the work of others and now wishes to offer his critique. He may not be permitted to critique or comment on evidence that is not properly before the jury because counsel elected not to question the witnesses with first-hand knowledge about the testing. Specifically, Counsel had the opportunity to question Forensic Scientist Duval about her work on the intimate swabs collected from Ms. Birchmore's evidence collection kit[2] but, having declined to do so, cannot now put in DNA results through their own expert. The Government specifically objects to slides 106-107 given that such results are hearsay. If the defendant wishes to discuss the specific results of the Bode testing, he must do so through a witness with firsthand knowledge. The defendant cannot call a witness to criticize, comment on, or report the work of others that has not already been admitted[3]. Therefore, the Government objects to the defense offering hearsay statements, through Dr. Noureddine on the topics contained in slides 48-55, 88-92, 98-100, 103, 106-107.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: *_/s/ Elizabeth Riley_*
TOREY B. CUMMINGS
ELIZABETH C. RILEY
BRIAN A. FOGERTY
Assistant United States Attorneys

---

[2] This kit was collected twenty-five days after Ms. Birchmore was autopsied.

[3] It is the government's position that slides 56-87 (with slides 70 and 78 requiring significant redactions) would be properly placed before the jury as would slides: 93-97; 101-102; 104-105.

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Elizabeth Riley*
Elizabeth C. Riley
Assistant United States Attorney

Date: November 2, 2026