**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Docket No. 1:24-cr-10259-DJC |
| v. | ) | |
| | ) | |
| MATTHEW FARWELL | ) | |

**DEFENDANT'S MOTION TO RECONSIDER THE COURT'S FRE 804(b)(6) RULING**

Matthew Farwell, by and through counsel, respectfully moves the Court to reconsider its decision to admit Rule 804(b)(6) statements by the decedent, and to preclude relevant statements by Ms. Birchmore under the same rule, when they should have been admitted under Fed. R. Evid. 106 and 803(c).

The Court's forfeiture by wrongdoing finding, based on a preponderance of the evidence, goes directly to the *central* and most heavily disputed question in this case. Yet, this Court found, by a preponderance of the evidence, that the defendant killed the decedent with an intent to silence her. That finding is what allowed admission of the government's hearsay statements by the decedent, which arguably made up the majority of the government's case-in-chief. In using the same provisional Fed. R. Evid. 804(b)(6) determination, even though provisional, to bar the defendant from *proving* he did *not* kill Ms. Birchmore is circular: it treats the *central contested element* of this case as pre-established by a lesser proof standard for purposes of deciding what the jury may hear about that central issue. In so doing, the Court violated the Defendant's "'constitutional right under the Fifth and Sixth Amendments to introduce evidence in their defense.'" *United States v. Coleman*, 149 F.4th 1, 34 (1st Cir. 2025), *cert. denied*, 146 S. Ct. 2792 (2026), *quoting United States v. Brandon*, 64 F.4th 1009, 1016 (8th Cir. 2023).

## RELEVANT BACKGROUND

Matthew Farwell is on trial facing two charges in connection with the death of Sandra Birchmore. The government has laid out its theory of the case in multiple pleadings which will not be repeated here. Pretrial, the government sought a ruling from the Court that would permit it to elicit numerous statements and text messages between the defendant and Ms. Birchmore under Fed R. Evid. 804(b)(6), and Ms. Birchmore and myriad other individuals. The Court conditionally admitted the statements. *See* D.E. 266. On October 28, the Court determined that, in its case-in-chief, the government had proven by a preponderance of evidence that the defendant killed Ms. Birchmore, and therefore these statements were admissible under the forfeiture by wrongdoing hearsay exception in Rule 804(b)(6). Consequently, numerous statements were admitted solely pursuant to that exception.

Pursuant to his Sixth Amendment right to "develop and present a defense," *see United States v. Mulinelli-Navas*, 111 F.3d 983, 992 (1st Cir. 1997), *as amended* (May 23, 1997) (collecting cases), Mr. Farwell sought on various grounds, including under Fed. R. Evid. 106 and 803(c), to admit statements by Ms. Birchmore that the government omitted and did not elicit through testimony. The Court declined to admit these statements, holding that their admission was precluded under its forfeiture by wrongdoing ruling. The defense now moves for reconsideration of that ruling.

## ARGUMENT

Fed. R. Evid. 804(b)(6) is a rule of admission that operates against the party who procured the declarant's unavailability. Neither the rule's text, the common-law doctrine it codifies, nor any Supreme Court or First Circuit decision converts it into a rule of exclusion directed at that party's own evidence. The text messages the defense sought to admit remain

subject to ordinary hearsay and relevance analysis, and Fed. R. Evid. 106, as amended, independently requires admission of completing statements. Fed. R. Evid. 804(b)(6) does not state that forfeiture by wrongdoing is a basis for exclusion. Exclusion on that ground implicates the right to present a complete defense under the Sixth Amendment. *See Holmes v. South Carolina*, 547 U.S. 319 (2006); *Chambers v. Mississippi*, 410 U.S. 284 (1973).

Fed. R. Evid. 804(b)(6) is a freestanding hearsay exception and does not require the proponent to satisfy any other exception. Because the Confrontation Clause does not reach non-testimonial statements, the hearsay rule is the only barrier, and Fed. R. Evid. 804(b)(6) removes it if the government proves wrongdoing, intent to procure unavailability, and causation by a preponderance. *See United States v. Houlihan*, 92 F.3d 1271, 1279–81 (1st Cir. 1996). The rule contains no reliability requirement. The defense's objections go to the intent finding, relevance under Fed. R. Evid. 401, Fed. R. Evid. 403, 806, and 106.

## I. Forfeiture By Wrongdoing Cannot Be Used to Exclude Defense-Offered Statements

### A. Rule 804(b)(6) runs in one direction.

Fed. R. Evid. 804(b)(6) admits "a statement offered *against* a party that wrongfully caused . . . the declarant's unavailability." *Id.* (emphasis added). The operative phrase is "offered against." *Id.* A statement offered by the defense is not offered against the defense and the party found to have caused the unavailability. The Advisory Committee's Note framed Fed. R. Evid. 804(b)(6) as a forfeiture of the wrongdoer's hearsay *objection*; it imposes a consequence on the wrongdoer, not a disability on the wrongdoer's evidence. Thus, a court's ruling that forfeiture bars the defense from offering the decedent's statements reads a non-existent prohibition into a rule that contains only a permission.

The constitutional forfeiture doctrine has the same effect. The Supreme Court has

described forfeiture as extinguishing confrontation claims on equitable grounds. *See Crawford v. Washington*, 541 U.S. 36, 62 (2004); *Davis v. Washington*, 547 U.S. 813, 833 (2006). Yet, the Confrontation Clause belongs solely to the defendant in a criminal trial. The government does not hold the defendant's confrontation right and does not determine whether or not it could be forfeited, thus the doctrine has no application to defense-offered evidence.

The major U.S. Supreme Court case discussing the forfeiture doctrine in depth is *Giles v. California*, 554 U.S. 353 (2008). *Giles* grounded the doctrine in equity and history, tracing it from the founding forward, and found no case before 1985 that applied forfeiture outside the context of conduct designed to prevent a witness from testifying. The entire discussion concerns what the *prosecution* may introduce, *not* what the defense is precluded from introducing. No historical strand of the forfeiture doctrine suppresses the accused's exculpatory or rebuttal evidence as a penalty for the alleged wrongdoing found by a mere preponderance of the evidence. Thus, the trial court's ruling is a new sanction on the defendant with no equitable or historical basis—the very kind of expansion *Giles* refused to permit.

Here, the Court's ruling to exclude the defense proposed evidence and testimony rested partially on *United States v. Houlihan*, 92 F.3d 1271 (1st Cir. 1996), a pre-*Giles* case. In *Houlihan*, the court held that defendants waived their confrontation and hearsay objections by killing the witness, that the government bears a preponderance burden, and that it suffices if the defendant was motivated in part by a desire to silence the witness. *Id.* at 1279–80. The framing throughout *Houlihan* is waiver by the defendant of the defendant's own objections. Nothing in *Houlihan*, or in any later First Circuit forfeiture decision located suggests that the forfeiture doctrine strips the defendant of the ability to offer the declarant's statements in his/her/their cross-examination or case-in-chief.

**B. The Defendant has a Sixth Amendment right to present relevant evidence.**

Not only is the forfeiture doctrine an evidentiary rule which is inapplicable to what Mr. Farwell wishes to elicit in cross-examination or his case-in-chief, its application deprives him of his Sixth Amendment right to mount a defense. A criminal defendant's constitutional right to a meaningful opportunity to present a complete defense is abridged by evidence rules that (1) infringe upon a weighty interest of the accused, or (2) are arbitrary or disproportionate to the purposes that such rules are designed to serve. *See United States v. Scheffer*, 523 U.S. 303, 308 (1998). The Constitution thus prohibits the exclusion of defense evidence under rules that (1) serve no legitimate purpose, or (2) are disproportionate to the ends that such rules are asserted to promote. *See Holmes v. South Carolina*, 547 U.S. 319, 324-326. (2006). A hearsay rule may not be applied mechanistically to defeat the ends of justice where the excluded statements bear assurances of trustworthiness and are critical to the defense. *See Chambers v. Mississippi*, 410 U.S. 284 (1973). Here, a preliminary finding of guilt, using a standard of proof significantly lower than the constitutionally required "beyond a reasonable doubt" dictated exclusion of defense evidence. That is not permissible under *Holmes* and *Chambers.*

Moreover, Fed. R. Evid. 106 clearly permits the defense to introduce texts that form part of and complete the exchanges the government introduced. As amended in 2023, Fed. R. Evid. 106 provides that when fairness requires completion, the completing statement is admissible over a hearsay objection. The Committee Note further explained that the rule cannot perform its function if the party that creates a misimpression about a statement's meaning can then invoke the hearsay rule to exclude the completing statement.

Fed. R. Evid. 806 also permits the introduction of hearsay statements by Ms. Birchmore. Because the government has introduced the decedent's hearsay, the defense may attack her credibility as a declarant with any evidence that would be admissible had she testified, including

her inconsistent statements, which need not satisfy a hearsay exception when offered for that purpose. *See*, *id.* Indeed, as this Court has repeatedly noted, credibility is always fair game,

## CONCLUSION

This Court may not use the forfeiture by wrongdoing hearsay exception to exclude statements the defense offers. The government has not presented any authority to the court that Fed. R. Evid. 804 abrogates other hearsay exceptions or the rule of completeness. Nor is there any authority that stands for the proposition that Fed. R. Evid. 804(b)(6), a hearsay rule, can be used to deprive the defendant of his constitutional right to present a defense under the Sixth Amendment. In fact, the rule may not be used to do so. Accordingly, the Court must reverse its prior holding.

Dated: November 3, 2026

Respectfully submitted,

MATTHEW FARWELL,
By his attorneys,

*/s/ Joanne M. Daley*

Joanne M. Daley, BBO # 653375
Kimberly C. Stevens, NC State Bar # 20156
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061
Joanne_daley@fd.org

**CERTIFICATE OF SERVICE**

I, Joanne M. Daley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on November 3, 2026.

*/s/ Joanne M. Daley*
Joanne M. Daley